IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

**MOHAN PAULIAH, PH.D**
**PLAINTIFF**

**VERSUS**                                                              **CIVIL ACTION NO. 23-cv-00628-AHW**

**UNIVERSITY OF MISSISSIPPI MEDICAL CENTER,**
**MISSISSIPPI BOARD OF TRUSTEES**
**OF STATE INSTITUTIONS OF HIGHER LEARNING,**
**RICHARD DUSZAK, M.D., AND**
**LOUANN WOODWARD, M.D**                                                **DEFENDANTS**

## FIRST AMENDED COMPLAINT

Comes now the Plaintiff, Mohan Pauliah, Ph.D, by and through his undersigned counsel, and files this First Amended Complaint against the Defendants, University of Mississippi Medical Center, Mississippi Board of Trustees of State Institutions of Higher Learning, Richard Duszak, M.D., and Louann Woodward, M.D., and alleges the following:

**A.    PARTIES**

1.    The Plaintiff, Mohan Pauliah, PhD, (Plaintiff or Pauliah) is a resident of Madison County, Mississippi.

2.     Defendant University of Mississippi Medical Center (UMMC) is an agency of the State of Mississippi located at 2500 N State St, Jackson, MS 39216. This defendant may be served with process by service on Lynn Fitch, Attorney General, 550 High Street, Suite 1200, Jackson, MS 39201.

3.      Defendant Mississippi Board of Trustees of State Institutions of Higher Learning (IHL) is an agency of the State of Mississippi located at 3825 Ridgewood Road, Jackson, MS 39211, and created pursuant to Miss. Const. Art. VIII, Section 213-A. This defendant may be served with process by service on Lynn Fitch, Attorney General, 550 High Street, Suite 1200, Jackson, MS 39201.

4.      Defendant Richard Duszak, M.D., is a Professor and Chair of the Department of Radiology in the School of Medicine at UMMC. This defendant may be served with process by service on Lynn Fitch, Attorney General, 550 High Street, Suite 1200, Jackson, MS 39201. He is sued individually and in his official capacity. For purposes of the violations of federal civil rights laws alleged in this complaint, this Defendant was acting under color of state law. For purposes of any Eleventh Amendment Immunity that may be asserted defensively by the Defendants, the Plaintiff is seeking individual and personal liability for damages against this defendant.

5.      Defendant LouAnn Woodward, M.D is Vice Chancellor for Health Affairs, Dean of The School of Medicine at UMMC. She is sued in her official capacity only to effectuate the injunctive remedy of reinstatement of employment and any other similar equitable relief. This defendant may be served with process by service on Lynn Fitch, Attorney General, 550 High Street, Suite 1200, Jackson, MS 39201. For purposes of the violations of federal civil rights laws alleged in this complaint, this Defendant was acting under color of state law.

B.      **JURISDICTION AND VENUE**

6.      This Court has subject matter jurisdiction over this civil action pursuant to Miss. Code § 9-7-81 and Mississippi Constitution Article 6, § 156 because the principal of the amount in controversy exceeds two hundred dollars, and because the causes, matters and things alleged in

**Exhibit 2**

this complaint are not exclusively cognizable in some other court. This court has concurrent jurisdiction over the Plaintiff's federal civil rights claims asserted herein under 42 U.S.C. §1981 and 42 U.S.C. §1983 and which may be asserted through amendment of the complaint under Title VII of the Civil Rights Act of 1964 (Title VII) the Age Discrimination in Employment Act (ADEA).

7.  Proper written notice of intention to file this action has been provided to Defendants UMMC and IHL via personal service and certified mail, pursuant to the Miss. Code Ann. §15-1-36 (15) (the Mississippi Tort Claims Act).

8.  Venue properly lies in this judicial district pursuant to Miss. Code Ann.§ 11-11-3 because Defendants UMMC and IHL have their principal offices here and a substantial alleged act or omission occurred here.

9.  Venue also lies in this judicial district pursuant to Miss. Code § 11-46-13(2) (the Mississippi Tort Claims Act) because the act, omission, or event on which the liability phase of the action is based, occurred or took place here.

C.  **FACTS**

10. On December 13, 2021, the Plaintiff commenced working as a member of the faculty at the School of Medicine of the University of Mississippi Medical Center in Jackson, Mississippi, where he was an Assistant Professor of Radiology in the Department of Radiology and, later, at the MIND (Memory Impairment and Neurodegenerative Dementia) Center.

11. The Plaintiff's salary was $165,000 annually. As it was generally explained to him, $70,000 of his $165,000 annual salary was covered by IHL as an Assistant Professor of

Radiology. The distribution of the CP's responsibilities was as follows: 40% Clinical, 40% Research, and 20% Education.

12. The Plaintiff's job position at UMMC was "tenure track," which contemplated a six-year term or expectancy of employment.

13. Under the terms of the Recruitment Agreement that the Plaintiff executed upon accepting his job, UMMC expressly committed to provide the Plaintiff three (3) years of continuous employment.

14. The Plaintiff has a Ph.D. degree in Computer Science (specializing in Magnetic Resonance (MR) Physics and Medical Image processing).

15. Prior to his faculty appointment at UMMC, the Plaintiff was a Research Associate - Medical Physicist at the Department of Radiation Oncology, Northwestern Memorial Hospital, Northwestern University, Chicago, Illinois. Prior to his appointment at Northwest University, he was a Senior Research Scientist –Medical Physicist at Memorial Sloan-Kettering Cancer Center, New York, New York.

16. The Plaintiff is a patented co-inventor of MRI and Imaging technology ("Systems method and apparatus for multichannel imaging of fluorescent sources in real-time") ("Imaging systems and methods for Particle Driven Knowledge-Based and Predictive Cancer Radiogenomics").

17. The Plaintiff has been an applicant and recipient of numerous research grants and related Imaging Technologies.

18. The Plaintiff is a 52-year-old male who is of Indian nationality and Tamil ethnicity. He is a permanent United States resident (Green Card). The Plaintiff resides in Madison County, MS

with his wife, a postdoctoral fellow physician scientist at UMMC, and their eleven-year-old son. The Plaintiff and his wife were raised in Christian families and are attending Pear Orchard Presbyterian Church, Ridgeland, Mississippi. Their son attends Germantown Middle School, a public school in Madison County.

19. Beginning in June 2021, the Plaintiff was recruited by UMMC to join the Radiology Department as an Assistant Professor of Radiology. The Plaintiff's proposed role would be taking key initiatives to establish Precision Hybrid Imaging and Informatics leveraging Artificial Intelligence (AI); Magnetic Resonance (MR) Quality Assurance and Quality Control (QA/QC) and Safety programs; translational multimodal imaging research (MRI/PET/US/OI) and enhancing clinical workflow and protocol optimization.

20. It was understood that the Plaintiff would be working in the research laboratory with Associate Radiology Professor Candace M. Howard-Claudio, M.D., Ph.D., Vice Chair & Director of Radiology Research and Director of the Biomedical Imaging Doctoral Program.

21. The Plaintiff thought the position at UMMC would be an excellent fit for his overall academic and innovative achievements and would be an ideal match for his credentials and experiences in health care settings.

22. In September 2021, Dr. Howard- Claudio invited the Plaintiff to interview in person at UMMC. He met with the faculty and residents and toured the facilities, and prepared a 45-minute MR physics lecture that he delivered to faculty and radiology residents.

23. As noted, the Plaintiff's position was tenure track and, with that designation, he was assured job security and academic freedom. Tenure track creates an expectancy of permanent employment once tenure is obtained by the sixth year of employment.

**Exhibit 2**

24. The Plaintiff was recruited by UMMC to help develop national recognition for the Radiology Department.

25. The Plaintiff was hired in November 2021, through a letter of intent issued by Edward Green, M.D., Chairman of the Radiology Department on October 20, 2021.

26. Upon the Plaintiff's initial arrival in Mississippi in 2021, Dr. Green and Dr. Howard welcomed the Plaintiff with open arms. The Plaintiff enthusiastically embraced their employment offer, inspired by their statement: "We are excited about the potential of your leadership and have complete confidence that you will make a substantial contribution to the growth of a nationally renowned department at UMMC School of Medicine." The surroundings at work and in the Jackson and Madison area were reminiscent of his hometown, and the local church, the public schools and the UMMC School of Medicine resonated with the Plaintiff. During his time at UMMC, Dr. Green and the Plaintiff formed a strong bond, sharing daily inspirational biblical verses but also injecting moments of laughter into their interactions. The Plaintiff considered Dr. Green an extraordinary individual, and he offered his prayers when he learned of the Plaintiff's termination of employment on October 28, 2022.

27. Plaintiff and his wife each had career employment opportunities at Virginia Commonwealth University (VCU), but moved to Jackson from Richmond, VA in reliance on assurances from Dr. Green that the Plaintiff would serve in a prominent faculty and research position at UMMC for a period of several years.

28. Dr. Duszak became Chairman of the Radiology Department on July 1, 2022. Shortly after his arrival in July 2022, Dr. Duszak made the following comments to the Plaintiff: "How about sending you back to India," and "I will google a job for you."

**Exhibit 2**

29.     On October 28, 2022, Dr. Duszak issued a letter to the Plaintiff stating that his position as a Radiology Professor would end, seven months later, effective June 30, 2023 and, moreover, that his "role as a Physicist and the component of salary associated with it is being removed…. [e]ffective immediately…" and that his salary was being reduced to $70,000 from $165,000.

30.     On that same day, the Plaintiff met Dr. Duszak, along with Molly Brasfield, UMMC Chief of Human Resources, and Dr. Howard, to discuss the immediate termination of the Plaintiff's Physicist position and termination of his professorship effective June 30, 2023. During this meeting, it was made clear to the Plaintiff that Dr. Duszak's termination decision was <u>not</u> because of any work performance issues of the Plaintiff, but instead were due to a new "business model" for the Department adopted by Dr. Duszak. On subsequent occasions, Ms. Brasfield told the Plaintiff that Dr. Duszak's decision regarding his termination was because of the new business model.

31.     Two weeks later, on December 14, 2022, Dr. Duszak issued a memorandum, wherein he reinstated Plaintiff to the Physicist position, reinstated the ' Plaintiff s $165,000 salary, and assigned the CP to a research role at the UMMC MIND Center. https://www.umc.edu/mindcenter/MIND-CENTER-Home-page.html  Dr. Duszak's December 14, 2022 memorandum encouraged the Plaintiff to seek other faculty and staff positions at UMMC as an internal applicant. The Plaintiff believes that Dr. Duszak was compelled to reinstate the Plaintiff after receiving objections by persons in the Radiology Department and UMMC administration regarding his abrupt decision to terminate the Plaintiff.

D.      CAUSES OF ACTION
        COUNT I:     BREACH OF CONTRACT

32. The Plaintiff re-alleges and incorporates all averments set forth in Paragraphs 1 through 31 above as though specifically set forth herein.

33. There existed a valid, binding and enforceable contract between the Plaintiff and UMMC and IHL.

34. The Plaintiff fully performed under the terms of the contract.

35. The Defendants breached the aforesaid contract by terminating his employment and by transferring him to the MIND center prior to his termination.

36. The Plaintiff sustained damages as a direct result of the Defendants' breach of contract.

## COUNT II: PROMISSORY ESTOPPEL/DETRIMENTAL RELIANCE

37. The Plaintiff re-alleges and incorporates all averments set forth in Paragraphs 1 through 31 above as though specifically set forth herein.

38. UMMC made a clear, unambiguous promise that the Plaintiff would serve in a prominent faculty and research position at UMMC for a period of several years.

39. The Plaintiff relied upon the promise or promises made to him.

40. The Plaintiff's reliance was reasonable and foreseeable; and

41. The Plaintiff was injured and suffered damages because of his reliance on the promise or promises of UMMC.

## COUNT III: TORTIOUS INTERFERENCE WITH EMPLOYMENT

42. The Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 31 above as if fully incorporated herein.

43. The Plaintiff had an employment relationship with Defendant UMMC, and Richard Duszak, a third party, was aware of Plaintiff's employment relationship with UMMC.

44. Defendant Richard Duszak's actions were malicious, without justification, and with the intent to cause the Plaintiff professional and personal injury by tortiously interfering in Plaintiff's employment relationship with UMMC. Defendant Richard Duszak's actions resulted in the termination of the Plaintiff's employment.

45. The Plaintiff sustained damages as a direct result of Defendant Richard Duszak's tortious interference with his employment, and which caused his termination of employment.

**COUNT IV: 42 U.S.C. §1981 – RACE DISCRIMINATION**

46. The Plaintiff re-alleges and incorporates all averments set forth through Paragraphs 1 through 31 above as though specifically set forth herein.

47. The Plaintiff has been discriminated against in the terms and conditions of his employment because of his Indian and Tamil race. The Plaintiff was terminated from his job by the Defendants because of his race and was replaced with a younger white male. Defendant Richard Duszak, who was the Chairman of the UMMC Radiology Department, was the decisionmaker regarding the Plaintiff's racially discriminatory termination and replacement with a younger white male, and is therefore individually liable under 42 U.S.C. §1981.

48. The Plaintiff has suffered an adverse employment action as a result of the Defendant's discriminatory treatment of Plaintiff, and has suffered damages.

49. The acts of Defendant Richard Duszak constitute a willful and intentional violation of 42 U.S.C. § 1981 and constitute unlawful race discrimination under the statute.

**COUNT IV: 42 U.S.C. §1983 – RACE/ NATIONALITY DISCRIMINATION**

**Exhibit 2**

50. Plaintiff re-alleges and incorporates all averments set forth through Paragraphs 1 through 31 above as though specifically set forth herein.

51. Plaintiff has been discriminated against in the terms and conditions of his employment because of his Indian nationality and Indian and Tamil race, in violation of his right to equal protection under the Fourteenth Amendment to the United States Constitution. The Plaintiff was terminated from his job by the Defendants because of his race, nationality and age, and was replaced with a younger white male. Defendant Richard Duszak, who was the Chairman of the UMMC Radiology Department, was the decisionmaker regarding the Plaintiff's racially discriminatory termination and replacement with a younger white male, and is therefore individually liable under 42 U.S.C. §1983.

52. Plaintiff has suffered an adverse employment action as a result of the Defendant's discriminatory treatment of Plaintiff, and has suffered damages.

53. The acts of Defendant Richard Duszak constitute a willful and intentional violation of his right to equal protection under the Fourteenth Amendment, entitling him to damages and other relief under 42 U.S.C. § 1983, and further constitute unlawful discrimination based on race, color, national origin and nationality.

E.   **OTHER CLAIMS**

54. The Plaintiff has filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC) alleging race, color, and national origin discrimination under Title VII of the Civil Rights Act of 1964 (Title VII) and age discrimination under the Age Discrimination in Employment Act (ADEA), in connection with his wrongful termination. When

the administrative procedures with the EEOC are exhausted and the agency issues its "Right to Sue" notice, the Plaintiff will amend or seek to amend his complaint to allege additional claims under Title VII and the ADEA.

**D.     REMEDIES**

Plaintiff seeks all remedies available, including but not limited to the following:

a.     A final judgment declaring that the actions of the Defendants described herein violate the law as alleged;

b.     Reinstatement to a tenured track faculty position at UMMC as an Assistant Professor of Radiology and MRI Physicist or future wages (front pay) in lieu of reinstatement;

c.     Back wages;

d.     An injunction curing the violations alleged herein, and prohibiting any future similar violations;

e.     Any other equitable relief as the court deems appropriate.

f.     Compensatory damages for emotional distress and any other non-pecuniary harms flowing from the actions alleged herein;

g.     Consequential damages and any other pecuniary harms flowing from the unlawful acts complained of herein;

h.     Punitive damages against any Defendant not immune therefrom, commensurate with the

**Exhibit 2**

misconduct and necessary to deter violations of the law;

i. Notice given to all employees regarding the violations found by this court, and notifying such employees of the order entered proscribing any future similar violations;

j. Pre- and post-judgment interest;

k. Attorney fees;

l. Costs; and

m. Any other relief available under any applicable principle in law or equity.

Respectfully submitted on October 29, 2023.

**MOHAN PAULIAH, PH.D, PLAINTIFF**

*/s/* Samuel L. Begley
**SAMUEL L. BEGLEY, ESQ.**
Miss. Bar No. 2315
BEGLEY LAW FIRM, PLLC
P. O. Box 287
Jackson, MS 39205
Tel: 601-969-5545
begleylaw@gmail.com
*Attorney for the Plaintiff*

**Exhibit 2**

## CERTIFICATE OF SERVICE

I certify that on this day that I electronically filed the foregoing First Amended Complaint with the Clerk of the Court using the MEC system which will send notification of such filing to all counsel of record. I am also serving this First Amended Complaint with the summonses issued by the clerk when the original complaint was filed.

This the 29th day of October, 2023.

/s/ *Samuel L. Begley*
Samuel L. Begley

**Exhibit 2**