**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**MOHAN PAULIAH, PH.D.**                                                            **PLAINTIFF**

**vs.**                                                         **CASE NO: 3:23-cv-3113-CWR-FKB**

**UNIVERSITY OF MISSISSIPPI MEDICAL CENTER,**
**MISSISSIPPI BOARD OF TRUSTEES OF STATE INSTITUTIONS**
**OF HIGHER LEARNING, RICHARD DUSZAK, M.D., AND**
**LOUANN WOODWARD, M.D.**                            **DEFENDANTS**

**MEMORANDUM IN SUPPORT OF PARTIAL MOTION TO DISMISS**

Defendants University of Mississippi Medical Center (UMMC), Mississippi Board of Trustees of State Institutions of Higher Learning (IHL), Richard Duszak, M.D., and LouAnn Woodward, M.D. (collectively Defendants), by and through counsel, file this Memorandum in Support of Partial Motion to Dismiss [ECF No. 5] for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support, Defendants state as follows:

**I. BACKGROUND**

This is an employment dispute where Plaintiff, a former employee of UMMC, asserts the following causes of action in his First Amended Complaint against Defendants based upon the non-renewal of his employment agreement and the events leading up to it:

Count I – Breach of contract against all Defendants;

Count II – Promissory estoppel/detrimental reliance against UMMC;

Count III – Tortious interference with employment against Dr. Duszak;

Count IV – 42 U.S.C. §1981 race discrimination against Dr. Duszak; and,

Count V – 42 U.S.C. §1983 race/nationality discrimination against Dr. Duszak.

1

ECF No. 1-2.¹

On November 30, 2023, Defendants removed this action based on the First Amended Complaint alleging federal causes of action, including under §1981 and §1983, and allegedly forthcoming claims under Title VII. ECF No. 1. Now, Defendants move for dismissal of the state law claims against UMMC and IHL and the Employee-Defendants in their official capacities based upon Eleventh Amendment immunity; dismissal of the breach of contract claim against Dr. Duszak in his individual capacity because he was not a party to the contract; and, dismissal of the federal statutory claims against Dr. Duszak in his official capacity based upon Eleventh Amendment immunity.

## II. LEGAL STANDARD

An exhaustive overview of the Rule 12(b)(6) standard is not necessary, as this Court knows it well. The Federal Rules of Civil Procedure authorize dismissal of an action that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion, while the Court must accept all factual allegations as true, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. PLAINTIFF'S STATE LAW CLAIMS AND OFFICIAL CAPACITY CLAIMS MUST BE DISMISSED.

The Eleventh Amendment expressly establishes that the "Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. As this Court has explained, "the 'Eleventh Amendment

---

¹ Plaintiff's First Amended Complaint labels the §1983 cause of action as "Count IV." Defendants have renumbered them here for sequential order.

bars citizens of a state from suing their own state or another state in federal court, unless the state has waived its sovereign immunity or Congress has expressly abrogated it.'" *Paige v. Mississippi Dep't of Mental Health*, No. 3:21-CV-618-CWR-FKB, 2022 WL 3206158, at *1 (S.D. Miss. Aug. 8, 2022) (quoting *Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013)).

Undisputedly, UMMC is an arm of the State of Mississippi and is entitled to immunity under the Eleventh Amendment unless there has been an express abrogation by Congress or waiver or consent to suit by the State. *McGarry v. Univ. of Miss. Med. Ctr.*, 355 Fed. Appx. 853, 856 (5th Cir. 2009); *Moore v. Univ. Mississippi Med. Ctr.*, 719 F. App'x 381 (5th Cir. 2018); *Shanshan Zhan v. Univ. of Mississippi Med. Ctr.*, No. 3:14-CV-777-CWR, 2015 WL 6511560, at *3 (S.D. Miss. Oct. 28, 2015) ("Absent voluntary waiver, an arm of the state, such as UMMC, is immune from suit in federal court."). Mississippi's Eleventh Amendment immunity also extends to suits against employees of UMMC in their official capacity. *Kermode v. Univ. of Miss. Med. Ctr.*, 496 F. App'x 483, 488 (5th Cir. 2012) (Eleventh Amendment immunity "extends to both [UMMC] itself and to its faculty administrators sued in their official capacities."). Dr. Woodward is being sued only in her official capacity; Dr. Duszak is being sued in both his individual and official capacities. ECF No.1-2 at pg. 2.

There has been no abrogation of the Eleventh Amendment in the claims alleged in this action, nor has there been any waiver by the state of Mississippi of its Eleventh Amendment immunity. As such, Plaintiff's claims must be dismissed in whole or in part based upon the Eleventh Amendment. These claims include the following, and are discussed further below:

1. Plaintiff's state law claim for breach of contract against all Defendants must be dismissed as to UMMC and IHL and Drs. Duszak and Woodward in their official capacities and to Dr. Duszak in his individual capacity as he is not a party to the contract;
2. Plaintiff's state law claim for promissory estoppel/detrimental reliance against UMMC must be dismissed;

3

3. Plaintiff's state law claim for tortious interference with employment against Dr. Duszak must be dismissed as to Dr. Duszak in his official capacity;
4. Plaintiff's federal §1981 race discrimination claim for money damages, retrospective relief and punitive damages against Dr. Duszak must be dismissed as to Dr. Duszak in his official capacity;
5. Plaintiff's federal §1983 race/nationality discrimination claim for money damages, retrospective relief and punitive damages against Dr. Duszak must be dismissed as to Dr. Duszak in his official capacity.

### A.     Plaintiff's Breach of Contract Claim Fails.

The first count of Plaintiff's First Amended Complaint is a breach of contract claim pled against all Defendants, including UMMC, IHL, Dr. Woodward in her official capacity, and Dr. Duszak in his official and individual capacity. ECF No. 1-2 at pg. 8.

First, there has been no waiver of the Eleventh Amendment in regard to state law claims in Mississippi. *See Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 594 (5th Cir. 2006) (the Mississippi Tort Claims Act "preserves all immunities granted by the Eleventh Amendment of the United States Constitution.") (citing Miss. Code § 11-46-5(4)); *Carpenter v. Mississippi Valley State Univ.*, 807 F. Supp. 2d 570 (N.D. Miss. 2011) (Eleventh Amendment bars adjudication of pendent state law claims against non-consenting state defendants in federal court). Second, there has been no abrogation of that same immunity. Further, the third and only remaining available defense against Eleventh Amendment immunity, the *Ex Parte Young* doctrine, does not apply to state law claims. *McKinley v. Abbott*, 643 F.3d 403, 406 (5th Cir. 2011); *Jones v. Tyson Foods, Inc.*, 971 F. Supp. 2d 671, 680 (N.D. Miss. 2013) ("since state law claims do not implicate federal rights or federal supremacy concerns, the *Ex parte Young* exception does not apply to state law claims brought against the state" and thus such claims are barred against state officials in their official capacities, as suits against the state itself.").

More specifically, the Fifth Circuit has explicitly held that breach of contract claims against the state and its employees in their official capacity may not proceed under the Eleventh

Amendment. *Moore v. Univ. of Miss. Med. Ctr.*, 719 F. App'x 381, 388 (5th Cir. 2018) ("[w]hile Mississippi has waived its state sovereign immunity to suit in state court for breach of contract, there is no unequivocal statement of its intent to also waive its Eleventh Amendment immunity to suit in federal court.") (citations omitted). As such, Plaintiff's state law breach of contract claim must be dismissed as to UMMC, IHL, and Drs. Woodward and Duszak in their official capacities.

Additionally, the breach of contract claim must be dismissed against Dr. Duszak in his individual capacity. Plaintiff's contract for employment at UMMC was between the IHL and Plaintiff. As Plaintiff's First Amended Complaint alleges, "[t]here existed a valid, binding and enforceable contract between the Plaintiff and UMMC and IHL." ECF No.1-2 at pg. 8. According to Plaintiff's own allegation, Dr. Duszak was not a party to the contract.

In Mississippi, "a plaintiff asserting any breach-of-contract claim has the burden to prove, 'by a preponderance of the evidence: 1. the existence of a valid and binding contract; and 2. that the defendant has broken, or breached it; and 3. that he has been thereby damaged monetarily.'" *Powers v. MCC Transp. Co.*, No. 3:12-CV-297-CWR-LRA, 2012 WL 4052077, at *3 (S.D. Miss. Sept. 13, 2012) (quoting *Business Communications, Inc. v. Banks*, 90 So.3d 1221, 1224–25 (Miss. 2012)). Here, there is no binding contract between Dr. Duszak and Plaintiff. "In order to maintain an action to enforce a breach of contract or to recover damages growing out of a breach, a relationship of privity of contract must exist between the party damaged and the party sought to be held liable for the breach." *Saucier v. Coldwell Banker J.M.E. Realty*, 644 F.Supp.2d 769, 780 (S.D. Miss. 2007) (quoting *Allgood v. Bradford,* 473 So.2d 402, 415 (Miss. 1985)). Therefore, such a claim against Dr. Duszak personally cannot succeed as a matter of law and must be dismissed.

In sum, because of the Eleventh Amendment and the lack of contractual privity between Plaintiff and Dr. Duszak, the breach of contract claim must be dismissed in its entirety.

### B. Plaintiff's Promissory Estoppel/Detrimental Reliance Claim Fails.

The second count of Plaintiff's First Amended Complaint is a promissory estoppel/detrimental reliance claim against UMMC. ECF No. 1-2 at pg. 8.[2] For the same reasons as the ones noted above, there has been no abrogation or waiver of Eleventh Amendment immunity in regard to a state law claim of promissory estoppel and/or detrimental reliance in federal court and *Ex Parte Young* is inapplicable. *See* Miss. Code §§ 11–46–3(1), 11–46–5(4) (Mississippi Tort Claims Act expressly preserving State's Eleventh Amendment immunity on claims brought in federal court); *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 594 (5th Cir. 2006) (the Mississippi Tort Claims Act "preserves all immunities granted by the Eleventh Amendment of the United States Constitution."). As such, this claim against UMMC must be dismissed in its entirety.

### C. Plaintiff's Tortious Interferences Claim Fails.

Plaintiff's third cause of action is a tortious interference with employment claim alleged against Dr. Duszak. ECF No.1-2 at pg. 8. Again, there has been no abrogation or waiver of the Eleventh Amendment regarding a state law tortious interference claim and *Ex Parte Young* is inapplicable. *See Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 594 (5th Cir. 2006) (the Mississippi Tort Claims Act "preserves all immunities granted by the Eleventh Amendment of the United States Constitution.") (citing Miss. Code § 11-46-5(4)); *Carpenter v. Mississippi Valley State Univ.*, 807 F. Supp. 2d 570 (N.D. Miss. 2011) (Eleventh Amendment bars adjudication of pendent state law claims against non-consenting state defendants in federal court). This immunity extends to Dr. Duszak as an employee of UMMC. *Kermode v. Univ. of Miss. Med. Ctr.,* 496 F. App'x 483,

---

[2] In the event Plaintiff alleges that such a claim has been pled against other Defendants, it should be dismissed against the IHL and the Drs. Woodward and Duszak in their official capacities for the same reasons it should be dismissed against UMMC. This same reasoning holds true for all of Plaintiff's state law claims.

488 (5th Cir. 2012) (Eleventh Amendment immunity "extends to both [UMMC] itself and to its faculty administrators sued in their official capacities."). As such, the tortious interference claim against him in his official capacity must be dismissed.

> D. **Plaintiff's Federal Claims for Damages Against Dr. Duszak In his Official Capacity Fail.**

The fourth and fifth causes of action alleged by Plaintiff in his First Amended Complaint are federal causes of action under 42 U.S.C. §§ 1981 and 1983 for race and nationality discrimination against Dr. Duszak in his official capacity. ECF No.1-2 at pgs. 8-9. For relief, Plaintiff alleges various monetary damages, including back wages, compensatory damages, punitive damages and front pay. In particular, Plaintiff alleges that his §1983 claim entitles him to damages. ECF No. 1-2 at pg. 10.

Undisputedly, there has been no waiver or abrogation of Plaintiff's §1981 or §1983 claims. *Moore v. Univ. of Miss. Med. Ctr.*, 719 F. App'x 381, 388 (5th Cir. 2018) ("Section 1981 does not waive a state's Eleventh Amendment immunity"); *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015) ("§ 1983 does not abrogate state sovereign immunity."). In addition to abrogation and waiver, the final exception to Eleventh Amendment immunity is the *Ex Parte Young* doctrine which allows a "plaintiff may proceed against a state official so long as the former 'alleges an ongoing violation of federal law' and 'seeks relief properly characterized as prospective.'" *Nabers v. Morgan*, No. 3:09-CV-00070, 2011 WL 359069, at *6 (S.D. Miss. Feb. 2, 2011) (quoting *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)). Simply stated, the only claim that may survive Eleventh Amendment immunity is for prospective injunctive relief. Accordingly, Plaintiff's claims against Dr. Duszak for money damages, retrospective relief and punitive damages are all barred as a matter of law. *Jones v. Texas Juv. Just. Dep't,* 646 F. App'x 374, 376–77 (5th Cir. 2016) ("The Eleventh Amendment bars [Plaintiff] from

recovering back pay, front pay, or other monetary relief."); *Webster v. Bd. of Supervisors of Univ. of Louisiana Sys.*, No. CIV.A. 13-6613, 2015 WL 4459211, at *8 (E.D. La. July 21, 2015) (collecting cases holding that prospective relief for front pay is barred by Eleventh Amendment).

Therefore, any claims for monetary damages, retrospective relief and punitive damages, or any other form of damages except prospective injunctive relief based onSections 1981 or 1983 are barred and must be dismissed against Dr. Duszak in his official capacity based upon the Eleventh Amendment. *Lester v. Banks*, No. 1:16-CV-74-JCG, 2017 WL 1197827, at *4 (S.D. Miss. Mar. 31, 2017) ("Thus, to the extent that Plaintiff seeks monetary damages against Defendants in their official capacities, these claims are barred by sovereign immunity.").

## IV.   CONCLUSION

Based upon the foregoing, Defendants respectfully move this Court for an Order:

1. Dismissing Plaintiff's breach of contract claim (Count I) against all Defendants in its entirety because of the Eleventh Amendment and because Dr. Duszak and Plaintiff are not in privity of contract;
2. Dismissing Plaintiff's promissory estoppel/detrimental reliance claim (Count II) against UMMC in its entirety because of the Eleventh Amendment;
3. Dismissing Plaintiff's tortious interference with employment claim (Count III) against Dr. Duszak in his official capacity because of the Eleventh Amendment;
4. Dismissing Plaintiff's 42 U.S.C. §§ 1981 and 1983 claims  (Count IV and V) against Dr. Duszak in his official capacity for money damages, retrospective relief and punitive damages because of the Eleventh Amendment.

Defendants request any other relief to which they may be entitled.

RESPECTFULLY SUBMITTED, this the 8th day of January 2023.

          Respectfully submitted,

          **UNIVERSITY OF MISSISSIPPI MEDICAL CENTER, MISSISSIPPI BOARD OF TRUSTEES OF STATE INSTITUTIONS OF HIGHER LEARNING, RICHARD DUSZAK, M.D., AND LOUANN WOODWARD, M.D.**

By:   */s/ Malissa Wilson*
       Malissa Wilson (MSB #100751)
       Chelsea Lewis (MSB #105300)
       FORMAN WATKINS & KRUTZ LLP
       210 East Capitol St., Suite 2200
       Jackson, Mississippi 39201
       Phone: (601) 960-3173
       Facsimile: (601) 960-8613
       malissa.wilson@formanwatkins.com
       chelsea.lewis@formanwatkins.com

       **THEIR ATTORNEYS**

OF COUNSEL:

FORMAN WATKINS & KRUTZ LLP
210 East Capitol St., Suite 2200
Jackson, Mississippi 39201
Phone: (601) 960-8600
Facsimile: (601) 960-8613