IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MOHAN PAULIAH,

                *Plaintiff*,

v.                                                       CAUSE NO. 3:23-CV-3113-CWR-ASH

UNIVERSITY OF MISSISSIPPI
MEDICAL CENTER, MISSISSIPPI
BOARD OF TRUSTEES OF STATE
INSTITUTIONS OF HIGHER
LEARNING, RICHARD DUSZAK, and
LOUANN WOODWARD,

                *Defendants*.

**ORDER**

Having reviewed the pending motions and applicable law, plaintiff's *Motion to Substitute* is granted in part and denied in part. Defendants' *Partial Motion to Dismiss* is granted in part and denied in part. Plaintiff's *Motion to Amend* is moot as superseded by his *Motion to Substitute*. Plaintiff's *Motion for Leave to File Surrebuttal* is denied.

**I.    Factual and Procedural History**

Plaintiff Mohan Pauliah, Ph.D., filed this employment action against the University of Mississippi Medical Center ("UMMC"), Mississippi Board of Trustees of State Institutions of Higher Learning ("IHL"), Dr. Richard Duszak, and Dr. Louann Woodward (collectively "defendants") in the Circuit Court of Hinds County, Mississippi on October 29, 2023. Docket No 1-2. In plaintiff's First Amended Complaint, he lodges five claims:

1. Breach of contract.
2. Promissory Estoppel/ Detrimental Reliance against UMMC.

3.  Tortious Interference with Employment against Richard Duszak.
4.  § 1981 Race Discrimination against Richard Duszak in his individual capacity.
5.  § 1983 Race Discrimination against Richard Duszak in his individual capacity.

In his First Amended Complaint, plaintiff explains that he filed a Charge of Discrimination with the EEOC alleging discrimination under Title VII and the Age Discrimination in Employment Act ("ADEA"). Docket No. 1-2 at 10-11. He informed the court that he would seek leave to amend his complaint to include the Title VII and ADEA claims once he exhausted EEOC's administrative process.

On November 30, 2023, defendants removed the action to the Southern District of Mississippi pursuant to federal question jurisdiction. Docket No. 1. A few months later, defendants filed a *Partial Motion to Dismiss* arguing "Plaintiff's claims must be dismissed in whole or in part based upon the Eleventh Amendment." Docket No. 6 at 3. In addition to his *Response in Opposition* to defendants' *Partial Motion to Dismiss*, plaintiff filed a *Motion for Leave to file a Surrebuttal*. Docket No. 13. There, he sought to clarify that he can bring §§ 1983 and 1981 claims against Dr. Duszak because he sued him in his individual capacity.

Plaintiff also filed a *Motion to Amend* his First Amended Complaint. Docket No. 11. There, he sought leave to name the twelve IHL board members in their official capacities and add a claim of age discrimination against UMMC under the ADEA. Defendants opposed on Eleventh Amendment immunity grounds. Docket No. 14. After receiving his Right to Sue letter, plaintiff filed a *Motion to Substitute*. He sought to replace his Proposed Second Amended Complaint with a Revised Proposed Second Amended Complaint. The revised complaint included the changes made in his Proposed Second Amended Complaint, as well as three Title VII claims against all defendants and facts to confirm exhaustion of EEOC's administrative procedures.

## II. Legal Standard

### A. Motion to Amend Complaint

Federal Rule of Civil Procedure 15 provides that a party may amend his pleading with the court's leave, and the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(3). Rule 15 provides a lenient standard that "evinces a bias in favor of granting leave to amend." *Marucci Sports, LLC v. NCAA*, 751 F.3d 368, 378 (5th Cir. 2014). District courts are "entrusted with the discretion to grant or deny a motion to amend," and may consider a variety of factors in their determination: undue delay, futility, bad faith, repeated failures to cure deficiencies, or undue prejudice to the opposing party. *Id.*

An amendment is futile if the proposed amendment would fail to state a claim under Rule 12(b)(6). *Nix v. Major League Baseball*, 62 F.4th 920, 935 (5th Cir. 2023). Put another way, "if a complaint, as amended, would be subject to dismissal, then the amendment is futile and the district court" is within its discretion to deny leave to amend. *Ariyan, Inc. v. Sewerage & Water Bd. of New Orleans*, 29 F.4th 226, 229 (5th Cir. 2022).

### B. Motion to Dismiss

The Court must dismiss a cause of action for a party's failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). At this stage, the Court accepts as true all well-pleaded facts and construes the complaint in the light most favorable to the plaintiff. *Norsworthy v. Hous. Indep. Sch. Dist.*, 70 F.4th 332, 336 (5th Cir. 2023). To survive a 12(b)(6) motion to dismiss, "a plaintiff must plead factual content that 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct.'" *Raj v. La. State Univ.*, 714 F.3d 322, 330 (5th Cir. 2013).

**III.   Discussion**

    **A.   Proposed Second Amended Complaint**

Plaintiff's *Motion to Substitute*, Docket No. 18, seeks to revise the Proposed Second Amended Complaint, Docket No. 11, by adding three Title VII claims. Said "revisions" are effectively new proposed amendments. They include additional claims and facts that are absent from the Proposed Second Amended Complaint. The Court, thus, construes the *Motion to Substitute* as a Motion to Amend the plaintiff's First Amended Complaint. Having so construed, the Proposed Second Amended Complaint and *Motion* at Docket No. 11 are moot. The Revised Proposed Second Amended Complaint supersedes the former.

The defendants' response to the Revised Proposed Second Amended Complaint, Docket No. 18, incorporates the arguments they raised in response to plaintiff's Proposed Second Amended Complaint. The Court accepts defendants' incorporation and continues its review of plaintiff's proposed amendments.

    **1.  Proposed Amendment #1: Naming Twelve IHL Board Members as Defendants**

Defendants argue that naming IHL's twelve individual board members in their official capacities would be futile. It's true that "an official-capacity suit is . . . to be treated as a suit against the entity" because the official-capacity claims against the board members and the board "essentially merge." *Turner v. Houma Mun. Fire & Police Civ. Serv. Bd.*, 229 F.3d 478, 485 (5th 2000). Plaintiff, however, seeks to obtain injunctive relief and other prospective relief. The Supreme Court has held that state agencies are immune from suits for prospective injunctive relief. *Clay v. Tex. Women's Univ.*, 728 F.2d 714, 716 (5th Cir. 1984) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). Thus, the only way plaintiff "could obtain injunctive relief is under the doctrine of *Ex Parte Young*." *McGarry v. UMMC*, 355 F. App'x 853, 856-57 (5th Cir.

4

2009) (citing *Ex Parte Young*, 209 U.S. 123 (1908)). And in order for *Ex Parte Young* to apply, plaintiff "must seek to enjoin a state official from violating federal law." *Id.* That he does.

Therefore, naming the twelve IHL board members as defendants, in their official capacities, for the purpose of obtaining injunctive relief is neither futile nor redundant. The proposed amendment is granted.

2. **Proposed Amendment #2: ADEA Claim Against UMMC**

It would be futile to allow leave to add a claim of age discrimination under the ADEA against UMMC. "Absent voluntary waiver, an arm of the state, such as UMMC, is immune from suit in federal court[.]" *Zhan v. UMMC*, No. 3:14-CV-777-CWR-FKB, 2015 WL 6511560, at *3 (S.D. Miss. Oct. 28, 2015). *See also Meredith v. Jackson State Univ.*, No. 3:09-CV-303-DPJ-FKB, 2010 WL606402 at *3 (S.D. Miss. Feb. 27, 2010) (state universities are arms of the state and not subject to suit under the ADEA). Thus, this claim is barred. UMMC has not waived its immunity as to the ADEA. *See* Docket No. 14 at 5. Plaintiff's ADEA claim against UMMC would be subject to dismissal, and thus amendment would be futile.

3. **Proposed Amendment #3: Title VII Claims Against all Defendants**

Lastly, plaintiff seeks leave to amend his complaint to add three Title VII claims and include facts regarding his exhaustion of EEOC's administrative process. In response, the defendants maintain that "the revised proposed amended complaint has the same issues with futility and redundancy" as the plaintiff's initial proposed second amended complaint. Docket No. 19 at 2. Without saying more, the defendants have not explained how adding new claims under Title VII would be futile or redundant. The Court adheres to Rule 15(a)'s bias in favor of granting leave to amend and grants plaintiff leave to add his Title VII claims and facts related to exhaustion.

For these reasons, plaintiff's *Motion to Substitute* is granted in part and denied in part. The *Motion to Amend* is moot and the Proposed Second Amended Complaint is superseded by the Revised Proposed Second Amended Complaint. The plaintiff shall refile his Second Amendment Complaint in accordance with the Court's ruling.

**B.     Defendants' Partial Motion to Dismiss**

The Court's ruling on plaintiff's *Motion to Amend* does not render defendants' *Partial Motion to Dismiss* moot or require them to file a new motion. *See Rountree v. Dyson*, 892 F.3d 681, 683 (5th Cir. 2018). "If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleaded." *Id.* at 683-84. The same alleged defects that defendants challenged in plaintiff's First Amended Complaint remain in the Revised Proposed Second Amended Complaint. Accordingly, the Court will consider defendants' *Partial Motion to Dismiss* as addressed to plaintiff's Revised Proposed Second Amended Complaint.

First, defendants argue, and plaintiff concedes, that the breach of contract claim against Duszak in his individual capacity must be dismissed because Duszak is not a party to the contract. Thus, the breach of contract claim against Duszak is dismissed.

Next, defendants argue that the breach of contract[1] and promissory estoppel claims cannot proceed because they are immune under the Eleventh Amendment and have not waived immunity from state law claims. *See Moore v. Univ. Miss. Med. Ctr.*, 719 F. App'x 381, 387-88 (5th Cir. 2018). Plaintiff counters that defendants waived immunity when they removed the action from state court to federal court.

---

[1] In plaintiff's Revised Proposed Second Amended Complaint, he only states a breach of contract claim against UMMC and IHL. The Court accepts this amendment.

6

Although defendants removed this action from state court, and thus waived immunity from *suit*, they did not waive immunity from *liability* for the claims lodged against them. *See Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 255 (5th Cir. 2005) (explaining that removal of a case to federal court waives immunity from suit in that federal court, but state law governs immunity from liability). "While Mississippi has waived its state sovereign immunity to suit in state court for breach of contract, there is no unequivocal statement of its intent to also waive its Eleventh Amendment immunity to suit in federal court." *Moore*, 719 F. App'x at 387-88. Thus, defendants are correct that they are immune from suit in federal court for plaintiff's contract and promissory estoppel claims. Those claims are dismissed without prejudice for lack of subject-matter jurisdiction.

Defendants further argue plaintiff's tortious interference claim against Duszak in his official capacity should be dismissed. In the complaint, plaintiff specifies that "[f]or purposes of any Eleventh Amendment Immunity that may be asserted . . . [plaintiff] is seeking individual and personal liability for damages against Defendant Duszak." Docket No. 18-1 at 2. Under the tortious interference claim, plaintiff states that he sustained damages as a direct result of Duszak's allegedly tortious interference with his employment. Considering the substance of plaintiff's claim and relief sought, *Parker v. Graves*, 479 F.2d 335, 336 (5th Cir. 1973), the Court finds that Duszak is being sued for tortious interference in his individual capacity. The tortious interference claim against Duszak in his individual capacity may proceed.

Lastly, defendants argue that the Eleventh Amendment precludes the plaintiff's §§ 1981 and 1983 claims against Duszak in his official capacity for money damages, retrospective relief, and punitive damages. Plaintiff filed a *Motion for Leave to file a Surrebuttal* to clarify that

7

he seeks damages from Duszak under §§ 1981 and 1983 in his individual capacity, not his official capacity. Docket No. 13. Defendants concede that a claim against Duszak in his individual capacity may proceed at this time. Docket No. 15 at 2.

Plaintiff's Revised Proposed Second Amended Complaint (and his First Amended Complaint, for that matter) raise §§ 1981 and 1983 claims against Duszak in *his individual capacity*. Having specifically designated the capacity wherein Duszak is being sued under these claims, the Court—and defendants—need not assume he is sued in his official capacity. The plaintiff was clear. It is not necessary to dismiss plaintiff's §§ 1981 and 1983 claims against Duszak in his official capacity because Duszak is sued in his individual capacity only.[2]

Defendants' *Partial Motion to Dismiss*, as applied to plaintiff's Revised Proposed Second Amended Complaint, does not address plaintiff's Title VII claims. Therefore, the Court does not reach the issue of whether plaintiff fails to state a claim under Title VII. Defendants are free to challenge those claims in the usual course of litigation.

C. **Plaintiff's Motion for Leave to File Surrebuttal**

Plaintiff's proposed surrebuttal merely clarifies that his §§ 1981 and 1983 claims are raised against Duszak in his individual capacity. The proposed surrebuttal does not state new arguments. Thus, the *Motion* is denied. *See 21st Mortgage Corp. v. Lyndon S. Ins.*, No. 2:23-CV-KS-MTP, 2024 WL 3069821, at *1 (S.D. Miss. June 20, 2024) ("[S]urreplies are heavily disfavored.").

---

[2] If he were being sued in his official capacity, he would be immune. *See Kermode v. Univ. of Miss. Med. Ctr.*, 496 F. App'x 483, 488 (5th Cir. 2012) (state's immunity under Eleventh Amendment "extends to both [UMMC] itself and to its faculty administrators sue in their official capacities").

**IV.     Conclusion**

    **ACCORDINGLY,** the Court finds:

      (a) Plaintiff's *Motion to Substitute* is granted in part and denied in part;

      (b) Plaintiff's *Motion to Amend* is moot;

      (c) Defendants' *Motion to Dismiss* is granted in part and denied in part; and

      (d) Plaintiff's *Motion for Leave to File a Surrebuttal* is denied.

    **SO ORDERED**, this the 23rd day of August, 2024.

                                                 s/ Carlton W. Reeves  
                                                 UNITED STATES DISTRICT JUDGE