UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MOHAN PAULIAH, PH.D                                                                                   PLAINTIFF

V.                                                            CIVIL ACTION NO. 3:23-CV-3113-CWR-ASH

UNIVERSITY OF MISSISSIPPI MEDICAL CENTER, ET AL.                              DEFENDANTS

ORDER

Plaintiff Mohan Pauliah, Ph.D, asks the Court to partially lift the stay of discovery in this employment-discrimination case. Mot. [20]. As explained, Pauliah's motion is granted in part and denied in part.

I.      **Facts and Procedural History**

On October 27, 2023, Pauliah filed this lawsuit arising out of his employment with the University of Mississippi Medical Center ("UMMC") against UMMC, the Mississippi Board of Trustees of the State Institutions of Higher Learning, Richard Duszak, M.D., and LouAnn Woodward, M.D. Pauliah attached to—and served with—his complaint his first set of interrogatories and requests for production of documents to Defendants. In those discovery requests, Pauliah sought, among other things, production of his personnel file and all emails to and from his UMMC email account.

Defendants removed the case to this Court and, on January 8, 2024, filed a motion to dismiss based on Eleventh Amendment immunity. Pursuant to Local Rule 16(b)(3)(B), the Court entered a Text-Only Order Staying Discovery that same day. Pauliah asked the Court to partially lift the stay during the pendency of the motion to dismiss "so that UMMC would be required to produce the Plaintiff's personnel files and all emails to and from [his] email account at UMMC." Pl. Mem. [21] at 1. Defendants opposed Pauliah's motion, largely based on the assertion that the

discovery Pauliah served while the case was pending in state court is ineffective following removal.

On August 23, 2024, Judge Reeves granted in part and denied in part the motion to dismiss. Order [24]. Judge Reeves also granted Pauliah leave to file a Second Amended Complaint, which adds the twelve IHL board members as defendants. The docket reflects summonses have been issued to Pauliah for these new defendants, but there is no indication they have been served at this time.

**II.     Analysis**

Now that Judge Reeves has ruled on Defendants' motion to dismiss, the Court finds that the stay of discovery entered under Local Rule 16(b)(3)(B) should be lifted. Pauliah's motion is granted to this limited extent.

Pauliah's motion warrants additional discussion because Pauliah seeks enforcement of discovery served with the original complaint before removal. Federal Rule of Civil Procedure 81(c)(1) explains that the federal procedural rules "apply to a civil action after it is removed from a state court." And in federal court, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1); *see Riley v. Walgreen Co.*, 233 F.R.D. 496, 499 (S.D. Tex. 2005) ("Nothing in the language of [Rule 26(d)] permits a party to continue to seek discovery which may have been properly served under state law rules pre-removal."). Pauliah has not explained why this case should proceed differently from all other cases.

Local Rule 16(b)(3)(D) requires the parties within 14 days of an order lifting the stay to confer in accordance with Local Rule 26(f).[1] The Court suspends this deadline because not all parties have appeared. But once the remaining defendants do appear, the case will be set for a case-management conference, which will set a deadline for the Rule 26(f) attorney conference. Pauliah has not shown he is entitled to enforce his state-court discovery requests or to commence discovery outside the framework set by the Federal Rules of Civil Procedure and the Local Rules.

## III. Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, Pauliah's motion to partially lift the stay of discovery [20] is granted in part and denied in part.

**SO ORDERED AND ADJUDGED** this the 11th day of September, 2024.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE

---

[1] Local Rule 16 references Local Rule 26(c), but this is outdated. The correct reference is to Local Rule 26(f).