Last Updated: Jan 2022
FORM 1 (ND/SD MISS. JAN 2022)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**FILED**
Nov 13 2024
ARTHUR JOHNSTON, CLERK
By: _____, Deputy Clerk

MOHAN PAULIAH, PH.D.                                             PLAINTIFF

v.                                                    CIVIL ACTION
                                                      NO. 3:23-cv-3113-CWR-ASH

UNIVERSITY OF MISSISSIPPI MEDICAL                                 DEFENDANTS
CENTER, et al.

# CASE MANAGEMENT ORDER

This Order, including all deadlines, has been established with the participation of all parties and can be modified only by order of the Court on a showing of good cause supported with affidavits, other evidentiary materials, or reference to portions of the record.

**IT IS HEREBY ORDERED:**

1. **ESTIMATED DAYS OF TRIAL:**  4-5

   **ESTIMATED TOTAL NUMBER OF WITNESSES:**  12

   **EXPERT TESTIMONY EXPECTED:**  No

2. **ALTERNATIVE DISPUTE RESOLUTION [ADR].** (Pick one)

   Alternative dispute resolution techniques appear helpful and will be used in this civil action as follows:

   The parties are open to mediation with a private mediator. Private mediation or a settlement conference with the Court is required.

3. **CONSENT TO TRIAL BY UNITED STATES MAGISTRATE JUDGE.** (Pick one)

   The parties do not consent to trial by a United States Magistrate Judge.

FORM 1 (ND/SD MISS. JAN 2022)

4. **DISCLOSURE.** (Pick one)

   The following additional disclosure is needed and is hereby ordered:

   The parties shall fully comply with the pre-discovery disclosure requirements of Fed. R. Civ. P. 26(a)(1) and L.U. Civ. R. 16(d) and 26(a) by November 14, 2024.

5. **MOTIONS; ISSUE BIFURCATION.** (Pick one)

   Staged resolution/bifurcation of the trial issues will not assist in the prompt resolution of this action.

   Early filing of the following motion(s) might significantly affect the scope of discovery or otherwise expedite the resolution of this action:

   Defendants intend to file a Rule 12(c) motion on behalf of the IHL/its board members, arguing that while only IHL can contract with state university employees, it does not oversee all employment matters. According to the IHL Board of Trustees Policies & Bylaws (401.0102), IHL retains authority over specific employment decisions, none of which are relevant to any decision involving Plaintiff. Defendants shall file their motion by December 9, 2024.

6. **DISCOVERY PROVISIONS AND LIMITATIONS.**

   A.  Interrogatories are limited to __30__ succinct questions.

   B.  Requests for Production are limited to __30__ succinct questions.

   C.  Requests for Admissions are limited to __30__ succinct questions.

   D.  Depositions are limited to the parties, experts, and no more than

   __8__ fact witness depositions per party without additional approval of the Court.

**E.**   The parties have complied with the requirements of Local Rule 26(f)(2)(B) regarding discovery of electronically stored information and have concluded as follows:

Upon investigation by each party, no destruction of evidence has occurred to date. Emails of the parties relevant to the litigation and not subject to privilege will be produced in PDF format, or printed upon request. The parties have notified all IT departments and relevant personnel to preserve all electronic data relevant to the litigation to prevent and ensure document retention.

Parties agree that an inadvertent disclosure of privileged or otherwise protected material pursuant to Fed. R. Civ. P. 26(b)(3) does not constitute a waiver of privilege and the parties will take reasonable steps to notify the opposing party of the inadvertent disclosure.

Parties agree that to the extent metadata or embedded data exists and contains an inadvertent disclosure of privileged or otherwise protected material pursuant to Fed. R. Civ. P. 26(b)(3), that inadvertent disclosure does not constitute a waiver of privilege and parties will make reasonable efforts to notify the opposing party of the inadvertent disclosure.

**F.**   The court imposes the following further discovery provisions or limitations:

[✓] 1. The parties have agreed that defendant may obtain a Fed.R.Civ. P. 35 (L.U.Civ.R. 35) medical examination of the plaintiff (within subpoena range of the court) by a physician who has not examined the plaintiff, and that defendant may arrange the examination without further order of the court. The examination must be completed in time to comply with expert designation discovery deadlines.

[✓] 2. Pursuant to FED.R.EVID. 502(d), the attorney-client privilege and the work-product protections are not waived by any disclosure connected within this litigation pending before this Court. Further, the disclosures are not waived in any other federal or state proceeding.

[✓] 3. Plaintiff must execute an appropriate, HIPAA-compliant medical authorization.

[✓] 4. The court desires to avoid the necessity of filing written discovery motions where court participation in an informal discussion of the issue might resolve it, even after the parties have been unsuccessful in a good faith attempt to do so. Consequently, before a party may serve any discovery motion, counsel must first confer in good faith as required by Fed. R. Civ. P. 37(a)(1). If the attorney conference does not resolve the dispute, counsel must contact the chambers of the magistrate judge to request a telephonic conference to discuss the issue as contemplated by Fed. R. Civ. P.16(b)(3)(B)(v). Only if the telephonic conference with the judge is unsuccessful in resolving the issue may a party file a discovery motion.

[ ] 5. Other:

FORM 1 (ND/SD MISS. JAN 2022)

Additional information:

7. **SCHEDULING DEADLINES**

   A. **Trial.** This action is set for JURY TRIAL during a two-week term of court beginning on: December 1, 2025, at 9:00, a.m., in Jackson, Mississippi, before United States District Judge Carlton W. Reeves.

   THE ESTIMATED NUMBER OF DAYS FOR TRIAL IS 4-5. ANY CONFLICTS WITH THIS TRIAL DATE MUST BE SUBMITTED IN WRITING TO THE TRIAL JUDGE IMMEDIATELY UPON RECEIPT OF THIS CASE MANAGEMENT ORDER.

   B. **Pretrial.** The pretrial conference is set on: October 31, 2025, at 9:00, a.m., in Jackson, Mississippi, before United States District Judge Carlton W. Reeves.

   C. **Discovery.** All discovery must be completed by: June 17, 2025.

   D. **Amendments.** Motions for joinder of parties or amendments to the pleadings must be filed by: December 9, 2024.

   E. **Experts.** The parties' experts must be designated by the following dates:

   1. Plaintiff(s):   March 18, 2025.

   2. Defendant(s):   April 17, 2025.

FORM 1 (ND/SD MISS. JAN 2022)

8. **MOTIONS.** All dispositive motions and *Daubert*-type motions challenging another party's expert must be filed by: July 1, 2025    .The deadline for motions *in limine* is twenty-one (21) calendar days prior to the pretrial conference; the deadline for responses is fourteen (14) calendar days before the pretrial conference.

9. **SETTLEMENT CONFERENCE.**

   A SETTLEMENT CONFERENCE is set on: June 4, 2025    , at 9:00   , a.m.   in Jackson   , Mississippi, before United States Magistrate   Judge Andrew S. Harris   .

   Seven (7) days before the settlement conference, the parties must submit via e-mail to the magistrate judge's chambers an updated CONFIDENTIAL SETTLEMENT MEMORANDUM. All parties are required to be present at the conference unless excused by the Court. If a party believes the scheduled settlement conference would not be productive and should be cancelled, the party is directed to inform the Court via e-mail of the grounds for their belief at least seven (7) days prior to the conference.

10. **REPORT REGARDING ADR.** On or before (7 days before FPTC) October 24, 2025   , the parties must report to the undersigned all ADR efforts they have undertaken to comply with the Local Rules or provide sufficient facts to support a finding of just cause for failure to comply. *See L.U.Civ.R.83.7(f)(3).*

**SO ORDERED:**

November 13, 2024                    /s/ Andrew S. Harris
DATE                                 UNITED STATES MAGISTRATE JUDGE