IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MOHAN PAULIAH, PH.D**                                                           **PLAINTIFF**

**VERSUS**                                             **CASE NO: 3:23-cv-3113-CWR-ASH**

**UNIVERSITY OF MISSISSIPPI MEDICAL CENTER, ET AL**      **DEFENDANTS**

**PLAINTIFF'S RESPONSE IN OPPOSITION TO IHL BOARD MEMBERS' MOTION TO DISMISS**

The Plaintiff, Mohan Pauliah, through his attorney, responds in opposition to the Rule 12(c) motion to dismiss [Document 64] submitted by the following Defendants:

Mississippi Board of Trustees of State Institutions of Higher Learning (referred to as "IHL");

The members of the IHL Board of Trustees--namely Bruce Martin, President, Jeanne Carter Luckey, Vice President, Don Clark, Jr., Ormella Cummings, Ph.D., Dr. Steven Cunningham, Teresa Hubbard, Jerry L. Griffith, Jimmy Heidelberg, Gee Ogletree, Hal Parker, Gregory Rader, and Charlie Stephenson (referred to as the "IHL Board Members"), and

Dr. Alfred Rankins Jr., the Commissioner of Higher Education ( referred to as the "IHL Commissioner").

**Argument:**     **The Order of the Court [Document 24] authorized the Plaintiff to include an ADEA claim against the IHL Board Members and the IHL Commissioner in his Second Amended Complaint [Document 25]**

The Order of the Court [Document 24] granted the Plaintiff leave to amend his first amended complaint to include a claim for age discrimination under the Age Discrimination in Employment Act ("ADEA"), naming the twelve IHL board members as defendants, in their official

1

capacities, for the purpose of obtaining injunctive relief under the teachings of *Ex Parte Young*. Here is the relevant portion of the Court's Order:

> **1. Proposed Amendment #1: Naming Twelve IHL Board Members as Defendants**
>
> Defendants argue that naming IHL's twelve individual board members in their official capacities would be futile. It's true that "an official-capacity suit is . . . to be treated as a suit against the entity" because the official-capacity claims against the board members and the board "essentially merge." *Turner v. Houma Mun. Fire & Police Civ. Serv. Bd.*, 229 F.3d 478, 485 (5th 2000). Plaintiff, however, seeks to obtain injunctive relief and other prospective relief. The Supreme Court has held that state agencies are immune from suits for prospective injunctive relief. *Clay v. Tex. Women's Univ.*, 728 F.2d 714, 716 (5th Cir. 1984) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). Thus, the only way plaintiff "could obtain injunctive relief is under the doctrine of *Ex Parte Young*." *McGarry v. UMMC*, 355 F. App'x 853, 856-57 (5th Cir. Case 3:23-cv-03113-CWR-ASH Document 24 Filed 08/23/24 Page 4 of 9 5 2009) (citing *Ex Parte Young*, 209 U.S. 123 (1908)). And in order for *Ex Parte Young* to apply, plaintiff "must seek to enjoin a state official from violating federal law." Id. That he does.
>
> <u>Therefore, naming the twelve IHL board members as defendants, in their official capacities, for the purpose of obtaining injunctive relief is neither futile nor redundant. The proposed amendment is granted.</u>

Order, p.p.4-5. (Emphasis Added).[1]

---

[1] The Plaintiff's Reply in support of his motion to amend his first amended complaint [Document 16] states the following:

> The Plaintiff's proposed second amended complaint adds an ADEA claim for wrongful termination based on age discrimination. Neither UMMC nor IHL would be defendants regarding the Plaintiff's proposed ADEA claim because of the state's 11th Amendment immunity defense. Instead, under the Ex Parte Young exception, the proper defendants under the Plaintiff's ADEA claim would be those officials necessary to effectuate the injunctive remedy of reinstatement of the Plaintiff's employment and any other similar equitable and prospective relief. Those Ex Parte Young defendants, which are properly named in their official capacities in the proposed second amended complaint, are the following persons:
>
>> LouAnn Woodward, M.D, Vice Chancellor for Health Affairs, Dean of The School of Medicine at UMMC;

However, in accordance with the aforesaid Order of the Court, the Plaintiff could not, and did not, sue UMMC or IHL under the ADEA because the State of Mississippi has not waived Eleventh Amendment Immunity as to that statute. Order, p.5. ("It would be futile to allow leave to add a claim of age discrimination under the ADEA… his claim is barred. UMMC has not waived its immunity as to the ADEA….. Plaintiff's ADEA claim against UMMC would be subject to dismissal, and thus amendment would be futile.").

**Argument:     The IHL board members are necessary and proper defendants to assure prospective and equitable relief under *Ex Parte Young***

IHL cites an IHL Board policy that authorizes the Board to empower the IHL Commissioner and the heads of the state institutions, including the head of UMMC, "to make all appointments and promotions of faculty and staff" and "the authority to approve and execute contracts" with professors. IHL claims that "[e]ven if Plaintiff were to prove a claim and be awarded injunctive relief, the IHL and IHL Board Members are not needed to provide that remedy with UMMC and Dr. Woodward [UMMC's Executive Officer] remaining as parties." The Plaintiff does not have complete confidence that that would be the case. The Plaintiff does not want to oneday prevail in his discrimination case and then be told that the IHL board members are not subject to

---

Richard Duszak, M.D., a Professor and Chair of the Department of Radiology in the School of Medicine at UMMC.; and

Dr. Alfred E. McNair Jr., President, Bruce Martin, Vice President, Ormella Cummings, Ph.D., Dr. Steven Cunningham, Tom Duff, Teresa Hubbard, Jeanne Carter Luckey, Chip Morgan, Gee Ogletree, Hal Parker, Gregory Rader, and Dr. J. Walt Starr, who are the twelve members of the IHL Board.

An ADEA claim seeking to enjoin a state official from violating federal law is permissible under the *Ex Parte Young* exception. *McGarry v. University of Mississippi Medical Center*, 355 Fed.Appx. 853, 856 ( 5th Cir. 2009).

the Court's ruling because they were not named as defendants and cannot implement the necessary relief.

The Plaintiff emphasizes that his employment contract did not mention UMMC as a party but instead says IHL is the other party to the contract: "This Employment Contract is made and entered into by and between The Board of Trustees of State Institutions of Higher Learning of the State of Mississippi, hereinafter called the Board, and Mohan Pauliah hereinafter called the Employee." [Document 51-1]. The Plaintiff in this case is not seeking damages against members of the IHL Board. As the Plaintiff states in his second amended complaint, "these twelve board members and the commissioner are sued in their official capacities to effectuate the injunctive remedy of reinstatement of employment and any other similar equitable and prospective relief." [Document 25, paragraph 5]. The Plaintiff further notes that Miss. Code Ann. § 37-101-15(f) states that "board shall have the power and authority to elect the heads of the various institutions of higher learning <u>and to contract with all deans, professors, and other members of the teaching staff</u>, and all administrative employees of said institutions for a term not exceeding four (4) years." (Emphasis added).

The two opinions from the Southern District of Mississippi cited by IHL in their motion to dismiss are not good authority. The first opinion is *Jackson v. Bd. of Trustees of State Institutions of Higher Learning of Mississippi*, No. 3:17CV359- LG-LRA, 2018 WL 3233580(S.D. Miss. July 2, 2018). The Plaintiff, Jackson, who was terminated as the football coach at JSU sued the IHL, the IHL Commissioner, and the President of JSU, bringing a discrimination and equal protection claims pursuant to 42 U.S.C. §§ 1981, 1983. The opinion in *Jackson* did not decide whether the IHL Board should remain as defendants in the case for purposes of satisfying *Ex Parte Young,* to implement a

4

prospective order reinstating the Plaintiff to his job. The reason the IHL Board members are named as defendants in this case is to satisfy *Ex Parte Young*.

The second opinion cited by IHL is *Papin v. University of Mississippi Medical Center*, 673 F.Supp.3d 829 (S.D. Miss. 2013). *Papin* expressly recognizes the power of the IHL Board to enter into contracts with university professors such as the Plaintiff. Notable, UMMC even argued in *Papin* that an employment contract requires final approval of the IHL Board. 673 F.Supp.3d at 837-838.

**Conclusion**

For the reasons stated above, the Plaintiff requests that IHL and IHL Board Members' Rule 12(C) Motion to Dismiss be denied.

Respectfully submitted on December 15, 2024.

> **MOHAN PAULIAH, PH.D,**
> **PLAINTIFF**
>
> */s/ Samuel L. Begley*
> **SAMUEL L. BEGLEY, ESQ.**
> Miss. Bar No. 2315
> BEGLEY LAW FIRM, PLLC
> P. O. Box 287
> Jackson, MS 39205
> Tel: 601-969-5545
> begleylaw@gmail.com
>
> *Attorney for the Plaintiff*

5