**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**MOHAN PAULIAH, PH.D.**                                                       **PLAINTIFF**

**vs.**                                           **CASE NO: 3:23-cv-3113-CWR-ASH**

**UNIVERSITY OF MISSISSIPPI MEDICAL CENTER,
ET AL.**                                                    **DEFENDANTS**

**IHL and IHL BOARD MEMBERS' REPLY IN SUPPORT OF
RULE 12(c) MOTION TO DISMISS**

Defendants Institutions of Higher Learning ("IHL") and Bruce Martin, Jeanna Carter Luckey,[1] Donald Clark Jr., Dr. Ormella Cummings, Dr. Steven Cunningham, Teresa Hubbard, Jerry L. Griffith, Jimmy Heidelberg, Gee Ogletree, Hal Parker, Gregory Rader, Charlie Stephenson, and Dr. Alfred Rankins, Jr. ("IHL Board Members" and collectively "Defendants"), by and through counsel, file this reply in support of their Rule 12(c) Motion and move to be fully dismissed with prejudice from this matter. Defendants previously moved for dismissal, Docket Nos. 64, 65.

Defendants reassert all prior points made in support of the Motion to Dismiss, including that the IHL and IHL Board Members are not necessary parties for potential injunctive relief and that an ADEA claim is not properly before this Court. *See generally* Docket No. 65.

       **I.**      **Plaintiff's ADEA is not Properly Before this Court.**

In response to Defendants' Motion, Plaintiff makes two points. First, Plaintiff claims this Court's prior Order authorized the addition of an ADEA claim against the IHL Board Members and IHL Commissioner. Docket No. 67 at pg. 2. In short, Plaintiff seems to suggest that because

---

[1] Mrs. Luckey recently passed away. This event triggers the application of Rule 25(d), and further proceedings regarding substitution may follow.

he said he would add the ADEA claim against the IHL Board Members in his reply, the claim remains properly before this Court. Docket No. 67 at pg. 2, fn. 1. Defendants' position remains that the ADEA claim against the IHL Board Members was not properly included in the proposed Amended Complaint. Even if the claim is properly before the Court, however, dismissal remains warranted on the merits, as discussed below.

## II.    The IHL and IHL Board Members Must be Dismissed.

Plaintiff's second point in opposition is that despite the IHL policy granting authority to UMMC to make hiring and non-renewal decisions for Plaintiff's position, the IHL Board Members remain necessary parties for purposes of prospective equitable relief. Plaintiff attempts to portray the case law and statutory law as inconsistent, when in actuality the application of IHL Bylaws has been clear: the IHL has granted its member institutions authority to enter into certain employment contracts.

In particular, Plaintiff claims that some of the cases from the Southern District of Mississippi evaluating the exact, relevant set of IHL Policies are not "good authority." Docket No. 67 at pg. 4. First, Plaintiff states that *Jackson v. Board of Trustees of the State Institutions of Higher Learning of Mississippi* "did not decide whether the IHL Board should remain as defendants in the case for purposes of satisfying *Ex Parte Young*[.]" Docket No. 67 at pg.4. While Jackson does not explicitly address *Ex Parte Young*, it clearly addresses the fact that the IHL has granted institutions of higher learning the authority to enter into certain contracts. *Jackson v. Bd. of Trustees of State Institutions of Higher Learning of Mississippi*, No. 3:17CV359-LG-LRA, 2018 WL 3233580, at *2 (S.D. Miss. July 2, 2018) ("JSU Had Authority to Execute the Employment Agreement"). This speaks directly to the point made by Defendants here: the IHL and IHL Board Members are not necessary parties, even for purposes of prospective injunctive relief.

2

Similarly, *Papin v. Univ. of Mississippi Med. Ctr.*, 673 F. Supp. 3d 829, 837 (S.D. Miss. 2023), *aff'd*, 109 F.4th 354 (5th Cir. 2024), analyzes some of the same IHL Bylaws—Bylaws 401 and 801. Despite Plaintiff's suggestion otherwise, the Court evaluated the IHL Bylaws and found that the contract in question in *Papin*—a remediation agreement with a medical resident—did not comply *with* the IHL Bylaws. In particular, the remediation agreement lacked a signature from upper leadership at UMMC, not that it lacked a signature from IHL Board members. *See*, 673 F. Supp. 3d at 839 ("If Bylaw 707 applied, then the Vice Chancellor for Health Affairs's signature was required. And if Bylaw 801 applied, the Associate Dean for Graduate Medical Education's signature was required."). Stated differently, had the remediation agreement complied with the IHL Bylaws in *Papin*, then a signature from a Vice Chancellor would have been sufficient to bind the IHL without needing the signatures of IHL Board Members.

UMMC's position has been and remains consistent across cases: IHL Bylaws and UMMC's policies should be followed, and the IHL has granted UMMC authority to contract in certain instances without IHL approval. In *Papin*, that meant that the supervisor who signed the remediation agreement with the medical resident did not have the authority to do so under IHL Bylaws and UMMC's employment policies. *Id*. at 839. Here, the IHL Bylaws are clear that the IHL and IHL Board Members do not have to approve or sign an employment contract. *Papin v. Univ. of Mississippi Med. Ctr.*, 673 F. Supp. 3d 829, 839 (S.D. Miss. 2023) ("authorization to enter into a remediation agreement differs from authorization to execute employment contracts.").

Plaintiff also refers to Mississippi Code Section 37-101-15(f) to create an appearance of ambiguity. The final sentence of that statute, notably omitted by Plaintiff, reads: "The [IHL] board shall have the power to make any adjustments it thinks necessary between the various departments and schools of any institution or between the different institutions." Miss. Code § 37-101-15(f).

3

One of these adjustments is IHL Bylaw 401.0102, which clearly states: "***Acting under the appropriate statutory authority***, the Board of Trustees hereby empowers the Commissioner and the Institutional Executive Officers of the several institutions to make all appointments and promotions of faculty and staff," except in certain situations for high-ranking job positions. (Emphasis added). Again, the statutes and case law are clear: The IHL granted UMMC the authority to make specific employment decisions, eliminating the need for the IHL or its Board Members to sign off or provide any form of approval.

Though not addressed by Plaintiff, IHL's Motion here is similar to IHL's motion to dismiss in *Canon v. Bd. of Trustees of State Institutions of Higher Learning of Mississippi*, 133 F. Supp. 3d 865, 868 (S.D. Miss. 2015) (previously cited at Docket No. 65 at pg. 6). In *Canon*, the Court dismissed IHL with prejudice in an employment matter where plaintiff sued his former university and the IHL under Title VII. *Id.* at pg. 868. In part, IHL was dismissed because there were no allegations it had a duty to act or supervise the plaintiff. *Id*. at 868. The same is true here. Without the guise of necessity for potential injunctive relief, there are no other allegations against the IHL, the IHL Board Members, and the IHL Commissioner.

For the reasons previously stated in Defendants' Memorandum in Support, and within this Reply, IHL and IHL Board Members must be dismissed from this matter.

RESPECTFULLY SUBMITTED, this the 20th day of December 2024.

>Respectfully submitted,
>
>**INSTITUTIONS OF HIGHER LEARNING, BRUCE MARTIN, DONALD CLARK JR., DR. ORMELLA CUMMINGS, DR. STEVEN CUNNINGHAM, TERESA HUBBARD, JERRY L. GRIFFITH, JIMMY HEIDELBERG, GEE OGLETREE, HAL PARKER, GREGORY RADER, CHARLIE STEPHENSON, AND DR. ALFRED RANKINS, JR.**
>
>By:  */s/ Malissa Wilson*
>Malissa Wilson (MSB #100751)
>Chelsea Lewis (MSB #105300)
>FORMAN WATKINS & KRUTZ LLP
>210 East Capitol St., Suite 2200
>Jackson, Mississippi 39201
>Phone: (601) 960-3173
>Facsimile: (601) 960-8613
>malissa.wilson@formanwatkins.com
>chelsea.lewis@formanwatkins.com
>
>**THEIR ATTORNEYS**

OF COUNSEL:

FORMAN WATKINS & KRUTZ LLP
210 East Capitol St., Suite 2200
Jackson, Mississippi 39201
Phone: (601) 960-8600
Facsimile: (601) 960-8613