UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MOHAN PAULIAH, PH.D.                                                                                    PLAINTIFF

V.                                                                        CIVIL ACTION NO. 3:23-CV-3113-CWR-ASH

UNIVERSITY OF MISSISSIPPI MEDICAL CENTER,                                  DEFENDANTS
ET AL.

STIPULATED PROTECTIVE ORDER

This matter is before the Court on the motion of the parties, pursuant to Fed. R. Civ. P. 26(c), for entry of a protective order concerning the treatment of Confidential Information (as hereinafter defined) in this litigation. The Court, noting that the motion was filed jointly, and being otherwise fully advised in the premises, finds that the motion is well-taken and should be GRANTED.

**IT IS, THEREFORE, ORDERED:**

1. As used herein, "Confidential Information" means information, whether or not embodied in any physical medium, including all originals and copies of any document, file, portions of files, transcribed testimony, or response to a discovery request – not made available to the public – and designated by one of the parties in the manner provided below as containing Confidential Information, including confidential business, competitive or privacy information, trade secret information, non-public financial or business information, or privileged information, for which the producing party is prohibited from revealing or would not normally reveal to third parties except in confidence, and other documents, information, and discovery material otherwise believed in good faith to be protected by applicable law.

2. Confidential Information may be used by the Non-Producing Party solely and exclusively for the purpose of prosecuting or defending this action and not for any other purpose whatsoever.

3. Confidential Information furnished in written form (including but not limited to hardcopy documents and electronically imaged and/or stored documents, data, and information) may be designated in the following manner:

   a. By imprinting the word "CONFIDENTIAL" by appropriate writing, marking and/or stamping thereon;

   b. In the case of multi-page documents clearly identified as such, the word "CONFIDENTIAL" need only be stamped on the first page of the document in order that the entire document be treated as Confidential Information;

   c. By imprinting the word "CONFIDENTIAL" next to or above any response to a discovery request; and

   d. With respect to transcribed testimony (other than testimony at a trial or hearing), Confidential Information may be designated as "CONFIDENTIAL" by counsel for the Producing Party either by making an appropriate designation on the record at the time of such testimony, or within 30 days after the transcript of the testimony has been received. Prior to the lapse of this 30-day period, such transcript shall be treated as though it had been designated as "CONFIDENTIAL." The portion or portions of such transcript (including exhibits thereto) so designated shall either be separately transcribed or filed and maintained in such a way as to preserve the confidentiality thereof.

4. Except with the prior written consent of the Producing Party, or pursuant to further order of the Court, Confidential Information shall be limited to the following persons and only for the purpose of this action:

   a. The parties, which, for purposes of this order, includes officers, directors, and employees necessary to the prosecution or defense of this action;

   b. This Court, including Court personnel;

   c. Counsel who have appeared of record for a party in this action and partners, associates, legal assistants, or other employees of such counsel assisting in the prosecution or defense of this action;

   d. Experts and consulting experts who shall sign an Acknowledgment in the form of Exhibit A;

   e. Court reporters and persons operating video recording equipment at depositions in this action;

   f. Deponents and witnesses in this action;

   g. Any mediator retained by the parties to mediate the claims in this action; and

   h. Any person whose testimony reasonably requires the disclosure of Confidential Information by or to that person.

5. It shall be the responsibility of counsel for the Non-Producing Party to notify all authorized recipients of Confidential Information as set forth above regarding the existence and content of this Stipulated Protective Order, and to secure the agreement and compliance of all such recipients. Without limitation, all authorized recipients of Confidential Information shall agree prior to reviewing Confidential Information that they shall utilize the Confidential Information

solely and exclusively for the purpose of prosecuting or defending this action and that they shall not disclose and/or furnish Confidential Information to any other person.

6. Subject to the terms and provisions of any Scheduling Order entered by the Court, counsel for the Non-Producing Party may challenge the designation of information as "CONFIDENTIAL" at any time during the litigation by written notice to counsel for the Producing Party. If, after conferring in good faith, counsel for the parties are unable to agree on whether particular documents, data, or information shall be treated as "CONFIDENTIAL," the Non-Producing Party shall be responsible for complying with the procedures outlined in Section 6.F.4. of the Court's Case Management Order [53]. Pending a ruling by the Court, the disputed information shall be treated as confidential under the terms of this Stipulated Protective Order until the Court rules on the motion.

7. Unless other arrangements are agreed upon, counsel for the Non-Producing Party shall be responsible for ensuring that all Confidential Information in paper form is returned to the Producing Party and shall certify in writing the destruction of all electronically stored Confidential Information within 30 days after the final termination of this litigation.

8. Nothing in this Order shall be construed as a limitation on the use of Confidential Information at a trial or hearing. Any objection to the use of or limitation of confidential information at a trial or hearing shall be directed to the judicial officer presiding over the trial or hearing.

9. Nothing herein shall be construed or applied to affect the rights of any party to discovery under the Federal Rules of Civil Procedure, to assert any privilege or objection, or to prohibit any party from seeking such further provisions or relief as it deems necessary or desirable regarding this Order or the matter of confidentiality.

10. This Protective Order is not a judicial determination that any specific document or information designated by a party as confidential is subject to sealing under L.U. Civ. R. 79 or otherwise. In order for any document or information to be filed under seal, a party must first file a motion to file the document or information under seal in accordance with the procedures set forth in L.U. Civ. R. 79.

**SO ORDERED AND ADJUDGED** this the 29th day of January, 2025.

                                             s/ *Andrew S. Harris*
                                             UNITED STATES MAGISTRATE JUDGE

PREPARED BY AND AGREED TO:

| | |
|---|---|
| */s/ Samuel L. Begley* | */s/ Malissa Wilson* |
| Samuel L. Begley | Malissa Wilson (MSB #100751) |
| Begley Law Firm, PLLC | Chelsea Lewis (MSB #105300) |
| P.O. Box 287 | FORMAN WATKINS & KRUTZ LLP |
| Jackson, MS 39205 | 210 East Capitol Street, Suite 2200 |
| Telephone: (601) 969-5545 | Jackson, Mississippi 39201 |
| Email: begleylaw@gmail.com | Telephone: (601) 960-3178 |
| | Facsimile: (601) 960-8613 |
| *Attorney for Plaintiff* | Email: malissa.wilson@formanwatkins.com |
| | Email: chelsea.lewis@formanwatkins.com |
| | *Attorneys for Defendants* |

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**MOHAN PAULIAH, PH.D.**                                                    **PLAINTIFF**

**vs.**                                           **CASE NO: 3:23-cv-3113-CWR-ASH**

**UNIVERSITY OF MISSISSIPPI MEDICAL CENTER,**
**ET AL.**                                                            **DEFENDANTS**

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned, _____, hereby acknowledges receipt of the Protective Order entered in Case No. 3:23-cv-3113-CWR-ASH, *Mohan Pauliah, Ph.D. v. University of Mississippi Medical Center, et al.* I have reviewed that Protective Order and hereby agree to be bound by the terms thereof.

Date: _____

Print Name:_____

Signature: _____