IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MOHAN PAULIAH, PH.D.**  **PLAINTIFF**

vs.  CASE NO: 3:23-cv-3113-CWR-ASH

**UNIVERSITY OF MISSISSIPPI MEDICAL
CENTER, ET. AL.**  **DEFENDANTS**

### PLAINTIFF'S MEMORANDUM RESPONDING IN OPPOSITION TO MOTION TO DISMISS

The Plaintiff filed a complaint in New York state court against Memorial Sloan Kettering Cancer Center (MSK), his former employer, for wrongful termination.

The Plaintiff disclosed the New York lawsuit to UMMC in his discovery responses in this case.

The Plaintiff sat for a deposition in the New York case on January 24, 2023.

On that date, the Plaintiff was still an employee of UMMC, having been transferred to the MIND Center, and had reasonably hoped that he would stay on as an employee of UMMC.

Several months after the deposition, on July 1, 2023, the Plaintiff ultimately filed a charge of discrimination with the Jackson area office of the EEOC for wrongful termination of his employment by UMMC, alleging in his charge that the discriminatory act took place on May 31, 2023, the date of his termination. See Exhibit A to Second Amended Complaint. ECF Document 25-1.

When the Plaintiff sat for his New York deposition on January 24, 2023, he did not know that he had been replaced by Andrew Huettner, a younger white male with less experience than

1

him, which UMMC announced later, in March 2023. As noted, the Plaintiff had been transferred to the MIND Center and believed that there was a prospect that he would remain employed at UMMC.

The Plaintiff did not conceal the existence of the New York deposition from UMMC. He just did not have a copy of it. Plaintiff's counsel wrote UMMC counsel to tell her the Plaintiff did not have the deposition. Later, Plaintiff's New York lawyer provided the deposition to Plaintiff's Mississippi counsel when it was requested by him, and Paintiff's counsel immediately turned it over to UMMC counsel.

The Plaintiff has been truthful in his interrogatory responses in this case.

INTERROGATORY NO. 16: asked the Plaintiff to

"identify any instances when you raised complaints with human resources personnel; anyone you consider to be a supervisor; or, through UMMC's complaint reporting channels. Identify the individual to whom you communicated, what you communicated, in what form you communicated, and thedate of the communication."

In response ,the Plaintiff stated that he "reported to Molly Brasfield - Former UMMC Chief of Human Resources), on October 31, 2022, and subsequent meetings;" and that he reported to "Dr. Aby Thomas - UMMC Diversity Equity Inclusion Compliance Officer, in the months of August, 2022 and September 2022, and subsequent Christian fellowship meetings in December 2022;' and that he reported to "Dr. Candace Howard - Vice Chair Research Radiology Department UMMC on October 28, 2022, and subsequent meetings."

Notably, UMMC has not rebutted with counter affidavits of UMMC employees the Plaintiff's assertions in the above interrogatory responses.

At page 20 and 21, of the Plaintiff's New York deposition, attached to his Response, he answered truthfully that he had never brought a lawsuit against another employer besides Memorial Sloan Kettering, but that he had filed an EEOC charge against Northwestern Memorial Hospital. This was a truthful statement.

At the very end of the Plaintiff's New York deposition, at page 399, he was asked the following:

> Q. "You've not made any complaints since you've been at University of Mississippi? Is that accurate?"
>
> A. I've not been -- make complaints. If anything happens, if that has to be brought to the authority --
>
> Q. But you've not made any complaints thus far?
>
> A. No, ma'am.

Given the context of the questions asked during the New York deposition, the above statements of the Plaintiff, at page 399, are truthful. On the date of the New York deposition, the Plaintiff had not in fact brought a complaint to " the authority," which would have been an EEOC charge.

Notably, on the date of the New York deposition the Plaintiff had not even filed a written grievance with UMMC. The UMMC Faculty and Staff Handbook, page 24, linked below, states that employee grievances "may be presented to the office of employee relations <u>in writing</u>." (emphasis added.)

https://www.umc.edu/common/files/institutional%20files/facultystaffhandbook.pdf

The Plaintiff's New York deposition testimony regarding his subsequent employment at UMMC was not material to his wrongful termination case against MSK. Notably, the questions about UMMC were asked at the tail end of the New York deposition—at page 399 of 402 pages.

The Plaintiff asserts that he did not commit perjury in his New York deposition because he said nothing false. See Miss. Code. Ann. § 97-9-59 (Perjury is committed when a person "wilfully and corruptly swear[s], testif[ies], or affirm[s] falsely to any material matter under any oath, affirmation, or declaration legally administered in any matter, cause, or proceeding pending in any court of law or equity, or before any officer thereof, or in any case where an oath or affirmation is required by law or is necessary for the prosecution or defense of any private right or for the ends of public justice, or in any matter or proceeding before any tribunal or officer created by the Constitution or by law, or where any oath may be lawfully required by any judicial, executive, or administrative officer.").

The Plaintiff asserts that the testimony at page 339 of his deposition did not relate to a material matter in the New York case. *Ford v. State*, 610 So. 2d 370, 373 (Miss. 1992)

The Plaintiff further asserts that his interrogatory responses in this case are truthful.

The Plaintiff asserts that he has not engaged in contumacious conduct meriting dismissal of his case under Rule 41(b).

Accordingly, UMMC's motion to dismiss should be denied.

Date:   May 6, 2025.

        **MOHAN PAULIAH, PH.D,**
        **PLAINTIFF**

        */s/* Samuel L. Begley
        **SAMUEL L. BEGLEY, ESQ.**

>Miss. Bar No. 2315
>BEGLEY LAW FIRM, PLLC
>P. O. Box 287
>Jackson, MS 39205
>Tel: 601-969-5545
>begleylaw@gmail.com
>*Attorney for the Plaintiff*