**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**MOHAN PAULIAH, PH.D.**  **PLAINTIFF**

**vs.**  **CASE NO: 3:23-cv-3113-CWR-ASH**

**UNIVERSITY OF MISSISSIPPI MEDICAL**
**CENTER, ET. AL.**  **DEFENDANTS**

**PLAINTIFF'S RESPONSES TO UMMC'S SECOND SET OF INTERROGATORIES**
**AND THIRD SET OF REQUESTS FOR PRODUCTION**

**INTERROGATORIES**

**INTERROGATORY NO. 20:** Please describe any mental health treatment you have received **prior** to your employment at UMMC. Such description to include:

(a) treatments, including but not limited to inpatient or residential therapy, counseling, or hospitalization;

(b) dates of such treatments;

(c) the condition(s) for which treatment was received;

(d) the name and address of each treating doctor or mental health practitioner, including but not limited to Clarity Clinic, Northwestern, Memorial Sloan Kettering, Dr. Lal Henry (cousin), Dr. Anbesolin (sister), and Dr. Rahman;

(e) any medications prescribed and/or taken, including but not limited to Alprexol, Alprazolam, Clonazepam, Cymbalta, Fluoxetine, Bupropion, and herbal medicines; and

(f) any diagnostic tests and diagnoses received.

**RESPONSE TO INTERROGATORY NO. 20:** The Plaintiff objects to this interrogatory based on relevancy. The Plaintiff further objects to this interrogatory because it is unduly burdensome. The Plaintiff objects to this interrogatory based on privacy. The Plaintiff objects to this discovery pursuant to the psychotherapist or physician patient privilege, The Plaintiff's pre-employment mental health treatment has no bearing on his job performance or his termination. UMMC has not stated a compelling need for this disclosure. The Plaintiff has pleaded no more than garden variety emotional distress.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 20:** The Plaintiff understands that the timeframe of this interrogatory is from the date of his employment at Memorial Sloan Kettering until the date of his employment at UMMC. The Plaintiff responds to this interrogatory as follows:

> **(a) treatments, including but not limited to inpatient or residential therapy, counseling, or hospitalization;**

The plaintiff was treated for Mental health at Northwestern Memorial Hospital and Clarity Clinic in Chicago. The Plaintiff had neither undergone hospitalization nor residential therapy nor inpatient.

> **(b) Dates of such treatments:**
>
> The plaintiff doesn't have recollections and will have to refer to health records. Please refer to Northwestern Memorial Hospital's health records and Clarity Clinic for specific dates of the treatment.
>
> **(c) The condition(s) for which treatment was received;**

The plaintiff doesn't have recollections and will have to refer to health records. Please refer to Northwestern Memorial Hospital's health records and Clarity Clinic for specific dates of the treatment.

> **(d) the name and address of each treating doctor or mental health practitioner, including but not limited to Clarity Clinic, Northwestern, Memorial Sloan Kettering,**

> The plaintiff doesn't have recollections and will have to refer to health records. Please refer to Northwestern Memorial Hospital's health records and Clarity Clinic for specific dates of the treatment.
>
> The Plaintiff had an overseas telephonic consultation with Dr. Lal Henry (cousin), UK.
>
> **(e) any medications prescribed and/or taken, including but not limited to Alprexol, Alprazolam, Clonazepam, Cymbalta, Fluoxetine, Bupropion, and herbal medicines; and**
>
> The plaintiff doesn't have recollections and will have to refer to health records. Please refer to Northwestern Memorial Hospital's health records and Clarity Clinic for specific medication and treatment. Plaintiff recalls taking Herbal Medicines and occasional T. Alprazolam 0.25 mg.
>
> **(f) Any diagnostic tests and diagnoses received.**
>
> The plaintiff doesn't have recollections and will have to refer to health records. Please refer to Northwestern Memorial Hospital's health records and Clarity Clinic for specific dates of the treatment.

**Plaintiff's Emotional Distress and Medical History Overview:** The Plaintiff's statements are based on memory and not definitive records and should not be used against the Plaintiff.

The Plaintiff's health was reportedly good upon commencing employment with MSKCC and remained so until approximately 2011. Thereafter, the Plaintiff began experiencing intermittent episodes of anxiety and tension, accompanied by sleep disturbances, due to workplace-related issues, for which herbal remedies were used. These episodes, initially intermittent, progressively intensified in frequency and severity, becoming pronounced by February 2018. The Plaintiff's employment was subsequently terminated in March 2018.

Following the termination of employment from MSKCC, the Plaintiff experienced significant work-related emotional distress. Family & friends (Pauliah Anand- Brother) recommended herbal medicines and occasional T. Alprazolam 0.25 mg as needed, which the Plaintiff recalls taking.

Subsequently, the Plaintiff commenced employment with Northwestern University in August 2018. In 2019, the Plaintiff presented it to Northwestern Memorial Hospital for immediate medical attention. **(Reference: Northwestern Hospital report for diagnosis and treatment.)** Subsequently, the Plaintiff consulted with psychiatrist Dr. Sudhakar and underwent psychotherapy at Clarity Clinic, resulting in a medical leave of absence from January 2021 to May 2021. **(Reference: Clarity Clinic report.)** The Plaintiff reported a path to recovery and resumed work at Northwestern University in May 2021.

**The Plaintiff has since continued on a path of recovery and, as of September 2021, has not been on any form of medication, therapy, or counseling for mental health. During this recovery process, the Plaintiff was able to actively participate in multiple job interviews and successfully secure multiple offers of employment.**

**Furthermore, the Plaintiff was able to maintain functionality in daily life and subsequently joined the University of Mississippi Medical Center (UMMC). During the Plaintiff's tenure at UMMC, beginning on December 13, 2021, the Plaintiff performed assigned duties to the utmost satisfaction and gained the appreciation of managerial staff.**

<u>**INTERROGATORY NO. 21:**</u> Please describe whether you have suffered or experienced any pre-existing physical or mental conditions **prior** to your employment at UMMC, such as diabetes or other chronic conditions affecting your physical and/or mental health. Such description to include:

a) the nature, extent, and severity of the pre-existing condition;

b) diagnosis and date received;

c) and treatment or examination received.

<u>**RESPONSE TO INTERROGATORY NO. 21:**</u> The Plaintiff objects to this interrogatory based on relevancy. The Plaintiff further objects to this interrogatory because it is unduly burdensome. The Plaintiff objects to this interrogatory based on privacy. The Plaintiff objects to this discovery

4

pursuant to the physician patient privilege, The Plaintiff's pre-employment physical and mental health diagnosis and treatment has no bearing on his job performance or his termination. UMMC has not stated a compelling need for this disclosure.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 21:** The Plaintiff understands that the timeframe of this interrogatory is from the date of his employment at Memorial Sloan Kettering until the date of his employment at UMMC. The Plaintiff responds to this interrogatory as follows:

a) **the nature, extent, and severity of the pre-existing condition;**

Type 2 Diabetes Mellitus (Reference: Northwestern Hospital report for diagnosis and treatment.)

b) **diagnosis and date received:**

The plaintiff doesn't have recollections and will have to refer to health records. Please refer to Northwestern Memorial Hospital's health records

c) **and treatment or examination received.**

The plaintiff doesn't have recollections and will have to refer to health records. Please refer to Northwestern Memorial Hospital's health records

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 19:** Please produce any mental health or medical records identified in response to the interrogatories in UMMC's Second Set of Interrogatories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:** The Plaintiff objects to this request.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 19:** The Plaintiff is not in the possession, custody or control of these records.

**REQUEST FOR PRODUCTION NO. 20:** In lieu of producing records in response to Requests for Production Nos. 17 and 18 in Defendant's Second Set of Requests for Production, which requested the production of Plaintiff's records related to his complaints of discrimination against his prior employers, please produce a signed authorization (copy included) that allows Defendant to obtain a copy of Plaintiff's personnel records from his prior employers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:** The Plaintiff objects to this request.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 20:** The Plaintiff is not in the possession, custody or control of these records. Please provide the Plaintiff an appropriate authorization.

## DECLARATION

I declare under penalty of perjury that the foregoing interrogatory responses are true and correct.

Executed on May  30 , 2025.

_____
MOHAN PAULIAH

Date: May 30, 2025.

                                               **MOHAN PAULIAH, PH.D,**
                                               **PLAINTIFF**

                                               */s/ Samuel L. Begley*
                                               **SAMUEL L. BEGLEY, ESQ.**
                                               Miss. Bar No. 2315
                                               BEGLEY LAW FIRM, PLLC
                                               P. O. Box 287
                                               Jackson, MS 39205
                                               Tel: 601-969-5545
                                               begleylaw@gmail.com
                                               *Attorney for the Plaintiff*

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that I have served the foregoing document via electronic mail to, and have filed the related Notice of Service via CM/ECF:

    Malissa Wilson (MSB #100751)
    Chelsea Lewis (MSB #105300)
    FORMAN WATKINS & KRUTZ LLP
    210 East Capitol St., Suite 2200
    Jackson, Mississippi 39201
    Phone: (601) 960-3173
    Facsimile: (601) 960-8613
    malissa.wilson@formanwatkins.com
    chelsea.lewis@formanwatkins.com

*Attorneys for the Defendants*

THIS, the 30th day of May, 2025.

                                               */s/* Samuel L. Begley
                                               SAMUEL L. BEGLEY, ESQ.