IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MOHAN PAULIAH, *Ph.D.*,

    *Plaintiff*,

v.

UNIVERSITY OF MISSISSIPPI
MEDICAL CENTER, *et al.*,

    *Defendants*.

Cause No. 3:23-CV-3113-CWR-ASH

## ORDER

Mohan Pauliah was a tenure-track Assistant Professor of Radiology at the University of Mississippi Medical Center (UMMC) from 2021 to 2023. In this suit, he alleges that UMMC breached his contract, violated his constitutional rights, and engaged in employment discrimination in violation of several federal statutes. The operative pleading is his Second Amended Complaint. Docket No. 25.

Now before the Court is a motion for judgment on the pleadings filed by defendants Institutions of Higher Learning (IHL) and its Board Members: Bruce Martin, Jeanna Carter Luckey, Donald Clark, Jr., Dr. Ormella Cummings, Dr. Steven Cunningham, Teresa Hubbard, Jerry L. Griffith, Jimmy Heidelberg, Gee Ogletree, Hal Parker, Gregory Rader, Charlie Stephenson, and Dr. Alfred Rankins, Jr. (together, "movants"). Docket No. 64. They say a mix of procedural and substantive reasons warrant their dismissal from the case.

With the legal standard undisputed, *see Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007), we will proceed to the heart of the dispute.

All agree that a plaintiff litigating an ADEA claim in federal court may not obtain monetary damages against a State entity. That would violate the Eleventh Amendment. This Court's earlier Order said as much. *See* Docket No. 24.

Less clear is whether a plaintiff litigating an ADEA claim in federal court may seek reinstatement, a form of prospective relief, against officials of that State entity sued in their official capacities. The prior Order did not address this issue. *Id.* Some courts have found such a claim viable. *See Muhammad v. La. Hous. Corp.*, No. CV 23-1314-JWD-EWD, 2024 WL 3559588, at *5 & n.10 (M.D. La. July 26, 2024) (collecting authorities); *Amsel v. Tex. Water Dev. Bd.*, No. A-09-CA-389 LY, 2009 WL 10699100, at *5 (W.D. Tex. Sept. 3, 2009) (same); *Fernandez v. Tex. A & M Univ. Sys.*, No. 2:17-CV-387, 2018 WL 2563383, at *2-3 (S.D. Tex. June 4, 2018).

The movants argue that Dr. Pauliah's proposed Second Amended Complaint didn't lodge with sufficient clarity *this* particular cause of action against *them*, individually. Although he proposed to add an ADEA claim and bring in the movants as individual defendants to seek reinstatement, the ADEA count did not specifically re-urge reinstatement. Reinstatement was next mentioned three paragraphs later, in his prayer for relief. The movants object to the clarifications Dr. Pauliah made to seek reinstatement in his ADEA claim after the Court issued an Order granting him partial leave to amend.

The objection is understandable but does not warrant the movants' proposed remedy. Dr. Pauliah's Second Amended Complaint fairly conformed to the Court's Order. It added the individual defendants he believes to have power over reinstatement, deleted the ADEA claim asserted against UMMC, and amended the ADEA claim to assert it against the individuals. That was not in violation of a Court Order, but a tailoring of his pleading to what

had been permitted by the Order. Given the state of the law, *see supra*, such a modification cannot be said to be sanctionable trial by ambush or sandbagging worthy of dismissal.

The movants then press that their dismissal is appropriate because they are not necessary to accomplish reinstatement. The argument is undermined, though, by other cases in which UMMC has argued that under Mississippi law, all tenure-track professors' employment contracts are subject to the movants' final approval. *See Papin v. Univ. of Miss. Med. Ctr.*, 673 F. Supp. 3d 829, 837–38 (S.D. Miss. 2023); *see also Canon v. Bd. of Trs. of State Insts. of Higher Learning of Miss.*, 133 F. Supp. 3d 865, 873 (S.D. Miss. 2015) ("Thus, plaintiff's employment contract is with IHL."). Although the remedy of reinstatement is not regularly ordered at the end of employment discrimination cases, the better course of action is to deny this argument today without prejudice to it being fully fleshed-out by evidence or other legal authorities at a later stage of the case.

The motion is, therefore, denied.

**SO ORDERED**, this the 16th day of June, 2025.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
