UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MOHAN PAULIAH, PH.D                                                                                   PLAINTIFF

V.                                                                    CIVIL ACTION NO. 3:23-CV-3113-CWR-ASH

UNIVERSITY OF MISSISSIPPI MEDICAL CENTER, ET AL.                              DEFENDANTS

ORDER

On October 23, 2025, District Judge Carlton W. Reeves granted Defendants' motion for summary judgment in this employment-discrimination lawsuit but "retain[ed] jurisdiction for the limited purpose of holding a hearing under Rule 56(h)." Order [141] at 1. In particular, Judge Reeves concluded that the declaration of Plaintiff Mohan Pauliah, Ph.D, that was submitted in support of his response to the summary-judgment motion was "replete with misrepresentations of the record and, more alarmingly, outright fabricated quotations of sworn testimony." *Id.* at 4. Judge Reeves expressed "concern[] with the process that Plaintiff and his counsel may have used, when submitting the false statements and misrepresentations contained in Plaintiff's signed declaration" and thus stated his intent to "set a hearing" to determine "what sanctions, if any, may be imposed" on "Plaintiff and his counsel." *Id.* at 13.

On November 12, 2025, Pauliah's attorney, Samuel Lee Begley, moved for permission to withdraw as counsel. Mot. [142]. Pauliah filed a pro se response [144] as well as a motion [145] seeking a 30-day extension of time within which to further respond to the motion. The Court set Begley's motion for an in-person hearing, which took place this afternoon at 3 p.m.

Begley seeks withdrawal under Mississippi Rule of Professional Conduct 1.16(a)(3), which requires a lawyer to "withdraw from the representation of a client if . . . the lawyer is discharged." Begley says Pauliah's "apparent discharge decision" was communicated in emails

sent to the Court referencing his "pro se status." Mot. [142] at 2. Begley's motion also indicates that he and Pauliah disagree about the propriety of filing a motion to reconsider Judge Reeves's summary-judgment order. *See id.* ("The Plaintiff has provided the undersigned counsel with a copy of the proposed motion for reconsideration he intends to file pro se. . . . The undersigned counsel does not believe that filing a motion for reconsideration is warranted."). Finally, the undersigned recognizes a potential conflict of interest between Begley and Pauliah related to the underlying sanctions issue under Mississippi Rule of Professional Conduct 1.7(b). That rule provides that "[a] lawyer shall not represent a client if the representation of that client may be materially limited . . . by the lawyer's own interests, unless the lawyer believes: (1) the representation will not be adversely affected; and (2) the client has given knowing and informed consent after consultation."

"An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989). Whether to allow counsel to withdraw "is 'entrusted to the sound discretion of the court.'" *Caballero v. BP Expl. & Prod. Inc.*, No. 1:19-CV-305-HSO-JCG, 2020 WL 5588827, at *1 (S.D. Miss. Jan. 28, 2020) (quoting *Wynn*, 889 F.2d at 646).

The Court concludes that Begley's motion, expanded upon by the record developed at the hearing, demonstrates good cause for withdrawal. And while Pauliah's filed response indicates that he opposes Begley's unconditional withdrawal as counsel, he conceded at the hearing that his desire is to proceed pro se. The Court likewise concludes that Begley provided reasonable notice to Pauliah of his intent to withdraw: he served a copy of his motion to withdraw on Pauliah via email and U.S. Mail on November 12, 2025.

Pauliah suggests he will be prejudiced by the timing of Begley's withdrawal due to impending deadlines for him to file a motion under Rule 59(e) or to appeal the summary-judgment ruling. But the 28-day deadline for a Rule 59(e) motion and the 30-day deadline for a notice of appeal have yet to begin to run because the Court has not yet entered a Rule 58 judgment. Federal Rule of Civil Procedure 58 requires that, subject to certain exceptions not relevant here, a judgment "be set out in a separate document." Fed. R. Civ. P. 58(a).

"The sole purpose of the separate-document requirement, which was added to Rule 58 in 1963, was to clarify when the time for appeal . . . begins to run." *Bankers Tr. Co. v. Mallis*, 435 U.S. 381, 384 (1978). "Prior to enactment of Rule 58(a), 'some difficulty ha[d] arisen, chiefly where [a] court ha[d] written an opinion or memorandum containing some apparently directive or dispositive words, e.g., 'the plaintiff's motion for summary judgment is granted.'" *United States v. Mtaza*, 849 F. App'x 463, 467 (5th Cir. 2021) (per curiam) (unpublished) (quoting *Bankers Tr.*, 435 U.S. at 384).[1] In such cases, there was "a matter of doubt whether the purported entry of judgment was effective, starting the time running for post-verdict motions and for the purpose of appeal." *Id.* (quoting *Bankers Tr.*, 435 U.S. at 385); *see also id.* (observing the Supreme Court in *Bankers Trust* "made clear '[t]he rule should be interpreted to *prevent loss of the right of appeal, not to facilitate loss*'").

Where an order, like Judge Reeves's summary-judgment order, arguably grants judgment but no separate document is entered, the Federal Rules of Civil Procedure consider "judgment . . . entered" when a separate document evidencing the judgment is entered or "150 days have run from the entry [of the order] in the civil docket," whichever is earlier. Fed. R. Civ. P. 58(c)(2);

---

[1] *Mtaza* involved the United States as a party, so the time to appeal was 60 days. In this case, the time to appeal is 30 days.

3

*accord* Fed. R. App. P. 4(a)(7)(A)(ii) ("A judgment or order is entered for purposes of [the time to appeal] . . . if Federal Rule of Civil Procedure 58(a) requires a separate document, when the judgment or order is entered in the civil docket . . . and when the earlier of these occurs: . . . the judgment or order is set forth on a separate document, or . . . 150 days have fun from entry of the judgment or order in the civil docket . . . ."). The deadline to file a Rule 59(e) motion is "no later than 28 days after *the entry of judgment*." Fed. R. Civ. P. 59(e) (emphasis added); *see Britt v. Whitmire*, 956 F.2d 509, 515 (5th Cir. 1992) ("[I]f a Rule 59(e) motion is filed before a final judgment has been entered, the motion is timely whenever filed . . . ." (citing *Craigh v. Lynaugh*, 846 F.2d 11, 13 (5th Cir. 1988))); *see also Mtaza*, 849 F. App'x at 466–67 (finding Rule 59(e) motion was timely when filed 14 days after expiration of 150 days from the summary-judgment order in the absence of a separate Rule 58 final judgment). And the deadline for a notice of appeal is "within 30 days after *entry of the judgment* or order appealed from." Fed. R. App. P. 4(a)(1)(A) (emphasis added); *see Schiro v. Office Depot, Inc.*, 634 F. App'x 965, 968 n.6 (5th Cir. 2015) ("The time to file a notice of appeal does not begin to run until final judgment is entered."). Because in the absence of a separate final judgment, neither of these deadlines has begun to run, Begley's withdrawal at this stage would not unduly prejudice Pauliah.[2]

      Because there is no need for further development of the record on Begley's motion to withdraw, Pauliah's motion for a 30-day extension [145] is denied. Begley's motion to withdraw [142] is granted, and he is hereby withdrawn as counsel for Pauliah going forward. In accordance with his stated intent at the hearing (and in his response), Pauliah is now proceeding pro se. Begley, however, remains responsible for all pleadings he has filed up to this point, and he will

---

[2] That said, Pauliah acknowledged that he has a pro se motion to reconsider and a separate notice of appeal ready to file. If he remains concerned about the Rule 59(e) and notice-of-appeal deadlines, Pauliah may protectively file these documents upon Begley's withdrawal.

be required to participate in the hearing contemplated by Judge Reeves's summary-judgment order. *See Abney v. State Farm Fire and Cas. Co.*, No. 1:07-CV-711-LTS-RHW, 2008 WL 2331098, at *1 (S.D. Miss. Jun. 4, 2008) ("Sanctions may be imposed upon attorneys following withdrawal as counsel with respect to matters that occur during the course of their representation." (citing *Wyssbrod v. Wittjen*, 798 So. 2d 352 (Miss. 2001))). Begley represented during the hearing that he has already provided the contents of the client file to Pauliah during the course of the representation. Because some disagreement remains, the Court also orders Begley to provide Pauliah with a copy of all pleadings and discovery within one week.

      **SO ORDERED AND ADJUDGED** this the 19th day of November, 2025.

                                s/ *Andrew S. Harris*
                                UNITED STATES MAGISTRATE JUDGE