UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MOHAN PAULIAH, PH.D                                                                                              PLAINTIFF

V.                                                               CIVIL ACTION NO. 3:23-CV-3113-CWR-ASH

UNIVERSITY OF MISSISSIPPI MEDICAL CENTER, ET AL.                              DEFENDANTS

ORDER

On October 23, 2025, the Court granted Defendants' motion for summary judgment in this employment-discrimination case but held the case open to consider the imposition of sanctions on Plaintiff Mohan Pauliah and/or his attorney for "multiple fabrications and misrepresentations of the record" in Pauliah's declaration. Order [141] at 1. Pauliah's attorney, Samuel Lee Begley, then moved to withdraw as counsel, and the Court set his motion for a November 19, 2025 hearing. Prior to the hearing, Pauliah filed a 39-page response to the motion to withdraw, which the Court fully considered. After the hearing—at which Pauliah conceded that he desires to proceed pro se—the Court granted Begley's motion to withdraw but explained that Begley "remains responsible for all pleadings he has filed up to this point, and he will be required to participate in the hearing contemplated by Judge Reeves's summary-judgment order." Order [147] at 4–5.

Citing Federal Rule of Civil Procedure 60(a), Pauliah now asks the Court to clarify and correct its order because it "omits material facts already before the Court, including . . . Begley's . . . email admissions acknowledging responsibility for procedural errors in Plaintiff's declaration and his failure to file corrective action." Mot. [156] at 1; *see* Fed. R. Civ. P. 60(a) ("The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."). But the Court's order addressed the

issues it deemed necessary in ruling on the motion to withdraw; the Court was under no obligation to address factual issues raised by Pauliah that were not germane to the motion to withdraw. The hearing was transcribed by a court reporter, Pauliah's filings are in the record and available on the docket, and Pauliah will be able to present whatever factual arguments he wishes to Judge Reeves at the forthcoming hearing. The Court's order granting Begley's motion to withdraw contained no "mistake" that needs correcting under Rule 60(a). Pauliah's motion to clarify and correct [156] is denied.

**SO ORDERED AND ADJUDGED** this the 3rd day of December, 2025.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE