

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

DEC - 5 2025

ARTHUR JOHNSTON
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MOHAN PAULIAH, Ph.D.                                    PLAINTIFF

VS.                              CIVIL ACTION NO. 3:23-cv-03113-CWR-ASH

UNIVERSITY OF MISSISSIPPI MEDICAL CENTER,

ET AL.,                                                DEFENDANTS

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' TIME ENTRIES AND

RESPONSE TO FORMER COUNSEL'S SUBMISSION

Plaintiff, Dr. Mohan Pauliah, appearing pro se, respectfully submits these Objections to

Defendants' Billing Entries pursuant to this Court's November 4, 2025, Text Order, and in response

to the submission filed by his former counsel, Samuel L. Begley, on December 5, 2025.

I. PRELIMINARY STATEMENT

Plaintiff objects in full to Defendants' request for attorneys' fees under Federal Rule of Civil

Procedure 56(h). The foundational requirement for such an award - a finding of Plaintiff's personal

bad faith - is absent. Any sanctionable conduct is solely attributable to former counsel Samuel L.

Begley. His December 5 filing, while improperly captioned, provides conclusive admissions that

(1) the vast majority of Defendants' hours are unreasonable, and (2) he is the responsible

"submitting party." Therefore, no fees are recoverable from Plaintiff.

## II. FORMER COUNSEL'S UNAUTHORIZED BUT TELLING SUBMISSION

On December 5, 2025, Samuel L. Begley filed a document titled **"Plaintiff's Counsel's Objections."** By Order dated November 19, 2025 (Dkt. 147), Mr. Begley was withdrawn as counsel. He does not represent Plaintiff and Plaintiff does not approve this.

Notwithstanding its improper style, the substance of Mr. Begley's filing is a devastating admission against his own interest. In an attempt to limit his personal financial exposure, Mr. Begley concedes that only approximately 10.9 hours of Defendants' billed time were "incurred as a result" of the specific misrepresentations in the declaration. See Begley Submission at ¶ 7. He does not object to fees for these hours. This tactical concession unwittingly proves two critical points:

1. **It Affirms the Unreasonableness of Most Fees:** By isolating 10.9 hours as the only ones truly caused by the declaration's flaws, Mr. Begley's own analysis demonstrates that the remaining 54.7 hours claimed by Defendants are unreasonable, duplicative, and unrelated. Those hours must be disallowed in their entirety under Hensley v. Eckerhart, 461 U.S. 424, 434 (1983), and Fox v. Vice, 563 U.S. 826, 836 (2011).

2. **It Identifies the True "Submitting Party":** Mr. Begley's argument is predicated on the Court's finding of "bad faith." As established below, any sanctionable bad faith is attributable solely to Mr. Begley. By arguing which hours were proximately caused by the declaration's defects, he implicitly admits he is the relevant **"submitting party"** whose conduct is at issue for purposes of Rule 56(h).

## III. OBJECTION TO THE LEGAL BASIS FOR ANY FEE AWARD AGAINST PLAINTIFF

Rule 56(h) authorizes fees against "the submitting party" who acts in "bad faith or solely for delay." Fed. R. Civ. P. 56(h). The record conclusively establishes that the responsible "submitting party" was Mr. Begley, **not Plaintiff.**

1. **Admission of Sole Responsibility:** Mr. Begley has admitted that ensuring the accuracy of the declaration was his "responsibility" and that he takes "full responsibility for this oversight." See Dkt. 144, 154, 154.1, 155, 155.1, 157, and 158  Exhibit A (Email from Samuel L. Begley to Plaintiff, Oct. 24, 2025, 8:28 AM). He drafted, vetted, and filed the declaration - a document watermarked **"Draft Two."**

2. **Client Reliance on Counsel:** Under time constraint, as per the direction of counsel Plaintiff signed the declaration in good-faith reliance on his attorney's professional judgment. A client cannot be sanctioned for the admitted negligence of his attorney. *Link v. Wabash R. Co.,* 370 U.S. 626, 633–34 (1962); *Pryor v. U.S. Postal Serv.,* 769 F.2d 281, 288 (5th Cir. 1985).

3. **No Finding of Plaintiff's Bad Faith:** The Court's October 23 Order did not, and could not on this record, make the requisite specific finding of Plaintiff's subjective intent to deceive. *Gipson v. Weatherford College,* 2024 WL 3739095, at 2 (5th Cir. 2024).


## IV. OBJECTIONS TO THE REASONABLENESS OF DEFENDANTS' TIME ENTRIES

If the Court reaches the reasonableness of the fees, Plaintiff objects to all time entries.

1. **Global Objection – Fault Lies with Counsel:** All fees were "incurred as a result" of a declaration for which Mr. Begley has admitted sole responsibility. Shifting these costs to Plaintiff would punish the client for the attorney's breach.

2. **Specific Objections – Inflated and Unrelated Hours:** Defendants' billing records (65.6 hours across five timekeepers) are facially excessive.

   Duplicative Efforts: Multiple attorneys billed for identical tasks.

   Vague and Block-Billed Entries: Prevent reasonableness assessment.

Unrelated Tasks: Defendants seek fees for general summary judgment research and internal strategy, not proximately caused by the declaration. Fox v. Vice, 563 U.S. at 836.

## V. CONCLUSION

Former counsel's self-serving submission unwittingly provides the Court with a roadmap for denying Defendants' fee request. His concessions confirm that

(1) the vast majority of claimed fees are unreasonable, and

(2) the only party whose conduct proximately caused even the arguably related hours is Mr. Begley himself. Rule 56(h) is not a mechanism to punish a blameless client who acted in good faith.

**WHEREFORE,** Plaintiff respectfully requests that this Court:

1. Deny Defendants' request for attorneys' fees under Rule 56(h) in its entirety;

2. In the alternative, disallow all of Defendants' time entries as unreasonable and not properly incurred as a result of any sanctionable conduct by Plaintiff; and

3. Grant such other and further relief as the Court deems just.

Respectfully submitted this 5th day of December 2025.

/s/ **Mohan Pauliah**
**Dr. Mohan Pauliah, Ph.D.**
Plaintiff, Pro Se
100 Sagefield Drive Canton, MS 39046
Email: pauliahmohan@gmail.com | Phone: (347) 949-3224

## - CERTIFICATE OF SERVICE -

I hereby certify that on this 5th day of December, 2025, I caused a true and correct copy of the foregoing Plaintiff's Objections to Defendants' Time Entries and Response to Former Counsel's Submission to be served via the Court's CM/ECF system upon all counsel of record.

/s/ **Mohan Pauliah**
**Dr. Mohan Pauliah, Ph.D.**
Plaintiff, Pro Se
100 Sagefield Drive Canton, MS 39046
Email: pauliahmohan@gmail.com | Phone: (347) 949-3224