# Exhibit B

 Gmail

Mohan Pauliah <pauliahmohan@gmail.com>

## Re: Urgent: Required Action legal Plan and Follow-Up Statement re: Rule 56(h) Finding (CASE NO: 3:23-cv-3113-CWR-ASH Pauliah vs. UMMC)

**Samuel Begley** <begleylaw@gmail.com>
To: PaulMohan <pauliahmohan@gmail.com>

Sun, Oct 26, 2025 at 1:51 PM

Paul,
As counsel in this litigation, I will take all appropriate steps to address the order of the Court, including my filing any needed papers and appearing at any hearing the court may schedule.
I have told you that I was responsible for reviewing your declaration before filing it with your response.
I am reviewing the relevant pleadings and the Court's order, and am conferring with another attorney, to determine the appropriate course of action.
Let me know what you might need in regard to INS, and I will try to help.
SAM

On Sat, Oct 25, 2025 at 12:00 AM PaulMohan <pauliahmohan@gmail.com> wrote:
> **Subject:** URGENT: Immediate Action Plan Required re: Rule 56(h) Finding – CASE NO: 3:23-cv-3113-CWR-ASH
>
> Dear Mr. Samuel Begley, Esq.,
>
> I am grateful for your confirmation of receipt and for your continued representation in this matter. I value your standing and ability to guide this case. That said, the situation remains extremely critical. The Court's Rule 56(h) finding has placed my professional reputation and immigration status in immediate jeopardy. While your written acknowledgment of responsibility on October 24th at 8:28 AM was an important first step, it is not sufficient on its own to address the urgency of the present circumstances.
>
> With due respect, I must request that you kindly provide, no later than **5:00 PM CST on Tuesday, October 28, 2025**, with the following:
>
> 1. **Your Sworn Affidavit:** A draft of the **"DECLARATION OF SAMUEL L. BEGLEY, ESQ."** accepting responsibility for the procedural errors and affirming my good faith, ready for filing.
>
> 2. **Drafted Motions:** drafted **EMERGENCY MOTION FOR RELIEF FROM JUDGMENT** pursuant to Fed. R. Civ. P. 60(b) and the **MOTION TO RECONSIDER** the Rule 56(h) finding.
>
> 3. **A Defined Timeline:** A clear schedule for the filing of these documents with the Court.
>
> 4. **Hearing/Testimony Commitment:** Confirmation that you are prepared to appear and testify at any Rule 56(h) hearing to affirm these facts.
>
> 5. **Protective Statement:** Your assistance in preparing a formal protective statement for immigration & customs authorities to mitigate collateral consequences.
>
> I fully appreciate the demands on your time and the weight of your responsibilities, but I must also emphasize that my family's future depends on these corrective steps being taken without delay. Your cooperation in this matter is crucial, and I remain confident that we can address the Court's concerns and protect my rights.
>
> If, however, you are unable to commit to this immediate course of action, I respectfully ask that you inform me without delay so that I may take the necessary steps to secure and protect my rights.

Thank you again for your attention. I am looking forward to receiving your response and the requested documents.

Sincerely,
Dr. Mohan Pauliah

On Fri, Oct 24, 2025 at 5:13 PM Samuel Begley <begleylaw@gmail.com> wrote:
Received.
Paul, I am representing you as your attorney regarding the litigation claims pertaining to your termination of employment by UMMC.
SAM

On Fri, Oct 24, 2025 at 12:55 PM PaulMohan <pauliahmohan@gmail.com> wrote:

### Subject: Urgent: Required Action legal Plan and Follow-Up Statement re: Rule 56(h) Finding

Dear Samuel Begley Esq.,

Thank you for your previous acknowledgment of responsibility concerning the declaration that led to the Court's adverse ruling (CASE NO: 3:23-cv-3113-CWR-ASH Pauliah vs. UMMC). As we discussed, the Court's finding under Rule 56(h) has had immediate and severe consequences for me, both professionally and in my ongoing immigration proceedings. My family and I are now confronting the real and distressing possibilities of enforcement action, removal, and irreparable damage to my reputation based on this finding of bad faith.

Given the gravity of this situation and based on your acknowledged role in this matter, I require your immediate assistance to formally address the record. I respectfully request that you provide me with a detailed written statement and a clear plan of action, specifically addressing the following points:

1. **Your Position on the Ruling's Impact:** Please provide a written confirmation that you recognize the Court's ruling may unfairly prejudice my professional standing and immigration status, and that you support all necessary efforts to correct the record to prevent this harm.

2. **Your Concrete Plan for Resolution:** Please outline in detail the specific steps you will take to remedy this situation. Could you kindly include a clear indication of your commitment to:

   - Drafting and filing a motion to reconsider the Court's Rule 56(h) finding and the subsequent dismissal.

   - Preparing and submitting a sworn affidavit that accepts full responsibility for the procedural error and affirms my good faith throughout the litigation. - **DECLARATION OF SAMUEL L. BEGLEY, ESQ.**

   - Appearing and testifying at any subsequent Rule 56(h) hearing to confirm these facts.

   - Assisting in the preparation of a formal, protective statement for United States Immigration and Customs Enforcement and relevant authorities - **PROTECTIVE STATEMENT REGARDING FEDERAL CIVIL LITIGATION**

   - **Preparing and submitting an EMERGENCY MOTION FOR RELIEF FROM JUDGMENT AND RULE 56(h) FINDINGS PURSUANT TO FED. R. CIV. P. 60(b)**

3. **Your Commitment to Mitigation:** Please confirm that you will take all reasonable and necessary steps to mitigate the fallout from this ruling. This includes providing your full

support for any appeals, motions for post-judgment relief, or other legal actions required to protect my record and rectify this situation.

The gravity of this cannot be overstated. I remain deeply concerned about the immediate and long-term consequences of this situation. I relied on your professional guidance, and I now expect you to honor your professional obligations by taking immediate and decisive action to resolve the severe fallout from this error. A fair, transparent, and urgent response is essential to protecting my rights and my family's future.

Please provide your written response ASAP and proposed action plan at your earliest opportunity. I am available to provide any necessary information or clarification you may require.

Thank you

Sincerely,

Dr. Mohan Pauliah

On Fri, Oct 24, 2025 at 8:28 AM Samuel Begley <begleylaw@gmail.com> wrote:
Paul, I acknowledge receipt of your email.
I don't think you engaged in bad faith in connection with your declaration.
It was my responsibility to ensure that your declaration was accurate before attaching it as an exhibit to our response.
SAM

On Fri, Oct 24, 2025 at 2:09 AM PaulMohan <pauliahmohan@gmail.com> wrote:

**Subject: Urgent Request for Written Statement Regarding Declaration and Discovery**

Dear Samuel Begley Esq,

I'm writing to respectfully request a written statement or affidavit from you regarding your role in drafting and submitting my declaration in opposition to Defendants' Motion for Summary Judgment.

As you know, the Court has scheduled a Rule 56(h) hearing to determine whether my declaration was submitted in bad faith. **This hearing carries serious implications—not only for my professional reputation and future employment—but also for my immigration status and eligibility for U.S. citizenship.** A finding of bad faith or misrepresentation could jeopardize my ability to meet the "good moral character" requirement and may trigger additional scrutiny or delays in my immigration proceedings.

During our phone conversation on the evening of October 23, you acknowledged that the responsibility for the declaration rests with you and that any sanctions would fall on you, not me. You also indicated that you would review how Dr. Howard's deposition testimony may have influenced the Court's interpretation of my declaration. I deeply appreciate your candor and your willingness to help clarify and resolve the record.

To that end, I respectfully ask that you confirm in writing:

- That you provided the draft declaration and instructed me to add content and sign it quickly. (attached Doc 131)

- That you advised me the Court would consider relevant portions and not strike the entire document.

- That you informed me that interpretive summaries and paraphrased references to deposition testimony were acceptable (attached)

- That I relied on your guidance and did not intend to mislead the Court.

- That I repeatedly asked you to file a motion to compel production of documents and emails, and that no such motion was filed.

- That you support reinstating valid portions of the declaration and oppose sanctions.

I would be grateful to receive this statement as soon as possible, ideally before the Rule 56(h) hearing. Please let me know if you need any supporting materials or clarification. I am committed to resolving this matter

transparently and respectfully.

Sincerely,

Mohan Pauliah

On Thu, Oct 23, 2025 at 5:55 PM Samuel Begley <begleylaw@gmail.com> wrote:

--
**Samuel L. Begley**
BEGLEY LAW FIRM, PLLC
Mailing Address: P.O. Box 287,Jackson, MS 39205
Home Address: 255 Eastbrooke Street, Jackson, MS 39216
Land line:  601-969-5545
Cell:        601-940-2408

E-mail:  begleylaw@gmail.com

https://www.sambegleylaw.com/
https://www.facebook.com/begleylawfirm/
https://www.linkedin.com/in/sambegley

*******************************************************************************************************
NOTICE: This email and any attachments may be confidential and  protected by legal privilege. If you are
not the intended recipient, be aware that any disclosure, copying, distribution or use of the email or any
attachment is prohibited. If you have received this email in error, please notify us immediately by replying to
the sender and deleting this copy and the reply from your system.
*******************************************************************************************************


--
Dr. Mohan Pauliah


--
**Samuel L. Begley**
BEGLEY LAW FIRM, PLLC
Mailing Address: P.O. Box 287,Jackson, MS 39205
Home Address: 255 Eastbrooke Street, Jackson, MS 39216
Land line:  601-969-5545
Cell:        601-940-2408

E-mail:  begleylaw@gmail.com

https://www.sambegleylaw.com/
https://www.facebook.com/begleylawfirm/
https://www.linkedin.com/in/sambegley

*******************************************************************************************************
NOTICE: This email and any attachments may be confidential and  protected by legal privilege. If you are not
the intended recipient, be aware that any disclosure, copying, distribution or use of the email or any  attachment
is prohibited. If you have received this email in error, please notify us immediately by replying to the sender and
deleting this copy and the reply from your system.
*******************************************************************************************************


--
Dr. Mohan Pauliah

*Samuel L. Begley*
BEGLEY LAW FIRM, PLLC
Mailing Address: P.O. Box 287,Jackson, MS 39205
Home Address: 255 Eastbrooke Street, Jackson, MS 39216
Land line:  601-969-5545
Cell:        601-940-2408

E-mail:  begleylaw@gmail.com

https://www.sambegleylaw.com/
https://www.facebook.com/begleylawfirm/
https://www.linkedin.com/in/sambegley

*******************************************************************************************

NOTICE:  This email and any attachments may be confidential and  protected by legal privilege.  If you are not the
intended recipient, be aware that any disclosure, copying, distribution or use of the email or any  attachment is
prohibited.  If you have received this email in error, please notify us immediately by replying to the sender and
deleting this copy and the reply from your system.
*******************************************************************************************

--
Dr.  Mohan Pauliah

--
*Samuel L. Begley*
BEGLEY LAW FIRM, PLLC
Mailing Address: P.O. Box 287,Jackson, MS 39205
Home Address: 255 Eastbrooke Street, Jackson, MS 39216
Land line:  601-969-5545
Cell:        601-940-2408

E-mail:  begleylaw@gmail.com

https://www.sambegleylaw.com/
https://www.facebook.com/begleylawfirm/
https://www.linkedin.com/in/sambegley

*******************************************************************************************
NOTICE:  This email and any attachments may be confidential and  protected by legal privilege.  If you are not the
intended recipient, be aware that any disclosure, copying, distribution or use of the email or any  attachment is prohibited.
If you have received this email in error, please notify us immediately by replying to the sender and deleting this copy and
the reply from your system.
*******************************************************************************************

 Gmail

**Mohan Pauliah <pauliahmohan@gmail.com>**

## Re: Urgent: Required legal Plan Action and (CASE NO: 3:23-cv-3113-CWR-ASH Pauliah vs. UMMC) and Case: 25CI1:24cv00663AHW action no 24-663

**PaulMohan** <pauliahmohan@gmail.com>                                          Sun, Oct 26, 2025 at 2:33 PM
To: Samuel Begley <begleylaw@gmail.com>
Bcc: Mohan Pauliah <pauliahmohan@gmail.com>, Blessy Ammy Joan <pauliahanand@gmail.com>,
paulmummc@gmail.com, Merlin Margaret VA <merlinmargaret@gmail.com> .

Dear Sam,
Thank you for your timely response and help.
paul

Dr. Mohan Pauliah

On Sun, Oct 26, 2025, 1:53 PM Samuel Begley <begleylaw@gmail.com> wrote:
> paul,
> I intend to timely file a motion to amend the state court complaint.
> SAM

> On Sun, Oct 26, 2025 at 7:49 AM PaulMohan <pauliahmohan@gmail.com> wrote:
> **Subject: Follow-Up: Request to Refile State-Law Claim in Hinds County  Case: 25CI1:24cv00663AHW Action no: 24-663**
>
> Dear Samuel Begley Esq.,
>
> I'm writing to follow up on my earlier message regarding the federal court's dismissal of my state-law claim for tortious interference with employment. As you know, the court declined to exercise supplemental jurisdiction, and the dismissal was without prejudice. Under 28 U.S.C. § 1367(d), I have a limited 30-day window to refile this claim in state court.
>
> Given these circumstances, I would like to ask whether you are willing to represent me in refiling the claim in the Circuit Court of Hinds County, Mississippi. The record already contains substantial factual and procedural groundwork, which I believe will allow us to move efficiently in presenting the case at the state level.
>
> I would greatly appreciate your guidance on the best way to proceed, including any immediate steps we should take to ensure the claim is timely and properly filed. Please let me know your availability and whether you are comfortable moving forward with this filing. If you need any supporting materials or would like to discuss strategy, I am happy to assist in preparing them.
>
> Thank you again for your continued support and representation during this process.
>
> Sincerely,
> Mohan Pauliah, Ph.D.
>
> On Sat, Oct 25, 2025 at 12:00 AM PaulMohan <pauliahmohan@gmail.com> wrote:
>> **Subject:** URGENT: Immediate Action Plan Required re: Rule 56(h) Finding – CASE NO: 3:23-cv-3113-CWR-ASH
>>
>> Dear Mr. Samuel  Begley, Esq.,
>>
>> I am grateful for your confirmation of receipt and for your continued representation in this matter. I value your standing and ability to guide this case. That said, the situation remains extremely critical. The Court's Rule 56(h) finding has placed my professional reputation and immigration status in immediate jeopardy. While your written acknowledgment of responsibility on October 24th at 8:28 AM was an important first step, it is not sufficient on its own to address the urgency of the present circumstances.

With due respect, I must request that you kindly provide, no later than **5:00 PM CST on Tuesday, October 28, 2025**, with the following:

1. **Your Sworn Affidavit:** A draft of the **"DECLARATION OF SAMUEL L. BEGLEY, ESQ."** accepting responsibility for the procedural errors and affirming my good faith, ready for filing.

2. **Drafted Motions:** drafted **EMERGENCY MOTION FOR RELIEF FROM JUDGMENT** pursuant to Fed. R. Civ. P. 60(b) and the **MOTION TO RECONSIDER** the Rule 56(h) finding.

3. **A Defined Timeline:** A clear schedule for the filing of these documents with the Court.

4. **Hearing/Testimony Commitment:** Confirmation that you are prepared to appear and testify at any Rule 56(h) hearing to affirm these facts.

5. **Protective Statement:** Your assistance in preparing a formal protective statement for immigration & customs authorities to mitigate collateral consequences.

I fully appreciate the demands on your time and the weight of your responsibilities, but I must also emphasize that my family's future depends on these corrective steps being taken without delay. Your cooperation in this matter is crucial, and I remain confident that we can address the Court's concerns and protect my rights.

If, however, you are unable to commit to this immediate course of action, I respectfully ask that you inform me without delay so that I may take the necessary steps to secure and protect my rights.

Thank you again for your attention. I am looking forward to receiving your response and the requested documents.

Sincerely,
Dr. Mohan Pauliah

On Fri, Oct 24, 2025 at 5:13 PM Samuel Begley <begleylaw@gmail.com> wrote:
Received.
Paul, I am representing you as your attorney regarding the litigation claims pertaining to your termination of employment by UMMC.
SAM

On Fri, Oct 24, 2025 at 12:55 PM PaulMohan <pauliahmohan@gmail.com> wrote:

### Subject: Urgent: Required Action legal Plan and Follow-Up Statement re: Rule 56(h) Finding

Dear Samuel Begley Esq.,

Thank you for your previous acknowledgment of responsibility concerning the declaration that led to the Court's adverse ruling (CASE NO: 3:23-cv-3113-CWR-ASH Pauliah vs. UMMC). As we discussed, the Court's finding under Rule 56(h) has had immediate and severe consequences for me, both professionally and in my ongoing immigration proceedings. My family and I are now confronting the real and distressing possibilities of enforcement action, removal, and irreparable damage to my reputation based on this finding of bad faith.

Given the gravity of this situation and based on your acknowledged role in this matter, I require your immediate assistance to formally address the record. I respectfully request that you provide me with a detailed written statement and a clear plan of action, specifically addressing the following points:

1. **Your Position on the Ruling's Impact:** Please provide a written confirmation that you recognize the Court's ruling may unfairly prejudice my professional standing and immigration status, and that you support all necessary efforts to correct the record to prevent this harm.

2. **Your Concrete Plan for Resolution:** Please outline in detail the specific steps you will take to remedy this situation. Could you kindly include a clear indication of your commitment to:

   o Drafting and filing a motion to reconsider the Court's Rule 56(h) finding and the subsequent dismissal.

   o Preparing and submitting a sworn affidavit that accepts full responsibility for the procedural error and affirms my good faith throughout the litigation. - **DECLARATION OF SAMUEL L. BEGLEY, ESQ.**

   o Appearing and testifying at any subsequent Rule 56(h) hearing to confirm these facts.

   o Assisting in the preparation of a formal, protective statement for United States Immigration and Customs Enforcement and relevant authorities - **PROTECTIVE STATEMENT REGARDING FEDERAL CIVIL LITIGATION**

   o **Preparing and submitting an EMERGENCY MOTION FOR RELIEF FROM JUDGMENT AND RULE 56(h) FINDINGS PURSUANT TO FED. R. CIV. P. 60(b)**

3. **Your Commitment to Mitigation:** Please confirm that you will take all reasonable and necessary steps to mitigate the fallout from this ruling. This includes providing your full support for any appeals, motions for post-judgment relief, or other legal actions required to protect my record and rectify this situation.

The gravity of this cannot be overstated. I remain deeply concerned about the immediate and long-term consequences of this situation. I relied on your professional guidance, and I now expect you to honor your professional obligations by taking immediate and decisive action to resolve the severe fallout from this error. A fair, transparent, and urgent response is essential to protecting my rights and my family's future.

Please provide your written response ASAP and proposed action plan at your earliest opportunity. I am available to provide any necessary information or clarification you may require.

Thank you

Sincerely,

Dr. Mohan Pauliah

On Fri, Oct 24, 2025 at 8:28 AM Samuel Begley <begleylaw@gmail.com> wrote:
Paul, I acknowledge receipt of your email.
I don't think you engaged in bad faith in connection with your declaration.
It was my responsibility to ensure that your declaration was accurate before attaching it as an exhibit to our response.
SAM

On Fri, Oct 24, 2025 at 2:09 AM PaulMohan <pauliahmohan@gmail.com> wrote:

**Subject: Urgent Request for Written Statement Regarding Declaration and Discovery**

Dear Samuel Begley Esq,

I'm writing to respectfully request a written statement or affidavit from you regarding your role in drafting and submitting my declaration in opposition to Defendants' Motion for Summary Judgment.

As you know, the Court has scheduled a Rule 56(h) hearing to determine whether my declaration was submitted in bad faith. **This hearing carries serious implications—not only for my professional reputation and future employment—but also for my immigration status and eligibility for U.S. citizenship.** A finding of bad faith or misrepresentation could jeopardize my ability to meet the "good moral character" requirement and may trigger additional scrutiny or delays in my immigration proceedings.

During our phone conversation on the evening of October 23, you acknowledged that the responsibility for the declaration rests with you and that any sanctions would fall on you, not me. You also indicated that you would review how Dr. Howard's deposition testimony may have influenced the Court's interpretation of my declaration. I deeply appreciate your candor and your willingness to help clarify and resolve the record.

To that end, I respectfully ask that you confirm in writing:

- That you provided the draft declaration and instructed me to add content and sign it quickly. (attached Doc 131)

- That you advised me the Court would consider relevant portions and not strike the entire document.

- That you informed me that interpretive summaries and paraphrased references to deposition testimony were acceptable (attached)

- That I relied on your guidance and did not intend to mislead the Court.

- That I repeatedly asked you to file a motion to compel production of documents and emails, and that no such motion was filed.

- That you support reinstating valid portions of the declaration and oppose sanctions.

I would be grateful to receive this statement as soon as possible, ideally before the Rule 56(h) hearing. Please let me know if you need any supporting materials or clarification. I am committed to resolving this matter transparently and respectfully.

Sincerely,

Mohan Pauliah

On Thu, Oct 23, 2025 at 5:55 PM Samuel Begley <begleylaw@gmail.com> wrote:

--
*Samuel L. Begley*
BEGLEY LAW FIRM, PLLC
Mailing Address: P.O. Box 287, Jackson, MS 39205
Home Address: 255 Eastbrooke Street, Jackson, MS 39216
Land line:  601-969-5545
Cell:        601-940-2408

E-mail:  begleylaw@gmail.com

https://www.sambegleylaw.com/
https://www.facebook.com/begleylawfirm/
https://www.linkedin.com/in/sambegley

****************************************************************************************************
NOTICE: This email and any attachments may be confidential and protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the email or any attachment is prohibited. If you have received this email in error, please notify us immediately by replying to the sender and deleting this copy and the reply from your system.
****************************************************************************************************

--
Dr. Mohan Pauliah

--
*Samuel L. Begley*
BEGLEY LAW FIRM, PLLC
Mailing Address: P.O. Box 287,Jackson, MS 39205
Home Address: 255 Eastbrooke Street, Jackson, MS 39216
Land line:  601-969-5545
Cell:       601-940-2408

E-mail:  begleylaw@gmail.com

https://www.sambegleylaw.com/
https://www.facebook.com/begleylawfirm/
https://www.linkedin.com/in/sambegley
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
NOTICE: This email and any attachments may be confidential and  protected by legal privilege.  If you are
not the intended recipient, be aware that any disclosure, copying, distribution or use of the email or any
attachment is prohibited.  If you have received this email in error, please notify us immediately by replying to
the sender and deleting this copy and the reply from your system.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

--
Dr. Mohan Pauliah

--
*Samuel L. Begley*
BEGLEY LAW FIRM, PLLC
Mailing Address: P.O. Box 287,Jackson, MS 39205
Home Address: 255 Eastbrooke Street, Jackson, MS 39216
Land line:  601-969-5545
Cell:       601-940-2408

E-mail:  begleylaw@gmail.com

https://www.sambegleylaw.com/
https://www.facebook.com/begleylawfirm/
https://www.linkedin.com/in/sambegley
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
NOTICE: This email and any attachments may be confidential and  protected by legal privilege.  If you are not
the intended recipient, be aware that any disclosure, copying, distribution or use of the email or any  attachment
is prohibited.  If you have received this email in error, please notify us immediately by replying to the sender and
deleting this copy and the reply from your system.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

--
Dr. Mohan Pauliah

--
Dr. Mohan Pauliah

--
*Samuel L. Begley*
BEGLEY LAW FIRM, PLLC
Mailing Address: P.O. Box 287,Jackson, MS 39205
Home Address: 255 Eastbrooke Street, Jackson, MS 39216
Land line:   601-969-5545
Cell:        601-940-2408

E-mail:  begleylaw@gmail.com

https://www.sambegleylaw.com/
https://www.facebook.com/begleylawfirm/
https://www.linkedin.com/in/sambegley

*********************************************************************************************
NOTICE:  This email and any attachments may be confidential and  protected by legal privilege.  If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the email or any  attachment is prohibited.  If you have received this email in error, please notify us immediately by replying to the sender and deleting this copy and the reply from your system.
*********************************************************************************************

 Gmail

Mohan Pauliah <pauliahmohan@gmail.com>

## Re: Formal Notice of Attorney Abandonment and Resulting Prejudice in Pauliah v. UMMC (3:23-cv-03113-CWR-ASH)

**PaulMohan** <pauliahmohan@gmail.com>                                                Thu, Nov 6, 2025 at 2:35 AM
To: Samuel Begley <begleylaw@gmail.com>
Cc: Mohan Pauliah <pauliahmohan@gmail.com>
Bcc: paulmummc@gmail.com, Merlin Margaret VA <merlinmargaret@gmail.com>, Blessy Ammy Joan
<pauliahanand@gmail.com>

Dr. Mohan Pauliah
100 Sagefield Drive, Canton, MS 39046
pauliahmohan@gmail.com  | (347) 949-3224

November 5, 2025

Samuel L. Begley
Begley Law Firm, PLLC
P.O. Box 287, Jackson, MS 39205
begleylaw@gmail.com

via email

**Re: Formal Notice of Attorney Abandonment and Resulting Prejudice in Pauliah v. UMMC (3:23-cv-03113-CWR-ASH)**

Dear Mr. Samuel L. Begley Esq.,

This formal notice addresses your email of November 5, 2025, which confirms your complete abandonment of representation during critical post-judgment proceedings, violating multiple ethical duties and causing severe prejudice to my rights.

### 1. CONFIRMED ABANDONMENT OF ESSENTIAL LEGAL REMEDIES

Your refusal to file a Notice of Appeal or Rule 59(e) motion—despite your documented admission of responsibility for the declaration at issue—constitutes abandonment at the most critical juncture of this litigation. Providing appeal deadlines while refusing to discuss their merits creates unacceptable risk and deprives me of informed representation.

### 2. ADMITTED CONFLICT OF INTEREST REGARDING SANCTIONS

Your stated "conflict of interest" regarding the settlement proposal confirms you are unable to provide unbiased counsel on a matter where your personal exposure to Rule 56(h) sanctions directly conflicts with my legal interests. A settlement waiving sanctions would primarily benefit you, not me.

### 3. ATTEMPT TO SHIFT SANCTIONS BURDEN

Your suggestion that sanctions issues "will be addressed when we appear at the hearing" contradicts your October 26 written commitment accepting responsibility. You now appear to be positioning for me to share sanctions liability that you previously acknowledged should fall solely on you.

| Nov 12, 2025 | Filing of this Emergency Motion. | Counsel has ignored the deadline. Judicial intervention is now Plaintiff's only recourse to preserve rights. |
| Nov 20 & 24, 2025 | Imminent deadlines for Rule 59(e) and Notice of Appeal. | Without relief, Plaintiff faces permanent forfeiture of reconsideration and appellate review. |

2A. Legal Significance of November 10, 2025 Email to Chambers

On November 10, 2025, Plaintiff submitted an Emergency Request for Judicial Intervention to Judge Reeves' Chambers, seeking recognition of pro se status and direction to the Clerk to accept filings. This action was necessitated by counsel's refusal to withdraw and the Clerk's denial of Plaintiff's attempted filings. The email marks a critical procedural inflection point: it formally notifies the Court of Plaintiff's inability to preserve appellate rights due to counsel's obstruction and procedural paralysis. Under Fed. R. Civ. P. 11(a) and Local Rule 11(a), Plaintiff is entitled to sign and submit filings personally when unrepresented. The Court's continued recognition of counsel—despite abandonment—effectively bars Plaintiff from accessing judicial remedies. The November 10 email thus triggers the Court's duty to resolve the impasse and prevent irreparable prejudice, including forfeiture of Rule 59(e) and appellate deadlines.

3. ARGUMENT

A. Good Cause for an Extension is Overwhelming and Establishes "Excusable Neglect."

Federal Rule of Civil Procedure 6(b)(1)(B) permits the Court to extend a deadline after it has expired for "good cause" if the failure was due to "excusable neglect." The neglect here is not Plaintiff's, but that of his officer-of-the-court counsel. "Attorney abandonment can constitute excusable neglect." Pryor v. U.S. Postal Serv., 769 F.2d 281, 288 (5th Cir. 1985). It would be a

3

**4. THREAT OF FINANCIAL CLAIM DESPITE PROFESSIONAL FAILURE**

Your reference to outstanding legal fees, while refusing to perform essential legal work, constitutes an implicit financial threat that compounds the prejudice of your abandonment.

The resulting harms are severe and quantifiable:

- Imminent forfeiture of appellate rights due to your refusal to file necessary appeals

- Permanent loss of Rule 59(e) relief opportunities due to missed deadlines

- Exposure to sanctions based on your misconduct

- Inability to make informed settlement decisions due to your conflicted position

Your conduct violates Mississippi Rules of Professional Conduct 1.3 (Diligence), 1.4 (Communication), 1.7 (Conflict of Interest), and 1.16(d) (Protecting Client Interests Upon Termination).

To mitigate this extraordinary prejudice, I am compelled to proceed pro se and will immediately seek emergency court intervention. This correspondence will be filed with the Court to ensure a complete record of these circumstances.

I do not consent to your withdrawal until the Court has ruled on all pending motions and proceedings, including the emergency filings necessitated by your abandonment

I cannot consent to any withdrawal by Mr. Begley until this Court has ruled upon the emergency motions his abandonment has necessitated. Your failure to act has created a crisis that transcends the bounds of this litigation, imposing immediate and tangible risks to my professional licensure, immigration status, and livelihood. A judgment left unaddressed due to lack of representation threatens enforceable sanctions and consequences that could irreparably damage my reputation, jeopardize my ability to work and remain in the United States, and destabilize my family's future—including my son's education and well-being as a U.S. citizen. It is this imminent and severe prejudice that compels my urgent request for the Court's intervention.

Respectfully,

Dr. Mohan Pauliah

Plaintiff

On Wed, Nov 5, 2025 at 3:34 PM Samuel Begley <begleylaw@gmail.com> wrote:

> Paul:
>
> I have decided that I will **not** file a notice of appeal of the summary judgment order, as you so instructed, or represent you in appealing the summary judgment order to the Fifth Circuit.
>
> I am also refraining from substantively discussing with you the chances of having the summary judgment order overturned on appeal.
>
> In my opinion, your notice of appeal needs to be filed with the district court clerk by **Monday, November 24, 2025** (30 days excluding Saturday November 22 and Sunday November 23).
>
> You attached to your email a notice of appeal document, apparently prepared with the assistance of a person with legal training, and it appears to be sufficient.

**I encourage you to confer with other legal counsel about an appeal, if you have not done so already.**

Also, I will **not** be filing a motion for reconsideration of the summary judgment order, as you instructed, particularly that portion of the Order where the Court found that the Plaintiff's declaration was filed in bad faith based on misrepresentations of the record. Doc. 141, p.6. In my opinion, such a motion would be treated as a motion to alter or amend the judgment under Rule 59(e), and would need to be filed within 28 days of the Order (Thursday, November 20); See, e.g., *Insuresource, Inc. v. Fireman's Fund Ins. Co.*, No. 2:11-CV-82-KS-MTP, 2012 WL 1365083, at *1–2 (S.D. Miss. Apr. 19, 2012) (applying Rule 59(e) to motion to reconsider denial of summary judgment).

I have determined that a motion to reconsider is not warranted. Any issues about the declaration will be addressed when we appear at the hearing the Court intends to schedule concerning the imposition of sanctions under Rule 56(h) in connection with the stricken declaration.

Also, because of a conflict of interest on my part, I am refraining from weighing in on the merits of UMMC's settlement proposal. They expect a response by Friday.

On another note, I have refrained from going through my time records to determine how much money you owe me pursuant to our written agreement.

Based on the above conflicts, and because the case on the merits has been decided, I am requesting that you discharge me as your attorney. If you do not do so, I intend to file a motion to withdraw, as permitted by Mississippi Rules of Professional Conduct 1.16(b)(3), 1.16(b)(5), and 1.16(b)(6).

Sincerely,

SAM BEGLEY
*Samuel L. Begley*
BEGLEY LAW FIRM, PLLC
Mailing Address: P.O. Box 287, Jackson, MS 39205
Home Address: 255 Eastbrooke Street, Jackson, MS 39216
Land line: 601-969-5545
Cell:        601-940-2408

E-mail: begleylaw@gmail.com

https://www.sambegleylaw.com/
https://www.facebook.com/begleylawfirm/
https://www.linkedin.com/in/sambegley

*********************************************************************************************************
NOTICE: This email and any attachments may be confidential and protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the email or any attachment is prohibited. If you have received this email in error, please notify us immediately by replying to the sender and deleting this copy and the reply from your system.
*********************************************************************************************************

--
Dr. Mohan Pauliah

 Gmail

Mohan Pauliah <pauliahmohan@gmail.com>

## Re: URGENT FORMAL DEMAND & LITIGATION HOLD: IMPENDING PREJUDICE DURING CRITICAL POST-SUMMARY JUDGMENT PROCEEDINGS
1 message

**PaulMohan** <pauliahmohan@gmail.com>                                  Sat, Nov 8, 2025 at 10:00 AM
To: Samuel Begley <begleylaw@gmail.com>
Cc: Mohan Pauliah <pauliahmohan@gmail.com>
Bcc: paulmummc@gmail.com, Merlin Margaret VA <merlinmargaret@gmail.com>, Blessy Ammy Joan
<pauliahanand@gmail.com>

### Formal Demand & Litigation Hold Notice

Dr. Mohan Pauliah
Plaintiff Pro se
100 Sagefield Drive
Canton, MS 39046
Email: pauliahmohan@gmail.com
(347) 949-3224

**November 8, 2025**

**VIA ELECTRONIC MAIL, RETURN RECEIPT REQUESTED**

**TO:**
Samuel L. Begley, Esq.
Begley Law Firm, PLLC
P.O. Box 287
Jackson, MS 39205
Email: begleylaw@gmail.com

**URGENT FORMAL DEMAND & LITIGATION HOLD: IMPENDING PREJUDICE DURING CRITICAL POST-SUMMARY JUDGMENT PROCEEDINGS**
**Case: Pauliah v. UMMC, Case No. 3:23-cv-3113-CWR-ASH**

**Dear Mr. Samuel Begley, Esq.:**

This communication serves as a **Formal Demand** for my complete client file and a **Formal Litigation Hold Notice**. Your email of November 5, 2025, declaring your intent to withdraw at this juncture creates a serious procedural prejudice requiring immediate attention.

#### 1. Procedural Posture Before Final Judgment

As you are aware, the Court's Summary Judgment Order (Dkt. 141) is interlocutory and not a Final Judgment. The case remains active, with a pending Rule 56(h) sanctions hearing and post-judgment motion deadlines.

Your withdrawal at this stage, without filing a Rule 59(e) or Rule 60(b) motion, materially impairs my ability to invoke the Court's equitable powers to correct the record. This failure places me at risk of forfeiting remedies available before entry of final judgment.

#### 2. Demand for Complete Client File

As counsel of record, you remain bound by fiduciary and ethical duties under Mississippi Rule of Professional Conduct.

File Production: You must produce my complete client file, in an organized and electronically searchable format, no later than 5:00 PM CST on November 11, 2025.

I hereby demand immediate production of my complete, unredacted client file.

This file is required to:

- Prepare and file a pro se Motion for Relief from Judgment under Rule 60(b).
- Respond to the pending Rule 56(h) sanctions proceedings.
- Preserve appellate rights.

**Minimum categories required:**

| Category of Materials | Specific Inclusions |
|---|---|
| Pleadings & Court Filings | Drafts and final versions of all filings, including the stricken declaration and any unfiled motions. |
| Discovery Record | All discovery requests, responses, and productions, including documents I requested you to compel. |
| All forms of Correspondence | All emails, text messages and letters between you and me, defendants and defendant counsel, and the Courts including Federal and State-Hinds County |
| Internal Notes & Communications | Case analysis memoranda, time records, and internal firm communications. |
| All forms of Communication Records | Logs, notes, and summaries of all telephone calls and communications. |
| Settlement Communications | All documents related to settlement discussions, including the recent UMMC proposal. |

**3. Formal Litigation Hold Notice**

You are requested to preserve all documents, data, and tangible things related to your representation, including electronic information such as text messages, call logs, and internal chats. Any automatic deletion policies must be suspended immediately. This duty arises from the imminent prospect of proceedings under Federal Rule of Civil Procedure 59 (e) and 60(b).

**4. Compliance Deadline & Judicial Notice**

To mitigate ongoing prejudice, you are provided with a final opportunity for cooperative resolution:

1. **Litigation Hold Confirmation**: Written confirmation of implementation, including suspension of auto-deletion policies, by **5:00 PM CST on November 9, 2025.**
2. **File Production**: Delivery of the complete client file, in an organized and electronically searchable format, by **5:00 PM CST on November 11, 2025.**

Failure to comply will leave me no alternative but to seek judicial intervention through an Emergency Motion to Compel Production and for an Extension of Post-Judgment Deadlines. A copy of this notice will be provided to the Court to maintain transparency.

The prejudice I face, including loss of opportunity to seek relief from the interlocutory summary judgment order and collateral harm to my career and family—requires your immediate compliance.

Respectfully,

/s/ Mohan Pauliah
Dr. Mohan Pauliah

Plaintiff, Pro Se

cc: [Via Separate Dkt. Filing] Clerk of Court, U.S. District Court, Southern District of Mississippi; Chambers of District Judge Carlton W. Reeves

On Thu, Nov 6, 2025 at 2:35 AM PaulMohan <pauliahmohan@gmail.com> wrote:
Dr. Mohan Pauliah
100 Sagefield Drive, Canton, MS 39046
pauliahmohan@gmail.com | (347) 949-3224


November 5, 2025


Samuel L. Begley
Begley Law Firm, PLLC
P.O. Box 287, Jackson, MS 39205
begleylaw@gmail.com

via email


**Re: Formal Notice of Attorney Abandonment and Resulting Prejudice in Pauliah v. UMMC (3:23-cv-03113-CWR-ASH)**


Dear Mr. Samuel L. Begley Esq.,


This formal notice addresses your email of November 5, 2025, which confirms your complete abandonment of representation during critical post-judgment proceedings, violating multiple ethical duties and causing severe prejudice to my rights.


1. CONFIRMED ABANDONMENT OF ESSENTIAL LEGAL REMEDIES

Your refusal to file a Notice of Appeal or Rule 59(e) motion—despite your documented admission of responsibility for the declaration at issue—constitutes abandonment at the most critical juncture of this litigation. Providing appeal deadlines while refusing to discuss their merits creates unacceptable risk and deprives me of informed representation.


2. ADMITTED CONFLICT OF INTEREST REGARDING SANCTIONS

Your stated "conflict of interest" regarding the settlement proposal confirms you are unable to provide unbiased counsel on a matter where your personal exposure to Rule 56(h) sanctions directly conflicts with my legal interests. A settlement waiving sanctions would primarily benefit you, not me.


3. ATTEMPT TO SHIFT SANCTIONS BURDEN

Your suggestion that sanctions issues "will be addressed when we appear at the hearing" contradicts your October 26 written commitment accepting responsibility. You now appear to be positioning for me to share sanctions liability that you previously acknowledged should fall solely on you.


4. THREAT OF FINANCIAL CLAIM DESPITE PROFESSIONAL FAILURE

Your reference to outstanding legal fees, while refusing to perform essential legal work, constitutes an implicit financial threat that compounds the prejudice of your abandonment.


The resulting harms are severe and quantifiable:

- Imminent forfeiture of appellate rights due to your refusal to file necessary appeals

- Permanent loss of Rule 59(e) relief opportunities due to missed deadlines

- Exposure to sanctions based on your misconduct

- Inability to make informed settlement decisions due to your conflicted position

Your conduct violates Mississippi Rules of Professional Conduct 1.3 (Diligence), 1.4 (Communication), 1.7 (Conflict of Interest), and 1.16(d) (Protecting Client Interests Upon Termination).

To mitigate this extraordinary prejudice, I am compelled to proceed pro se and will immediately seek emergency court intervention. This correspondence will be filed with the Court to ensure a complete record of these circumstances.

I do not consent to your withdrawal until the Court has ruled on all pending motions and proceedings, including the emergency filings necessitated by your abandonment

I cannot consent to any withdrawal by Mr. Begley until this Court has ruled upon the emergency motions his abandonment has necessitated. Your failure to act has created a crisis that transcends the bounds of this litigation, imposing immediate and tangible risks to my professional licensure, immigration status, and livelihood. A judgment left unaddressed due to lack of representation threatens enforceable sanctions and consequences that could irreparably damage my reputation, jeopardize my ability to work and remain in the United States, and destabilize my family's future —including my son's education and well-being as a U.S. citizen. It is this imminent and severe prejudice that compels my urgent request for the Court's intervention.

Respectfully,

Dr. Mohan Pauliah

Plaintiff

On Wed, Nov 5, 2025 at 3:34 PM Samuel Begley <begleylaw@gmail.com> wrote:

Paul:

I have decided that I will **not** file a notice of appeal of the summary judgment order, as you so instructed, or represent you in appealing the summary judgment order to the Fifth Circuit.

I am also refraining from substantively discussing with you the chances of having the summary judgment order overturned on appeal.

In my opinion, your notice of appeal needs to be filed with the district court clerk by **Monday, November 24, 2025** (30 days excluding Saturday November 22 and Sunday November 23).

You attached to your email a notice of appeal document, apparently prepared with the assistance of a person with legal training, and it appears to be sufficient.

**I encourage you to confer with other legal counsel about an appeal, if you have not done so already.**

Also, I will **not** be filing a motion for reconsideration of the summary judgment order, as you instructed, particularly that portion of the Order where the Court found that the Plaintiff's declaration was filed in bad faith based on misrepresentations of the record. Doc. 141, p.6. In my opinion, such a motion would be treated as a motion to alter or amend the judgment under Rule 59(e), and would need to be filed within 28 days of the Order (Thursday, November 20); See, e.g., *Insurasource, Inc. v. Fireman's Fund Ins. Co.*,

No. 2:11-CV-82-KS-MTP, 2012 WL 1365083, at *1–2 (S.D. Miss. Apr. 19, 2012) (applying Rule 59(e) to motion to reconsider denial of summary judgment).

I have determined that a motion to reconsider is not warranted. Any issues about the declaration will be addressed when we appear at the hearing the Court intends to schedule concerning the imposition of sanctions under Rule 56(h) in connection with the stricken declaration.

Also, because of a conflict of interest on my part, I am refraining from weighing in on the merits of UMMC's settlement proposal. They expect a response by Friday.

On another note, I have refrained from going through my time records to determine how much money you owe me pursuant to our written agreement.

Based on the above conflicts, and because the case on the merits has been decided, I am requesting that you discharge me as your attorney. If you do not do so, I intend to file a motion to withdraw, as permitted by Mississippi Rules of Professional Conduct 1.16(b)(3), 1.16(b)(5), and 1.16(b)(6).

Sincerely,

SAM BEGLEY
*Samuel L. Begley*
BEGLEY LAW FIRM, PLLC
Mailing Address: P.O. Box 287, Jackson, MS 39205
Home Address: 255 Eastbrooke Street, Jackson, MS 39216
Land line:  601-969-5545
Cell:          601-940-2408

E-mail: begleylaw@gmail.com

https://www.sambegleylaw.com/
https://www.facebook.com/begleylawfirm/
https://www.linkedin.com/in/sambegley

**************************************************************************************************
NOTICE: This email and any attachments may be confidential and protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the email or any attachment is prohibited. If you have received this email in error, please notify us immediately by replying to the sender and deleting this copy and the reply from your system.
**************************************************************************************************

--
Dr. Mohan Pauliah


---
Dr. Mohan Pauliah

# ◢ Gmail

Mohan Pauliah <pauliahmohan@gmail.com>

## Fwd: Activity in Case 3:23-cv-03113-CWR-ASH Pauliah v. University of Mississippi Medical Center et al Set Motion and R&R Deadlines/Hearings

**Samuel Begley** <begleylaw@gmail.com>                                      Thu, Nov 13, 2025 at 5:48 PM
To: MSSDdb_Harris_Chambers <harris_chambers@mssd.uscourts.gov>
Cc: Malissa Wilson <Malissa.Wilson@formanwatkins.com>, "Chelsea C. Lewis" <Chelsea.Lewis@formanwatkins.com>,
Jackie Jones <Jackie_Jones@mssd.uscourts.gov>, PaulMohan <pauliahmohan@gmail.com>, "Honey L. Brown"
<Honey.Brown@formanwatkins.com>

Dear Judge Harris,
I am the lead counsel for the City of Jackson in a bench trial in Hinds County Court that commences on Monday, Nov 17.
See Notice of Trial Setting and complaint attached for reference.
I believe the case can be tried by Tuesday.
I am requesting that the Court continue the hearing on my motion to withdraw, set for 3:30 p.m.. on Monday
I am including Dr. Pauliah and opposing counsel in this email and am attaching the Order of the Court setting the
withdrawal motion for hearing.[143].
Respectfully,
SAM BEGLEY

---------- Forwarded message ---------
From: <cmecfhelpdesk@mssd.uscourts.gov>
Date: Thu, Nov 13, 2025 at 4:58 PM
Subject: Activity in Case 3:23-cv-03113-CWR-ASH Pauliah v. University of Mississippi Medical Center et al Set Motion
and R&R Deadlines/Hearings
To: <Courtmail@mssd.uscourts.gov>

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail
because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of
record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed
electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To
avoid later charges, download a copy of each document during this first viewing. However, if the referenced
document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### Southern District of Mississippi

### Notice of Electronic Filing

The following transaction was entered on 11/13/2025 at 4:57 PM CST and filed on 11/13/2025
**Case Name:**        Pauliah v. University of Mississippi Medical Center et al
**Case Number:**    3:23-cv-03113-CWR-ASH
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**Set/Reset Deadlines as to [142] MOTION to Withdraw as Attorney SAMUEL LEE BEGLEY.
Motion Hearing set for 11/17/2025 03:30 PM in Courtroom 5D (Jackson) before Magistrate
Judge Andrew S. Harris. (BE)**

**3:23-cv-03113-CWR-ASH Notice has been electronically mailed to:**

Chelsea C. Lewis &nbsp &nbsp chelsea.lewis@formanwatkins.com, sheila.toth@formanwatkins.com

Malissa Wilson &nbsp &nbsp malissa.wilson@formanwatkins.com, honey.brown@formanwatkins.com, jennifer.parks@formanwatkins.com, regina.price@formanwatkins.com

Samuel L. Begley &nbsp &nbsp begleylaw@gmail.com

Samuel Lee Begley-City Gov &nbsp &nbsp sbegley@jacksonms.gov, dmartin@city.jackson.ms.us, jnabors@jacksonms.gov, litigation@jacksonms.gov

**3:23-cv-03113-CWR-ASH Notice has been delivered by other means to:**

--

### Samuel L. Begley

BEGLEY LAW FIRM, PLLC
Mailing Address: P.O. Box 287,Jackson, MS 39205
Home Address: 255 Eastbrooke Street, Jackson, MS 39216
Land line:   601-969-5545
Cell:        601-940-2408

E-mail:  begleylaw@gmail.com

https://www.sambegleylaw.com/
https://www.facebook.com/begleylawfirm/
https://www.linkedin.com/in/sambegley

*************************************************************************************************

NOTICE: This email and any attachments may be confidential and  protected by legal privilege.  If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the email or any  attachment is prohibited. If you have received this email in error, please notify us immediately by replying to the sender and deleting this copy and the reply from your system.
*************************************************************************************************

**4 attachments**

📄 **pauliahdoc143.pdf**
   111K

📄 **2025.04.22 D17 NOA - Sam Begley.pdf**
   117K

📄 **2024.03.25 D2 Complaint.pdf**
   6325K

📄 **2025.01.23 D14 Agreed Order Setting Trial.pdf**
   425K

**Subject: Pauliah v. University of Mississippi Medical Center, et al. – Civil Action No. 3:23-CV-03113-CWR-ASH**

**Emergency Request for Judicial Intervention – Pro Se Status Recognition**

To: Chambers of Hon. Carlton W. Reeves, U.S. District Judge
    (reeves_chambers@mssd.uscourts.gov)

Cc: Clerk of Court (ecf_information@mssd.uscourts.gov)

Cc: Counsel of Record (Samuel L. Begley, Esq., (begleylaw@gmail.com));
    Defendant's counsel (Malissa Wilson, Esq., (Malissa.Wilson@formanwatkins.com))

Via email

**Emergency Request for Judicial Intervention – Pro Se Status Recognition**

Dear Chambers clerk,

I respectfully submit for the Court's immediate attention the attached Emergency Request for Judicial Intervention to Recognize Pro Se Status, Direct Clerk to Accept Filings, and Restore Procedural Integrity in Pauliah v. University of Mississippi Medical Center, et al., Civil Action No. 3:23-CV-03113-CWR-ASH.

This filing seeks judicial recognition of my pro se status and direction to the Clerk to accept filings, in light of counsel's refusal to withdraw and the Clerk's denial of my attempted filings. The motion is accompanied by:

1. Emergency Request for Judicial Intervention

2. Declaration of Mohan Pauliah (28 U.S.C. § 1746)

3. Exhibits A–E (supporting documentation referenced in the motion)

1

Given imminent deadlines under Fed. R. App. P. 4(a)(1)(A) and Fed. R. Civ. P. 59(e), I respectfully request expedited consideration to preserve appellate rights and ensure procedural fairness.

Copies of this submission are contemporaneously served on counsel of record via email.

Respectfully submitted,

/s/ Mohan Pauliah

Dr. Mohan Pauliah
Plaintiff, Pro Se
100 Sagefield Drive
Canton, MS 39046
Email: pauliahmohan@gmail.com
Telephone: (347) 949-3224

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**MOHAN PAULIAH, Ph.D.**                                                          **PLAINTIFF**

**VS.**                                             **CIVIL ACTION NO. 3:23-CV-03113-CWR-ASH**

**UNIVERSITY OF MISSISSIPPI MEDICAL CENTER,**
**ET AL.,**                                                                    **DEFENDANTS**

## EMERGENCY REQUEST FOR JUDICIAL INTERVENTION TO RECOGNIZE PRO SE STATUS, DIRECT CLERK TO ACCEPT FILINGS, AND RESTORE PROCEDURAL INTEGRITY

COMES NOW Dr. Mohan Pauliah Plaintiff, Pro Se and respectfully moves this Honorable Court for immediate judicial intervention to resolve a procedural impasse and to restore procedural integrity. In support, Plaintiff states:

1. Plaintiff has filed a Notice of Appearance Pro Se pursuant to Fed. R. Civ. P. 11(a) and Local Rule 11(a), affirming his intent to represent himself. The Clerk has declined to accept Plaintiff's filings, citing the continued presence of prior counsel of record - Mr. Samuel Begley Esq.. As a result, Plaintiff is unable to file motions and notices necessary to preserve appellate rights and seek post-judgment relief.

2. Plaintiff's ability to fairly present his case has been materially impaired by attorneys' misconduct, undisclosed conflicts of interest, and suppression of meritorious evidence. Defendant's counsel misrepresented accreditation timelines and suppressed favorable deposition testimony. These circumstances created divided loyalty and a material conflict of interest.

3. The record was shaped by conflicted and deficient counsel, not Plaintiff's merit. Substantive prejudice directly flowed from attorney misconduct and suppression of evidence. Plaintiff's federal claims were dismissed without fair consideration of evidence due to counsel's abandonment and suppression of favorable materials.

4. Plaintiff's case was adjudicated on a record distorted by conflicted and deficient counsel, rather than on the merits. The cumulative effect of attorney abandonment, undisclosed conflict, suppression of evidence, and procedural neglect constitutes structural error requiring judicial correction.

5. Federal Rule of Civil Procedure 11(a) permits a party to sign filings personally when unrepresented. Courts construe pro se filings liberally. See Haines v. Kerner, 404 U.S. 519 (1972). Denial of filing access under these circumstances constitutes irreparable prejudice.

4

6. **Extraordinary circumstances exist:** Plaintiff faces imminent deadlines for Rule 59(e), Rule 60(b), and appellate filings. Judicial intervention is required to ensure procedural fairness and protect Plaintiff's rights.

## BACKGROUND

1. On October 23, 2025, the Court entered final judgment granting Defendants' Motion for Summary Judgment and dismissing all federal claims.

2. Plaintiff's deadline to file a Notice of Appeal is November 24, 2025, pursuant to Fed. R. App. P. 4(a)(1)(A) and Fed. R. Civ. P. 6(a)(1)(C).

3. Plaintiff's counsel, Samuel L. Begley, has refused to file a Notice of Appeal, obstructed Plaintiff's attempts to preserve appellate rights, and declined to withdraw from representation. On October 24, 2025, Mr. Begley wrote to Plaintiff: *"I don't think you engaged in bad faith in connection with your declaration. It was my responsibility to ensure that your declaration was accurate before attaching it as an exhibit to our response."* Two days later, on October 26, 2025, Mr. Begley further stated: *"As counsel in this litigation, I will take all appropriate steps to address the order of the Court, including my filing any needed papers and appearing at any hearing the court may schedule. I have told you that I was responsible for reviewing your declaration before filing it with your response. I am reviewing the relevant pleadings and the Court's order, and am conferring with another attorney, to determine the appropriate course of action."* Despite these written assurances, Mr. Begley has taken no action to preserve Plaintiff's rights, has refused to file a Notice of Appeal, and has not withdrawn from the case. On the morning of November 10, 2025,

5

Plaintiff personally attempted to file a Notice of Appeal and pro se appearance at the Clerk's office but was denied after Chambers instructed the Clerk not to accept filings while counsel remains on record. Plaintiff remains procedurally blocked from filing independently and has no alternative means to preserve his appellate rights unless the Court grants this motion.

4. This written admission confirms counsel's direct responsibility for the declaration that was later stricken by the Court and became the basis for Rule 56(h) sanctions. Despite acknowledging his role and the urgency of the situation, counsel failed to take corrective action, refused to file post-judgment motions, and declined to preserve Plaintiff's appellate rights. This contradiction between counsel's written statements and his inaction constitutes abandonment and procedural obstruction.

5. Plaintiff is compelled and personally attempted to file a Notice of Appeal and pro se appearance at the Clerk's office this morning November 10, 2025 but was denied after Chambers instructed the Clerk not to accept filings from Plaintiff while counsel remains on record.

6. **Plaintiff has no alternative means to preserve his appellate rights unless the Court grants this motion.**

Respectfully, this request is not to relitigate settled matters, but to restore procedural integrity, correct attorney-driven deficiencies, and prevent manifest injustice. Plaintiff is contemporaneously submitting a Rule 59(e) motion seeking vacatur of the judgment entered October 23, 2025.

Judicial recognition of pro se status is necessary to ensure that the Rule 59(e) motion and all future filings are properly docketed and considered.

WHEREFORE, Plaintiff respectfully requests that the Court:

**a.** Enter an order recognizing Plaintiff's pro se status effective immediately;

**b.** Direct the Clerk to accept Plaintiff's pending and future filings forthwith;

**c.** Grant leave for Plaintiff to utilize CM/ECF filing privileges; and

**d.** Provide such other relief as the Court deems just and necessary to restore procedural integrity and prevent manifest injustice.

Attachments:

    A.  Exhibit A - Pauliah Notice of Protective Appeal

    B.  Exhibit B - Pauliah Notice of Appearance Prose

    C.  Exhibit C - Pauliah Prose Motion for CM ECF Filing privileges

    D.  Exhibit D - Purposed Order to grant Pauliah  CM ECF Filing privileges

    E.  Exhibit E – Email from Samuel Begley (October 24, & 26, 2025) Acknowledging responsibility for the declaration and stating intent to take corrective steps

Respectfully submitted this 10 day of November, 2025.

/s/ Mohan Pauliah

Dr. Mohan Pauliah

Plaintiff, Pro Se

100 Sagefield Drive
Canton, MS 39046
Email: pauliahmohan@gmail.com
Telephone: (347) 949-3224

CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of November, 2025, I served a true and correct copy of the

foregoing Emergency Request for Judicial Intervention upon all counsel of record via email. I will

also serve it via the Court's CM/ECF system if and when access becomes available .

1. Samuel L. Begley, Esq.
   Attorney for Plaintiff
   Begley Law Firm, PLLC
   P.O. Box 287
   Jackson, MS 39205
   begleylaw@gmail.com

2. Malissa Wilson
   210 East Capitol Street, Suite 2200
   Jackson, Mississippi 39201
   Malissa.Wilson@formanwatkins.com

3. Court of the clerk
   **UNITED STATES DISTRICT COURT**
   **SOUTHERN DISTRICT OF MISSISSIPPI**
   **NORTHERN DIVISION**
   501 Court St, Jackson, MS 39201
   **ecf_information@mssd.uscourts.gov**


/s/ Mohan Pauliah

Dr. Mohan Pauliah

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MOHAN PAULIAH, Ph.D.                                           **PLAINTIFF**

VS.                               **CIVIL ACTION NO. 3:23-CV-03113-CWR-ASH**

UNIVERSITY OF MISSISSIPPI MEDICAL CENTER,

ET AL.,                                                       **DEFENDANTS**

### DECLARATION OF MOHAN PAULIAH

I, Mohan Pauliah, declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. On November 10, 2025, I filed a Notice of Appearance Pro Se under Fed. R. Civ. P. 11(a) and Local Rule 11(a), affirming my intent to represent myself in this matter.

2. The Clerk of Court declined to accept my filings, citing the continued presence of prior counsel of record, Mr. Samuel L. Begley, thereby preventing me from exercising my right to self-representation.

3. My ability to fairly present my case has been materially impaired by attorney misconduct, undisclosed conflicts of interest, and suppression of meritorious evidence. Defendant's counsel misrepresented accreditation timelines and suppressed favorable deposition testimony, creating divided loyalty and a material conflict of interest.

4. Despite written assurances from Mr. Begley on October 24 and October 26, 2025, that he would take corrective action and preserve my rights, he has refused to file a Notice of Appeal, has not withdrawn from the case, and has obstructed my attempts to preserve appellate rights.

5. On November 10, 2025, I personally attempted to file a Notice of Appeal and pro se appearance at the Clerk's office but was denied after Chambers instructed the Clerk not to accept filings while counsel remains on record.

6. I face imminent deadlines for Rule 59(e), Rule 60(b), and appellate filings. Without judicial recognition of my pro se status and direction to the Clerk to accept my filings, I will suffer irreparable prejudice.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 10, 2025, at Canton, Mississippi.

/s/ Mohan Pauliah

Dr. Mohan Pauliah
Plaintiff, Pro Se
100 Sagefield Drive
Canton, MS 39046
Email: pauliahmohan@gmail.com
Telephone: (347) 949-3224

 Gmail

Mohan Pauliah <pauliahmohan@gmail.com>

## Emergency Motion for Extension of Post-Judgment Deadlines, to Compel Client File, and to Defer Rule 56(h) Hearing - Pauliah vs. UMMC, Civil Action No. 3:23-CV-03113-CWR-ASH

PaulMohan <pauliahmohan@gmail.com>
To: reeves_chambers@mssd.uscourts.gov
Cc: ecf_information@mssd.uscourts.gov, Samuel Begley <begleylaw@gmail.com>, Malissa.Wilson@formanwatkins.com, Mohan Pauliah <pauliahmohan@gmail.com>
Bcc: paulmummc@gmail.com, Merlin Margaret VA <merlinmargaret@gmail.com>

Wed, Nov 12, 2025 at 9:01 AM

### Email Cover Letter with Exhibits

**Subject:** Pauliah v. University of Mississippi Medical Center, et al. – Civil Action No. 3:23-CV-03113-CWR-ASH

**Re: Emergency Motion for Extension of Post-Judgment Deadlines, to Compel Client File, and to Defer Rule 56(h) Hearing**

**Via email**

**To:** Chambers of Hon. Carlton W. Reeves, U.S. District Judge (reeves_chambers@mssd.uscourts.gov)
**Cc:** Clerk of Court (ecf_information@mssd.uscourts.gov)
**Cc:** Counsel of Record (Samuel L. Begley, Esq. – begleylaw@gmail.com; Malissa Wilson, Esq. – Malissa.Wilson@formanwatkins.com)

**Dear Chambers Clerk,**

I respectfully submit for the Court's immediate attention the attached **Emergency Motion for Extension of Post-Judgment Deadlines, to Compel Client File, and to Defer Rule 56(h) Hearing** in *Pauliah v. University of Mississippi Medical Center, et al.*, Civil Action No. 3:23-CV-03113-CWR-ASH.

This filing seeks urgent relief to preserve Plaintiff's appellate and post-judgment rights in light of counsel's abandonment and refusal to release the complete client file. The motion requests:

1. Extension of Rule 59(e) and appellate deadlines;

2. An order compelling production of the full client file; and

3. Deferral of the Rule 56(h) hearing until post-judgment motions are resolved.

Given the imminent deadlines of **November 20 and 24, 2025,** I respectfully request expedited consideration.

**Submitted Package Contents**

1. **Emergency Motion (PDF)** – Motion for Extension of Post-Judgment Deadlines, to Compel Client File, and to Defer Rule 56(h) Hearing

2. **Proposed Order (Exhibit B)** – Draft order mirroring requested relief

3. **Supporting Exhibits**

   ◦ **Exhibit A** – Chronology table summarizing undisputed facts and deadlines

   ◦ **Exhibit B** – (Proposed) Order - *Draft order mirroring the requested relief for the Court's convenience*

- ◦ **Exhibit C** – Counsel's October 24–26, 2025 emails, Counsel admits responsibility and promises corrective action

- ◦ **Exhibit D** – Counsel's November 5, 2025, Abandonment notice Counsel refuses to file Rule 59(e) or appeal, citing conflict of interest

- ◦ **Exhibit E** – Plaintiff's November 8, 2025, Formal Demand for client file - Plaintiff's demand letter with deadline of Nov 11

- ◦ **Exhibit F** – November 10, 2025, Emergency Request to Chambers (Pro Se Status Recognition filing)

Copies of this submission are contemporaneously served on all counsel of record via email.

Thank you for your attention to this urgent matter.

Respectfully submitted,

/s/ Mohan Pauliah
Dr. Mohan Pauliah
Plaintiff, Pro Se
100 Sagefield Drive
Canton, MS 39046
Email: pauliahmohan@gmail.com
Telephone: (347) 949-3224

--
Dr. Mohan Pauliah

**5 attachments**

**Pauliah's Emergency Motion_Extension_Client File 11122025.pdf**
4049K

**E. Exhibit E - Formal Demand for client file - Plaintiff's demand letter with deadline of Nov 11.pdf**
290K

**D. Exhibit D - Abandonment notice Counsel efuses to file Rule 59(e) or appeal, citing conflict of interest.pdf**
244K

**C. Exhibit C – Email from Samuel Begley (October 24,26, 2025) Counsel admits responsibility and promises corrective action.pdf**
247K

**F. Exhibit F - Emergency Request for Judicial Intervention – Pro Se Status Recognition.pdf**
227K

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MOHAN PAULIAH, Ph.D.                                               **PLAINTIFF**

VS.                                    **CIVIL ACTION NO. 3:23-CV-03113-CWR-ASH**

UNIVERSITY OF MISSISSIPPI MEDICAL CENTER,

ET AL.,                                                          **DEFENDANTS**

**PLAINTIFF'S EMERGENCY MOTION FOR (I) EXTENSION OF POST-JUDGMENT DEADLINES, (II) TO COMPEL CLIENT FILE, AND (III) TO DEFER RULE 56(h) HEARING**

Plaintiff, Dr. Mohan Pauliah, now proceeding pro se, respectfully files this Emergency Motion pursuant to Federal Rules of Civil Procedure 6(b) and 60(b) and the Court's inherent authority. Plaintiff faces the imminent, irreparable forfeiture of his post-judgment rights due to the abandonment and obstruction by his former counsel of record, Samuel L. Begley, Esq.

1. INTRODUCTION

**This Motion addresses a critical emergency:** Plaintiff's former counsel has abandoned him during the crucial post-judgment period, refused to file necessary motions, and—most critically—withheld Plaintiff's complete client file. Without this file, Plaintiff is legally paralyzed and cannot prepare the complex motions required to challenge the Court's October 23, 2025, Order, the "bad faith" finding of which now independently threatens his professional licensure and immigration

1

profound injustice to penalize a litigant for his attorney's ethical dereliction. Good cause for an extension is unequivocally established.

B. A Three-Day Deadline to Compel the File is Necessary to Avert Irreparable Harm.

Mr. Begley's refusal to release the client file violates his ethical duty under Mississippi Rule of Professional Conduct 1.16(d). This is not a new request. Plaintiff served a formal demand on November 8, 2025, which was ignored. The post-judgment deadlines are now upon plaintiff. A standard 3-day production period is insufficient to avert the irreparable forfeiture of Plaintiff's rights. A three (3) calendar day deadline is the maximum time that can be justified, as Mr. Begley has had the file in his possession for years and has been on explicit notice of this demand for days. Further delay would render the purpose of an extension meaningless.


C. Deferral of the Rule 56(h) Hearing is Essential for Judicial Economy and Fairness.

The issues in the Rule 56(h) proceeding specifically, the allocation of responsibility for the declaration are inextricably linked to the grounds for relief in Plaintiff's forthcoming Rule 60(b) motion. It would promote judicial economy and fundamental fairness to allow Plaintiff to first present his full arguments for post-judgment relief.

Courts have recognized that sanctions proceedings are collateral to the merits and may be deferred until post-judgment motions are resolved. See *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–96 (1990) (sanctions are collateral and may be postponed until the merits are clarified); *Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 879 (5th Cir. 1988) (en banc) (sanctions should be imposed only after careful consideration of fairness and the merits). Deferral here avoids prejudicing Plaintiff's Rule 59(e) and Rule 60(b) rights and ensures that the Court's resources are directed first to the merits.

Forcing Plaintiff into a sanction hearing while legally paralyzed and without first addressing the underlying judgment would be highly prejudicial.

### Respectful Statement of Judicial Goodwill

Plaintiff expresses his sincere appreciation for the Court's time and attention in this matter. Recognizing the Court's heavy docket and the importance of orderly procedure, Plaintiff pledges to conduct himself with the utmost professionalism, to avoid unnecessary burden on the Court, and to ensure that his filings are concise, accurate, and procedurally compliant.

Pro Se Disclaimer

1. Plaintiff is proceeding pro se, and this filing has not been reviewed or prepared by a licensed attorney. All statements are made in good faith based on Plaintiff's understanding of the record and applicable law.

2. If any portion of this filing is deemed misleading, inaccurate, or unsupported, Plaintiff respectfully requests the opportunity to clarify or withdraw. Likewise, if any portion is deemed procedurally inadequate or improper, Plaintiff respectfully requests leave to correct or supplement the record accordingly.

3. Plaintiff affirms his continuing commitment to procedural fairness, accuracy, and truthfulness in all submissions to this Court, and respectfully seeks the Court's indulgence in construing this filing liberally in light of his pro se status.

4. This request echoes the principle that courts construe pro se filings liberally. See *Haines v. Kerner*, 404 U.S. 519 (1972).

### 4. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully and urgently prays that this Court enter an Order:

1. **EXTENDING** the deadlines to file a motion under Rule 59(e) and a Notice of Appeal to thirty (30) days after Plaintiff's receipt of his complete client file from Samuel L. Begley, Esq., or to such other date as the Court deems just and equitable to preserve Plaintiff's rights.

2. **ORDERING** Samuel L. Begley, Esq., to produce Plaintiff's complete, unredacted client file including discovery materials, drafts, and counsel's notes in an electronically searchable format, within three (3) calendar days of this Court's Order.

3. **DEFERRING** the Rule 56(h) hearing until after the Court has ruled on Plaintiff's forthcoming emergency motions under Rules 59(e) and 60(b), so that sanctions issues may be considered in light of the merits and with full fairness.

4. **RETAINING** jurisdiction and authority over Samuel L. Begley, Esq., solely to enforce compliance with this Order and to secure his testimony and evidence for the Court's pending Rule 56(h) inquiry.

5. **GRANTING** such other and further relief as the Court deems just, proper, and necessary to prevent irreparable forfeiture of Plaintiff's legal rights

Respectfully submitted this 12th day of November 2025.

Canton, Mississippi

/s/ Mohan Pauliah

Dr. Mohan Pauliah
Plaintiff, Pro Se
100 Sagefield Drive
Canton, MS 39046
pauliahmohan@gmail.com
(347) 949-3224

6

CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of November, 2025, I served a true and correct copy of the
foregoing EMERGENCY MOTION FOR EXTENSION OF POST-JUDGMENT DEADLINES,
TO COMPEL CLIENT FILE, AND TO DEFER RULE 56(h) HEARING upon all counsel of
record via the Court's CM/ECF system, or, where not registered, by electronic mail to:

Samuel L. Begley, Esq.

Begley Law Firm, PLLC

P.O. Box 287

Jackson, MS 39205

begleylaw@gmail.com

Malissa Wilson

Forman Watkins & Krutz LLP

210 East Capitol Street, Suite 2200

Jackson, Mississippi 39201

Malissa.Wilson@formanwatkins.com

/s/ Mohan Pauliah

Dr. Mohan Pauliah

Plaintiff, Pro Se

**Exhibit B: (Purposed) order**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MOHAN PAULIAH, Ph.D.**                                                **PLAINTIFF**

VS.                                                **CIVIL ACTION NO. 3:23-CV-03113-CWR-ASH**

**UNIVERSITY OF MISSISSIPPI MEDICAL CENTER,**

**ET AL.,**                                                **DEFENDANTS**


## NOTICE OF SUBMISSION OF PROPOSED ORDER


Plaintiff, Dr. Mohan Pauliah, respectfully submits the attached **Proposed Order** in connection

with his **Emergency Motion for (i) Extension of Post-Judgment Deadlines, (ii) to Compel**

**Client File, and (iii) to Defer Rule 56(h) Hearing** filed on November 12, 2025.

The Proposed Order mirrors the relief requested in the Emergency Motion and is submitted for

the Court's convenience and expedited consideration.


Respectfully submitted this 12th day of November, 2025.


**/s/ Mohan Pauliah**

Dr. Mohan Pauliah
Plaintiff, Pro Se
100 Sagefield Drive Canton, MS 39046
Email: pauliahmohan@gmail.com
Telephone: (347) 949-3224

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**MOHAN PAULIAH, Ph.D.**                           **PLAINTIFF**

**VS.**                       **CIVIL ACTION NO. 3:23-CV-03113-CWR-ASH**

**UNIVERSITY OF MISSISSIPPI MEDICAL CENTER,**

**ET AL.,**                           **DEFENDANTS**

**[PROPOSED] ORDER**

Before the Court is Plaintiff's Emergency Motion for (i) Extension of Post-Judgment Deadlines, (ii) to Compel Client File, and (iii) to Defer Rule 56(h) Hearing. Having considered the motion, the record, and applicable law, the Court finds that limited relief is warranted to preserve Plaintiff's rights and ensure fairness.

IT IS HEREBY ORDERED that:

1. **Extension of Deadlines.** The deadlines for Plaintiff to file a motion under Rule 59(e) and a Notice of Appeal are extended to thirty (30) days after Plaintiff's receipt of his complete client file from former counsel Samuel L. Begley, Esq., or to such other date as the Court may later set to preserve Plaintiff's rights.

2. **Production of Client File.** Samuel L. Begley, Esq., is ORDERED to produce Plaintiff's complete, unredacted client file—including discovery materials, drafts, and counsel's notes, an electronically searchable format within three (3) calendar days of this Order.

3. **Deferral of Rule 56(h) Hearing.** The Rule 56(h) hearing is DEFERRED until after the Court has ruled on Plaintiff's forthcoming motions under Rules 59(e) and 60(b).

4. **Retention of Jurisdiction.** The Court retains jurisdiction over Samuel L. Begley, Esq., solely to enforce compliance with this Order and to secure his testimony and evidence for the pending Rule 56(h) inquiry.

5. **Further Relief.** The Court may grant such other and further relief as is just and proper to prevent irreparable forfeiture of Plaintiff's legal rights.

SO ORDERED AND ADJUDGED this ___ day of November 2025.


**CARLTON W. REEVES**

United States District Judge

**Email Cover Letter with Exhibits**

**Subject:** Pauliah v. University of Mississippi Medical Center, et al. – Civil Action No. 3:23-CV-03113-CWR-ASH

**Re: Emergency Motion for Extension of Post-Judgment Deadlines, to Compel Client File, and to Defer Rule 56(h) Hearing**

**Via email**

**To:** Chambers of Hon. Carlton W. Reeves, U.S. District Judge
(reeves_chambers@mssd.uscourts.gov)
**Cc:** Clerk of Court (ecf_information@mssd.uscourts.gov)
**Cc:** Counsel of Record (Samuel L. Begley, Esq. – begleylaw@gmail.com; Malissa Wilson, Esq. – Malissa.Wilson@formanwatkins.com)

**Dear Chambers Clerk,**

I respectfully submit for the Court's immediate attention the attached **Emergency Motion for Extension of Post-Judgment Deadlines, to Compel Client File, and to Defer Rule 56(h) Hearing** in *Pauliah v. University of Mississippi Medical Center, et al.*, Civil Action No. 3:23-CV-03113-CWR-ASH.

This filing seeks urgent relief to preserve Plaintiff's appellate and post-judgment rights in light of counsel's abandonment and refusal to release the complete client file. The motion requests:

1. Extension of Rule 59(e) and appellate deadlines;

2. An order compelling production of the full client file; and

3. Deferral of the Rule 56(h) hearing until post-judgment motions are resolved.

Given the imminent deadlines of **November 20 and 24, 2025,** I respectfully request expedited consideration.

**Submitted Package Contents**

1. **Emergency Motion (PDF)** – Motion for Extension of Post-Judgment Deadlines, to Compel Client File, and to Defer Rule 56(h) Hearing

2. **Proposed Order (Exhibit B)** – Draft order mirroring requested relief

3. **Supporting Exhibits**

   o **Exhibit A** – Chronology table summarizing undisputed facts and deadlines

   o **Exhibit B** – (Proposed) Order - *Draft order mirroring requested relief for Court's convenience*

   o **Exhibit C** – Counsel's October 24–26, 2025 emails Counsel admits responsibility and promises corrective action

   o **Exhibit D** – Counsel's November 5, 2025 abandonment notice Counsel refuses to file Rule 59(e) or appeal, citing conflict of interest

   o **Exhibit E** – Plaintiff's November 8, 2025 Formal Demand for client file - Plaintiff's demand letter with deadline of Nov 11

   o **Exhibit F** – November 10, 2025, Emergency Request to Chambers (Pro Se Status Recognition filing)

Copies of this submission are contemporaneously served on all counsel of record via email.

Thank you for your attention to this urgent matter.

Respectfully submitted,

/s/ Mohan Pauliah
Dr. Mohan Pauliah
Plaintiff, Pro Se
100 Sagefield Drive
Canton, MS 39046
Email: pauliahmohan@gmail.com
Telephone: (347) 949-3224