**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**MOHAN PAULIAH, PH.D.**                                                                    **PLAINTIFF**

**vs.**                                                 **CASE NO: 3:23-cv-3113-CWR-ASH**

**UNIVERSITY OF MISSISSIPPI MEDICAL**
**CENTER, ET AL.**                                                     **DEFENDANTS**

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S OMNIBUS FILING

Defendants, by and through undersigned counsel, file this brief in support of imposing attorneys' fees and other sanctions against Plaintiff and his former counsel, Sam Begley, and in opposition to Plaintiff's Omnibus filing [ECF No. 162]. In support, Defendants state as follows:

### I. Procedural History

On July 1, 2025, Defendants moved for summary judgment. ECF Nos. 121, 122. Plaintiff responded and included as an exhibit a 43-page single-spaced declaration riddled with misrepresentations, blatant contradictions, improper legal and factual arguments, and claims of evidence not in the record. ECF No. 124-1. Defendants then separately moved to strike Plaintiff's declaration, citing at least 81 different paragraphs within the declaration where testimony was misconstrued, falsified, or where other evidentiary problems required the paragraph's exclusion. ECF Nos. 128, 129.

The Court granted Defendants' Motion to Strike and Motion for Summary Judgment. ECF No. 141. In doing so, the Court observed that Plaintiff's "misrepresentations and fabrications are not merely incidental," and that he "relies on them throughout his opposition to Defendants' motion." *Id.* at pg. 4. The Court expressly retained jurisdiction to determine appropriate sanctions under Rule 56(h). *Id.* at pg. 13.

Defendants submitted billing statements to the Court for *in camera* review detailing the substantial work necessitated by Plaintiff's declaration. As directed by the Court, Plaintiff's former counsel,[1] Mr. Sam Begley, submitted an opposition to Defendants' time for *in camera* review on December 5, 2025. *See* Nov. 4, 2025 Text Order. Shortly thereafter, on December 8, 2025, Plaintiff, representing himself *pro se*, filed two submissions on the docket addressing the issue of attorneys' fees and sanctions. ECF Nos. 160, 162. Defendants now file this brief ahead of the scheduled hearing on attorneys' fees and sanctions on December 18, 2025.

## II. The Singular Issue before this Court is Sanctions under Rule 56(h). [2]

---

[1] By Order, Mr. Begley was withdrawn as counsel for Plaintiff. ECF No. 147.

[2] Plaintiff's briefing contains numerous case cites regarding the award of attorney's fees in other contexts outside of Rule 56(h). For example, Plaintiff cites "Gipson v. Weatherford College, 2024 WL 3739095, at 2 (5th Cir. 2024)" for the premise that "[t]he Fifth Circuit reaffirmed that rule 56(h) requires a specific finding of intentional misconduct or intent to deceive before sanctions can be imposed." ECF No. 162 at pg. 11. The case of *Gipson v. Weatherford Coll.,* No. 23-10397, 2023 WL 7314355 (5th Cir. Nov. 6, 2023)*,* which has a different Westlaw number from the one cited by Plaintiff, deals with a Court's imposition of sanctions under 28 U.S.C.A. § 1746, a Court's inherent authority, and Rule 11. Rule 56 is not mentioned at all in *Gipson*. While the factors to consider are similar for evaluating sanctions, there are distinctions within the language of the individual rules. *See Topalian v. Ehrman*, 3 F.3d 931, 936 n.5; *Peterson for Prestonwood Tr. v. Bank of Am., N.A.*, No. 4:16-CV-982-ALM-KPJ, 2017 WL 4532637, at *5 (E.D. Tex. Sept. 11, 2017).

This is a problem across Plaintiff's case citations. *See Hensley v. Eckerhart,* 461 U.S. 424, 424, 103 S. Ct. 1933, 1935, 76 L. Ed. 2d 40 (1983) (under attorney's fee shifting provision of civil rights statute, "[w]here the plaintiff failed to prevail on a claim unrelated to the successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee."); *Fox v. Vice*, 563 U.S. 826, 131 S. Ct. 2205, 2209, 180 L. Ed. 2d 45 (2011) (under attorney's fee shifting provision of civil rights statute, "[w]hen a plaintiff's suit involves both frivolous and non-frivolous claims, a court may grant reasonable fees to the defendant, but only for costs that the defendant would not have incurred but for the frivolous claims.).

Similarly, Mr. Begley presented a case to the Court addressing sanctions against attorneys under Section 1927, which is similar but is inapplicable here because it applies only to attorneys. *See Cableview Commc'ns of Jacksonville, Inc. v. Time Warner Cable Se., LLC*, No. 3:13-CV-306-J-JRK, 2019 WL 9078645, at *2 (M.D. Fla. Feb. 15, 2019) ("A court ordering the payment of costs, expenses, and/or attorneys' fees pursuant to Section 1927 may only order the attorney to pay 'the excess costs that the attorney's multiplication of proceedings has added to the cost of the litigation.'").

Plaintiff's submissions focus on relitigating the merits of his underlying claims and on asserting that he did not act in bad faith. ECF No. 160, 162. However, the Court has already determined that "Plaintiff's declaration was submitted in bad faith" and granted summary judgment to Defendants on all federal claims. ECF No. 141 at pg. 6. Accordingly, the singular issue now before this Court is the appropriate amount of attorneys' fees and sanctions to be imposed under Rule 56(h). *See* Fed. R. Civ. P. 56(h) ("If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court – after notice and a reasonable time to respond – may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.").[3]

### A. Plaintiff Knowingly Submitted a False Declaration.

Across his numerous filings since the Court entered its Order on October 23, 2025, Plaintiff attempts to put the blame for his sham declaration exclusively on his former counsel, Mr. Begley, avoiding accountability for the attorneys' fees and sanctions *his conduct* has necessitated. The ongoing dispute between Plaintiff and Mr. Begley is largely one into which Defendants will not wade. It is, however, disingenuous for Plaintiff now to place all the blame on Mr. Begley when he clearly played a role in drafting and presenting his sham declaration.

Plaintiff's declaration is written in the first person, contains language Plaintiff has repeated in his *pro se* filings, and is signed by him, under penalty of perjury. *Compare* ECF No. 124-1 (Declaration) and ECF No. 162 (Omnibus Opposition to Defs' Fee Request) (declaration and most

---

[3] The Court also has the power to impose sanctions through its inherent authority. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 50, 111 S. Ct. 2123, 2136, 115 L. Ed. 2d 27 (1991) (finding no abuse of discretion where court relied upon its inherent powers for imposing sanctions instead of particular statutes in instance where offending party practiced a fraud on the court); Fed. R. Civ. P. 56 (Comments to 2010 Amendment).

recent *pro se* filing both focus on "false" representations to the EEOC and Dr. Candace Howard's supposed deposition testimony). Furthermore, Plaintiff personally attended the depositions of the very doctors he most grossly misrepresents – Drs. Howard and Morris. Plaintiff heard their testimony in real time, yet still chose to take it out of context in his declaration. Such conduct underscores the deliberate nature of his misrepresentations. Plaintiff's own filings further confirm that he devoted significant time crafting his declaration – not to accurately reflect the record, but to shape it to his own narrative, even if that required manipulation of the facts. Those same filings also make clear that he fully understood the declaration would be submitted as an exhibit to his response to the Motion for Summary Judgment on the same evening he returned it to Mr. Begley. ECF No. 162-14 (Plaintiff's Chronological Timeline of Events).

As Defendants have previously noted, Plaintiff is no stranger to litigation and the legal system. *See generally* ECF No. 98 (Memo in Support of Rule 41(b) Motion to Dismiss). He is currently prosecuting an employment discrimination case in New York state court, where he has filed numerous pleadings in the past year, including affidavits under penalty of perjury, alleging everything from inadequate representation to judicial and mediator misconduct to extreme emotional distress and an unfair settlement agreement. *See generally Mohan Pauliah v. Memorial Sloan Kettering Cancer Center*, Index No. 157671/2019, Supreme Court of the State of New York, County of New York (*available at* https://iapps.courts.state.ny.us/webcivilLocal/LCSearch?param=I). In short, Plaintiff, who holds a Ph.D. in computer engineering, is a highly sophisticated litigant whose intellect and litigation experience have equipped him to understand court rules and the serious consequences of submitting sworn statements. Given that level of sophistication, his conduct in this case cannot be

attributed to misunderstanding or mistake. Rather, it is apparent that Plaintiff acted deliberately to mislead the Court.

### III. Defendants' Attorneys' Fees are Reasonable.

The attorneys' fees Defendants submitted *in camera* are reasonable given the scope of what Plaintiff submitted. Plaintiff's declaration was 43 pages, single-spaced, and contained at least 81 paragraphs that required exclusion. While neither makes any objection to the rates billed by defense counsel, both Plaintiff and Mr. Begley's selective objections disregard the scope of work involved in preparing *three submissions* to the Court: (1) the Motion to Strike and accompanying memorandum, (2) the reply brief in opposition to Plaintiff's response to the Motion to Strike, and (2) the reply in support of Defendants' Motion for Summary Judgment. *See Walter v. JPS Aviation, LLC*, No. CV 15-1938, 2017 WL 119481, at *5 (W.D. La. Jan. 10, 2017) (awarding attorney's fees under 56(h) for drafting motion to strike and reply memo in support of motion for summary judgment).

Mr. Begley's response arbitrarily concedes only time entries related to the fabricated citations to the Howard and Morris deposition transcripts. *See* Pl's Counsel's Objections submitted via email on Dec. 5, 2025 ("The entries listed below are the only entry numbers that bear directly on the Court's consideration of Plaintiff's misrepresentations concerning the Howard and Morris deposition testimony"). Yet, the Court's Order in no way confined its bad faith finding to the deposition testimony of those two witnesses. Instead, the Court pointed to some examples from their testimony and expressly declined "to comb through the record to determine which of the statements contained in Plaintiff's declaration are accurate, when so many are blatant misrepresentations and fabrications." ECF No. 141 at pg. 6. Defense counsel did undertake that meticulous and timely review – confirming 81 problematic paragraphs – and ensuring through

5

multiple layers of attorney verification that every identified misrepresentation was accurate before advancing such a serious claim against Plaintiff and Mr. Begley. The attempt to minimize the scope of misconduct is unsupported by the Court's Order and ignores the full extent of Plaintiff's deception.

The attorneys' fees submitted were narrowly limited to the significant and time-consuming effort required to unpack Plaintiff's declaration across multiple briefings. Plaintiff and his counsel cannot manufacture the very misconduct that necessitated sanctions and then attempt to dictate, *à la carte*, which billing entries they find acceptable. They are claiming that Defendants should only be compensated for 10.9 hours of work, the equivalent of a little over a single day, to prepare both a comprehensive Motion to Strike, including memorandum and reply brief, and a reply brief rebutting Plaintiff's fabricated assertions in his response to the Motion for Summary Judgment. Plaintiff's own filings suggest that *he* spent more than 10 hours crafting the very declaration at issue. It defies logic to claim that defense counsel's work to uncover and correct his multiple falsehoods should somehow require less.

The language of Rule 56 is clear that the Court may order "the submitting party to pay the other party the reasonable expenses, including attorneys' fees, it incurred as a result. An offending **party or attorney** may also be held **in contempt or subjected to other appropriate sanctions."** (emphasis added). Any award of attorneys' fees and sanctions under Rule 56 is reviewed for an abuse of discretion. *See Mandawala v. Baptist Sch. of Health Pros.,* No. 23-50258, 2024 WL 1461943, at *4 (5th Cir. Apr. 4, 2024). Therefore, after a finding of fraud, it is within the Court's broad discretion to determine the appropriate sanction while taking into account that the overarching purpose of sanctions is to deter wrongful conduct. *See Topalian v. Ehrman*, 3 F.3d 931, 936 (5th Cir. 1993) (explaining factors to evaluate when imposing sanctions); *Kelly v. City of*

*Leesville*, 897 F.2d 172, 176 (5th Cir. 1990); *Hill v. Hunt*, No. 3:07-CV-2020-O, 2010 WL 11537521, at *4 (N.D. Tex. Apr. 7, 2010). In short, the power rests firmly with this Court to award attorneys' fees and impose sanctions on both Mr. Begley and Plaintiff, and the exercise of that authority is essential to deterring similar misconduct going forward.

WHEREFORE, Defendants provide the Court with this response in Opposition to Plaintiff's Omnibus Filing [ECF No. 162], and request that both attorneys' fees and sanctions be awarded against Plaintiff and Mr. Begley.

RESPECTFULLY SUBMITTED, this the 11th day of December 2025.

                                            **DEFENDANTS**

By:   */s/ Malissa Wilson*
       Malissa Wilson (MSB #100751)
       Chelsea Lewis (MSB #105300)
       FORMAN WATKINS & KRUTZ LLP
       210 East Capitol St., Suite 2200
       Jackson, Mississippi 39201
       Phone: (601) 960-3173
       Facsimile: (601) 960-8613
       malissa.wilson@formanwatkins.com
       chelsea.lewis@formanwatkins.com

                                            **THEIR ATTORNEYS**

OF COUNSEL:

FORMAN WATKINS & KRUTZ LLP
210 East Capitol St., Suite 2200
Jackson, Mississippi 39201
Phone: (601) 960-8600
Facsimile: (601) 960-8613