

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MOHAN PAULIAH, Ph.D.                                    PLAINTIFF

VS.                          CIVIL ACTION NO. 3:23-cv-03113-CWR-ASH

UNIVERSITY OF MISSISSIPPI MEDICAL CENTER,

ET AL.,                                                 DEFENDANTS

**PLAINTIFF'S MOTION FOR JUDICIAL REVIEW AND FOR RELIEF FROM SANCTIONS BASED ON FRAUD UPON THE COURT AND PROCEDURAL ABUSE**

Plaintiff, Dr. Mohan Pauliah, proceeding pro se, respectfully moves this Court, pursuant to its inherent authority and obligation to prevent fraud upon the tribunal, for the following relief ahead of the December 18, 2025, Rule 56(h) hearing:

1. DENY Defendants' request for attorneys' fees and sanctions against Plaintiff under Rule 56(h);

2. DIRECT any sanction inquiry to the responsible attorney pursuant to Link v. Wabash R. Co., 370 U.S. 626, 633–34 (1962); and

3. INITIATE a judicial review of Defendants' litigation conduct for fraud on the court and discovery obstruction.

This Motion is based on the attached Sur-Reply [Proposed Exhibit A] and the entire record, which demonstrates that:

1. Defendants' "sophisticated litigant" theory violates the law of the case - this Court already denied their Rule 41(b) motion premised on similar allegations. *Arizona v. California,* 460 U.S. 605, 618 (1983); In re OCA, Inc., 551 F.3d 359, 370 (5th Cir. 2008).

2. Defendants advance their request alongside material omissions of suppressed evidence that constitute fraud upon the tribunal - *Rozier v. Ford Motor Co.,* 573 F.2d 1332, 1338 (5th Cir. 1978).

3. Defendants' request is an attempt to profit from chaos they helped create—attorney abandonment and their own discovery obstruction—while seeking to punish an abandoned client, which is barred by Supreme Court precedent. *Link v. Wabash R. Co.,* 370 U.S. 626, 633–34 (1962); *Maples v. Thomas,* 565 U.S. 266, 283 (2012).

4. Defendants come to this Court with unclean hands, having suppressed exculpatory evidence and obstructed discovery, which precludes equitable relief. *Keystone Driller Co. v. Gen. Excavator Co.,* 290 U.S. 240, 245 (1933); *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45–46 (1991).

## I. SANCTIONS FOR ATTORNEY ERROR CANNOT BE IMPOSED ON THE CLIENT

The Supreme Court has unequivocally held that "sanctions for attorney misconduct must be directed at the responsible lawyer, not the client who relied in good faith." *Link v. Wabash R. Co.,* 370 U.S. 626, 633–34 (1962); see also *Thomas v. Capital Sec. Servs., Inc.,* 836 F.2d 866, 879 (5th Cir. 1988) (en banc). This principle is structural: a client's good-faith reliance on counsel's professional judgment cannot be penalized. *Maples v. Thomas,* 565 U.S. 266, 283 (2012).

Here, **the record is definitive:** Plaintiff's declaration was filed by counsel, bore the "Draft Two" watermark **received from counsel**, and was signed under extreme time pressure at **counsel's**

direction. Former counsel admitted in writing that ensuring its accuracy was his **"responsibility."** [Dkt. 162.1, Ex. B; Dkt. 162.14, Ex. O]. Under Link, any sanction must be directed at the attorney, **not the Plaintiff.**

## II. DEFENDANTS' FRAUD ON THE COURT BARS EQUITABLE RELIEF

A party seeking the Court's equitable sanction power must come with clean hands. *Keystone Driller Co. v. Gen. Excavator Co.,* 290 U.S. 240, 245 (1933). **"Fraud upon the court" is a grave offense that undermines judicial integrity.** *Rozier v. Ford Motor Co.,* 573 F.2d 1332, 1338 (5th Cir. 1978).

**Defendants' conduct constitutes fraud on the court:**

- **Suppression of Exculpatory Evidence:** Withholding the EEOC audio recording containing the discriminatory remark "How about sending you back to India," which directly contradicts their EEOC position statements. [Dkt. 162.3, Ex. D].

- **Suppression of Sworn Testimony:** Concealing Dr. Candace Howard's deposition testimony that termination was a **"business model"** change, not due to interpersonal issues, eviscerating their stated pretext. [Dkt. 162.2, Ex. C].

- **Discovery Obstruction:** Failing to comply with Magistrate Judge Harris's May 22, 2025, order to produce comparator and accreditation records. [Dkt. 162.10, Ex. K].

A party that suppresses evidence and misleads the tribunal cannot seek its sanction power. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45–46 (1991). Their silence in Reply [Dkt. 164] concedes these violations.

## III. DEFENDANTS' "SOPHISTICATED LITIGANT" THEORY VIOLATES LAW OF THE CASE AND IS LEGALLY IRRELEVANT

Defendants' new theory relies on their failed Rule 41(b) motion [Dkt. 98], which this Court found **"not persuasive" and denied** [Dkt. 108]. The "law of the case" doctrine prohibits relitigating issues already decided. *Arizona v. California,* 460 U.S. 605, 618 (1983); *In re OCA, Inc.,* 551 F.3d 359, 370 (5th Cir. 2008). This improper collateral attack on this Court's prior ruling must be rejected.

Moreover, **pro se status does not equate to legal sophistication;** pro se pleadings are held to less stringent standards. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). Defendants' attempt to weaponize Plaintiff's hardship-driven filings is legally untenable.

## IV. JUDICIAL INTEGRITY AND APPELLATE REVIEW DEMAND DENIAL OF SANCTIONS

This case is now docketed in the Fifth Circuit. The appellate court will examine this Court's rulings for fairness, proportionality, and integrity. Sanctioning an abandoned client for his attorney's error, while ignoring suppression of evidence by the opposing party, would create a record that cannot survive appellate review as a fair or proportionate exercise of discretion. See *In re Texas Mortg. Servs. Corp.,* 761 F.2d 1068, 1073 (5th Cir. 1985).

### V. Respectful Statement of Judicial Goodwill

Plaintiff expresses his sincere appreciation for the Court's time and attention in this matter. Recognizing the Court's heavy docket and the importance of orderly procedure, Plaintiff pledges to conduct himself with the utmost professionalism, to avoid unnecessary burden on the Court, and to ensure that his filings are concise, accurate, and procedurally compliant.

Pro Se Disclaimer

1. Plaintiff is proceeding pro se, and this filing has not been reviewed or prepared by a licensed attorney. All statements are made in good faith based on Plaintiff's understanding of the record and applicable law.

2. If any portion of this filing is deemed misleading, inaccurate, or unsupported, Plaintiff respectfully requests the opportunity to clarify or withdraw. Likewise, if any portion is deemed procedurally inadequate or improper, Plaintiff respectfully requests leave to correct or supplement the record accordingly.

3. Plaintiff affirms his continuing commitment to procedural fairness, accuracy, and truthfulness in all submissions to this Court, and respectfully seeks the Court's indulgence in construing this filing liberally in light of his pro se status.

Plaintiff respectfully requests that the Court construe this pro se filing liberally pursuant to Haines v. Kerner, 404 U.S. 519 (1972).

PRAYER FOR RELIEF

For the reasons stated, Plaintiff respectfully requests that this Court:

1. **DENY** Defendants' request for Rule 56(h) sanctions against Plaintiff;

2. **DIRECT** any sanction inquiry to the responsible attorney, as required by Link; and

3. **INITIATE** a judicial review of Defendants' litigation conduct for fraud on the court and discovery obstruction.

Judicial integrity and the pending appellate review require this Court to reject Defendants' tactics and focus its inquiry on the responsible actors: the former attorney who filed a "Draft Two," and the party that has suppressed evidence and subverted these proceedings.

Respectfully submitted on December 16, 2025.

*[signature]*

Dr. Mohan Pauliah, Ph.D.
Appellant, Pro Se
100 Sagefield Dr
Canton, MS 39046
pauliahmohan@gmail.com
(347) 949-3224

**CERTIFICATE OF SERVICE**

I, Mohan Pauliah, certify that on December 16, 2025, I will electronically file this plaintiff's motion for judicial review and for relief from sanctions based on fraud upon the court and procedural abuse, with the Clerk of Court using the CM/ECF system, which will send notice to all counsel of record.

Respectfully submitted on December 16, 2025.

*[signature]*

Dr. Mohan Pauliah, Ph.D.
Appellant, Pro Se
100 Sagefield Dr
Canton, MS 39046
pauliahmohan@gmail.com
(347) 949-3224