

SOUTHERN DISTRICT OF MISSISSIPPI
**F I L E D**
JAN 23 2026
ARTHUR JOHNSTON
BY_____ DEPUTY

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**MOHAN PAULIAH, Ph.D.**                                              **PLAINTIFF**

**VS.**                              **CIVIL ACTION NO. 3:23-cv-03113-CWR-ASH**

**UNIVERSITY OF MISSISSIPPI MEDICAL CENTER,
ET AL.,**                                                    **DEFENDANTS**

**PLAINTIFF'S REQUEST FOR CLARIFICATION REGARDING THE COURT'S**

**FINDINGS OF INTENT UNDER RULE 56(h)**

**TO THE HONORABLE COURT:**

The sanctions order rests on an unresolved ambiguity: it does not identify any evidence that

Plaintiff acted with the subjective bad faith required by Rule 56(h) and binding Fifth Circuit

precedent. The record shows the declaration was drafted, controlled, and filed by counsel, and

the Order does not specify any statement Plaintiff personally knew was false at the time of

signing. Clarification is necessary to determine whether the Court made the scienter finding

required by law, to ensure procedural fairness, and to permit meaningful appellate review.

**I. INTRODUCTION**

Plaintiff, Dr. Mohan Pauliah, proceeding pro se, respectfully submits this Request for

Clarification pursuant to the Court's inherent authority to clarify its orders. On December 30,

2025, the Court entered a Sanctions Order (Dkt. 170) under Federal Rule of Civil Procedure

56(h), finding that Plaintiff acted in "bad faith" and apportioning monetary sanctions.

Rule 56(h) authorizes sanctions only upon a specific finding that a declaration was submitted

"in bad faith or solely for delay." The Fifth Circuit has consistently held that "bad faith"

1

requires clear evidence of a conscious intent to deceive or subvert the judicial process, not mere negligence or reliance on counsel. See *F.D.I.C. v. Maxxam, Inc.*, 523 F.3d 566, 590 (5th Cir. 2008); *Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 803 (5th Cir. 2003) (en banc). The Court's Order employs strong language ("lies," "AI" ... "hallucinate the facts") but does not identify the specific factual or legal basis for concluding that Plaintiff personally acted with the requisite subjective intent. Because the sanction carries significant professional, financial, and personal consequences, including health hardships, livelihood challenges, and potential effects on immigration status, clarification is essential to ensure the record accurately reflects the Court's reasoning, to safeguard Plaintiff's due process rights, and to permit meaningful appellate review. This motion seeks clarification only, not reconsideration.


**SECTION I**

This Motion is necessary to resolve a critical ambiguity in the Order that directly impacts Plaintiff's appeal and the proper standard of appellate review.


**1. THE ORDER CONTAINS A CRITICAL AMBIGUITY REQUIRING CLARIFICATION**

The sanctions Order (Dkt. 170) imposes sanctions against Plaintiff under **Federal Rule of Civil Procedure 56(h)**, which authorizes sanctions only if a declaration is submitted "in bad faith or solely for delay." Fed. R. Civ. P. 56(h). The Fifth Circuit requires a **specific finding of the submitting party's subjective bad faith**—a "conscious doing of a wrong for dishonest, discriminatory, or malicious purpose." *F.D.I.C. v. Maxxam, Inc.*, 523 F.3d 566, 590 (5th Cir. 2008); *see also Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 803 (5th Cir. 2003) (en banc).

The December 30, 2025 Order contains **no explicit finding** that Plaintiff acted with subjective intent to deceive or delay. Instead, the Order discusses Plaintiff's conduct (e.g., signing without verifying, using AI) and counsel's failures, then imposes sanctions. This creates an ambiguity fatal to meaningful appellate review:

**Did the Court find that Plaintiff acted with the subjective bad faith required by Rule 56(h) and binding Fifth Circuit precedent?**

## 2. THE CLARIFICATION IS NEEDED FOR PROPER APPELLATE REVIEW

Whether the Court made an explicit finding of subjective bad faith is dispositive of both the applicable standard of review and the validity of the sanction on appeal.

- **If the Court made a finding of subjective bad faith,** the appeal will review that finding for clear error and the sanction for abuse of discretion.

- **If the Court did not make such a finding,** the sanction cannot be sustained as a matter of law, because Rule 56(h) authorizes sanctions only upon a showing of the requisite scienter and does not permit sanctions based on negligence, carelessness, or attorney error alone. See Browning v. Kramer, 931 F.2d 340, 344 (5th Cir. 1991).

Without clarification, the appellate court cannot determine the Order's foundational premise, complicating meaningful appellate review, risking unnecessary expenditure of judicial resources, and obscuring a clear legal issue appropriate for reversal.

## 3. SPECIFIC QUESTIONS FOR CLARIFICATION

To resolve this ambiguity, Plaintiff respectfully requests the Court clarify the December 30, 2025 Order by answering the following question:

**In imposing sanctions against Plaintiff under Rule 56(h), did the Court make a specific**

finding that Plaintiff submitted his declaration (Dkt. 124-1) with *subjective bad faith*, that is, with a conscious intent to deceive the Court or solely for the purpose of delay?

An affirmative or negative answer will provide the necessary clarity necessary for meaningful appellate review.

## 4. GOOD CAUSE EXISTS FOR CLARIFICATION

Good cause exists because of the clarification:

    i.  **Addresses a Purely Legal Ambiguity:** It does not seek reconsideration of the merits, only a statement of the legal finding already made or omitted.

    ii.  **Promotes Judicial Economy:** It will streamline the appellate process by defining the precise issue for review.

    iii.  **Is Timely:** This Motion is filed promptly after the Order and in conjunction with **Plaintiff's motion for a stay pending appeal**.

## 5. CONCLUSION AND PRAYER FOR RELIEF

For the reasons stated, Plaintiff respectfully requests that this Court enter an order clarifying its December 30, 2025 Order (Dkt. 170) by expressly stating whether it found Plaintiff acted with subjective bad faith as required by Rule 56(h).

## SECTION II

This motion does not seek reconsideration or rehearing of the Court's ruling. Rather, it seeks limited clarification of the factual and legal grounds underlying the Court's findings, including: (1) the scope of the Rule 56(h) determination; (2) the treatment of unopposed corrective motions, inclusive of all motions filed by Plaintiff pro se; and (3) the basis for apportioning

4

sanctions. Such clarification will promote judicial economy, ensure compliance, and provide a complete record for appellate review.

## THE COURT'S CORE FINDING - THAT PLAINTIFF DRAFTED THE DECLARATION - IS CONTRADICTED BY THE UNDISPUTED RECORD

### Purpose of this Motion:

Plaintiff respectfully seeks clarification of the factual and legal bases underlying the Court's Rule 56(h) sanctions order (Dkt. 170), because several of the Order's core findings appear to rest on assumptions unsupported by the record. Rule 56(h) permits sanctions only upon a specific finding that the declarant personally acted with subjective bad faith. Yet the Order does not identify evidence that Plaintiff knew any statement was false, intended to deceive, or acted for delay. Instead, the Order attributes to Plaintiff the drafting, citation, and preparation of a declaration that the record shows were created, controlled, and filed by counsel.

Because these assumptions directly shaped the Court's conclusions, and because they bear on Plaintiff's pending appeal, clarification is essential to ensure the record accurately reflects the Court's reasoning and to preserve the procedural fairness required by Rule 56(h) and due-process principles.

### II. NEED FOR CLARIFICATION

Rule 56(h) permits sanctions only where a declaration is submitted "in bad faith or solely for delay." Fed. R. Civ. P. 56(h). The Fifth Circuit has unequivocally held that "bad faith" in this context is not mere negligence but requires evidence of a "conscious doing of a wrong for dishonest, discriminatory, or malicious purpose"—a subjective intent to deceive or subvert the judicial process. See *F.D.I.C. v. Maxxam, Inc.*, 523 F.3d 566, 590 (5th Cir. 2008); *Montalvo v. Parkland Memorial Hosp.*, 2017 WL 3084263, at *3 (N.D. Tex. July 19, 2017); *Whitehead v.*

*Food Max of Miss., Inc.*, 332 F.3d 796, 803 (5th Cir. 2003) (en banc) (sanctions must be "just" and proportionate); *Thomas v. Capital Servs., Inc.*, 836 F.2d 866, 879 (5th Cir. 1988) (sanctions must target the actual wrongdoer).

The Court's Order (Dkt. 170) details alleged "fabrications" and employs strong language ("lies," "AI"… "hallucinate the facts"), but it does not explicitly link these descriptions to a finding of Plaintiff's own knowledge of falsity or deceptive purpose. Without a clear identification of the evidence supporting subjective bad faith, the sanction risks resting on imputed responsibility for counsel's drafting rather than the plaintiff's personal intent.

Given the severe professional, financial, and personal consequences of a "bad faith" sanction and its central role in Plaintiff's pending appeal, clarification is essential to ensure the record accurately reflects the Court's ruling, to safeguard Plaintiff's due process rights, and to permit meaningful appellate review.

## PLAINTIFF'S SPECIFIC REQUEST FOR CLARIFICATION OF THE DECEMBER 30, 2025 ORDER (DKT. 170)

Plaintiff, Dr. Mohan Pauliah, proceeding pro se, respectfully requests limited clarification from the Court regarding its December 30, 2025, Order (Dkt. 170).

## II. SPECIFIC REQUESTS FOR CLARIFICATION

Plaintiff respectfully requests the Court clarify the following points, with citations to the record where applicable:

A. Clarification of the Finding of "Subjective Bad Faith" as to Plaintiff

1. Plaintiff respectfully requests clarification: What specific evidence in the record demonstrates that Plaintiff personally knew that any particular statement in the

6

declaration (Dkt. 124-1) was false at the time he signed it? Please identify the evidence supporting knowledge for each alleged "fabrication" attributed to Plaintiff?

2. Plaintiff respectfully requests clarification: Whether specific evidence in the record demonstrates that Plaintiff acted with the conscious objective or intent to mislead the Court or to cause delay, as opposed to acting under the direction, time pressure, and anticipated professional review of his counsel, Samuel L. Begley?

3. Plaintiff respectfully requests clarification: Whether the Court's finding of Plaintiff's "bad faith" rests on the conclusion that his reliance on counsel's instruction- where the attestation language appearing above Plaintiff's signature was drafted and inserted by counsel Begley, and where counsel expressly directed, **"You can go ahead and sign it. I trust you"** (Dkt. 162-4, 8:11 PM text), constitutes, in itself, a conscious wrong undertaken for a dishonest purpose?


**B. Clarification of the Court's Factual Findings in Light of Contrary Record Evidence**

4. Plaintiff respectfully requests clarification: Whether the Court reconciles its finding that Plaintiff "encouraged" counsel to avoid responsibility (Dkt. 170 at 6 n.6) with the full context of Docket 162-14, which shows:

i. The challenged phrase ("entirely fabricated") was **drafted by Mr. Begley;**

ii. Plaintiff's requested edit was to remove that contradictory phrase and correctly cite the record; and

iii. Plaintiff contemporaneously provided correct citations and additional corroborating evidence?

4a. Plaintiff respectfully requests clarification: Whether the Court maintains that requesting removal of an attorney's erroneous, self-contradictory language constitutes "encouragement" to avoid responsibility?

5. Plaintiff respectfully requests clarification: Upon reconsideration of the record, does the Court acknowledge that its statement that "Neither... objected to the hourly rates" (Dkt. 170 at 5, 7) is incorrect in light of Plaintiff's Exhibit N (Dkt. 162-13), which lodged specific objections to the reasonableness and application of Defendants' billed rates?

### C. Clarification of the Legal Basis for Sanctioning Plaintiff's Use of AI

**6.** Plaintiff respectfully requests clarification: Is the Court's reference to Plaintiff using "AI"... "hallucinate the facts" (Dkt. 170 at 3) intended as a separate, independent basis for the "bad faith" finding under Rule 56(h)? See Roadway Express v. Piper, 447 U.S. 752 (1980) (procedural fairness and notice requirement), *In re Pennie & Edmonds,* 323 F.3d 86 (2d Cir. 2003).

No party raised AI as an issue, and no hearing notice referenced it.

7. Plaintiff respectfully requests clarification: If so, what is the legal authority that transforms the use of an AI drafting tool- without evidence that the user knew its output was false- into per se "bad faith"? Plaintiff respectfully requests clarification whether this squares with the scienter requirement set forth in *Maxxam, Whitehead, Montalvo, and In re Pennie & Edmonds,* 323 F.3d 86 (2d Cir. 2003)

### D. Clarification of the Apportionment of the Sanction

8. Plaintiff respectfully requests clarification: What was the factual and legal basis for apportioning 20% of the total sanction ($1,000 of $5,000) to Plaintiff? What specific conduct of Plaintiff, distinct from his counsel's, warranted this specific financial share, particularly in light of Plaintiff's unemployed status noted by the Court? *Topalian v. Ehrman*, 3 F.3d 931 (5th Cir. 1993) for proportionality.

Plaintiff respectfully requests clarification of the factual basis for apportionment distinct from counsel's admitted responsibility.

## 9. Clarification of the Court's Statement Regarding Plaintiff's Declaration

**The attestation language was counsel-drafted (Dkt. 162-4), and the Plaintiff relied on counsel's directive.**

The Court states Plaintiff "may not draft his own declaration with disregard for the veracity of its contents" and that his sworn statement "was not" true and correct. (Dkt. 170 at 7).

- Plaintiff respectfully requests clarification: Does the Court find that Plaintiff's act of signing the declaration after counsel's explicit instruction- where **the attestation language** appearing above Plaintiff's signature was drafted and inserted by counsel Begley, and where counsel directed, **"You can go ahead and sign it. I trust you"** (Dkt. 162-4), constituted "disregard for veracity" as a matter of law?

- Plaintiff respectfully requests clarification: Whether the Court reconciles this finding with the principle that a client may reasonably rely on counsel's professional judgment and representations, as reflected in *Pavelic & LeFlore* and *Link*.?

- Plaintiff respectfully requests clarification: Is the Court's finding that the declaration "was not" true and correct, intended as a sufficient substitute for the specific finding of Plaintiff's subjective knowledge of its falsity required by *Maxxam* and Rule 56(h)?

## 10. Due Process and the Novel AI "Hallucinate the Facts" Theory

- Plaintiff respectfully requests clarification: When, prior to the issuance of Docket 170, was Plaintiff provided with notice that his use of AI as a drafting tool- distinct from the submission of any known falsehood- would be considered a sanctionable act or evidence of "bad faith" under Rule 56(h)?

9

- Plaintiff respectfully requests clarification: Whether the Court reconciles its adoption of this theory with the due process notice requirements established in *Roadway Express v. Piper*, 447 U.S. 752 (1980) (procedural fairness and notice requirement) and *In re Pennie & Edmonds*.

- Plaintiff respectfully requests clarification: Whether the Court acknowledges that by denying Plaintiff's motions to correct the record (Dkts. 154, 162), it denied him the opportunity to cure the very errors that formed the basis of the sanction, thereby rendering the sanctioning process fundamentally unfair.

### 11. Regarding Docket 154

The Order denies Plaintiff's "Motion to Supplement the Record" as moot, stating Plaintiff filed the same material elsewhere. Docket 154, however, contained the critical October 24–26, 2025 email admissions of former counsel Samuel L. Begley, in which he accepted full responsibility for the preparation and content of the declaration at issue. Plaintiff respectfully requests a one-sentence clarification: Did the Court, in its Rule 56(h) analysis, consider the substance of these counsel admissions, or does the "mootness" denial indicate the Court did not reach them?

### 12. Clarification Regarding Conflict-of-Interest Allegations (Dkt. 144)

Although the Order references Mr. Begley's employment, it does **not** expressly adjudicate detailed the specific conflict-of-interest allegations raised in Docket 144- including his undisclosed concurrent City attorney employment, his refusal to file motions or corrections requested by Plaintiff, and the fact that he remains counsel of record for Plaintiff in the parallel state-court matter (Case No. 25CI1:24-cv-00663-AHW). Plaintiff respectfully seeks clarification as to whether the Court reached and made a finding on the **merits** of these

conflict-of-interest allegations, or whether these issues remain **unaddressed and therefore preserved** for further review?

### 13. Scope of Rule 56(h) Findings

Plaintiff respectfully requests clarification and confirmation: Are the Court's Rule 56(h) findings limited solely to the declaration at Dkt. 124-1, or do they extend to other filings or evidence not expressly mentioned?

## III. SPECIFIC REQUEST FOR CLARIFICATION ON THE DENIAL OF UNOPPOSED CORRECTIVE MOTIONS

Plaintiff respectfully requests specific clarification regarding the Court's denial or mooting of several unopposed motions, as this pattern directly impacts understanding of the Rule 56(h) record and the fairness of the proceedings.

### 14. Clarification Regarding the Denial of Unopposed Corrective Motions and the Completeness of the Rule 56(h) Record

The Court's Order denies or moots Dockets 154, 157, 158, 161, 165, and 166. The record indicates that **none of these motions were opposed by Defendants**. This creates ambiguity regarding whether the Court's rulings were based on substantive merits, procedural grounds, or a finding that the motions were unnecessary. **Given that these motions sought to correct the record, compel evidence from former counsel, and respond to new arguments, their disposition is critical to understanding the scope of the record considered in the Rule 56(h) determination.**

Plaintiff respectfully requests a brief clarification for each motion: **Was the denial based on a substantive evaluation of the motion's merits, or purely on a procedural or mootness ground because the Court believed the Rule 56(h) hearing rendered them superfluous?**

**This is particularly urgent for:**

**15. Dkt. 154 & 155**

Plaintiff respectfully requests clarification: **Whether the "mootness" finding means the Court did not consider the substance of former counsel's email admissions in its culpability analysis?**

**16. Dkt. 157**

Plaintiff respectfully requests clarification: Whether the denial means the **Court found sworn testimony from counsel** unnecessary for resolving the central factual dispute over the declaration's authorship?

**17. Dkt. 166**

Plaintiff respectfully requests clarification: Whether the denial means the Court concluded Plaintiff had no right to respond to new arguments raised in Defendants' reply, even though the Court subsequently relied on those arguments?

**18. Due Process Considerations**

Plaintiff respectfully requests clarification: What was the basis for the Court's rulings on the unopposed corrective motions, and does the Court acknowledge whether Plaintiff was afforded a full and fair opportunity to be heard, as required by due process?

Plaintiff further requests clarification: Whether the Court's rulings were intended to provide substantive determinations on the merits of the motions, or whether they were denied or mooted solely on procedural grounds? Understanding this distinction is essential to accurately prepare the record for appellate review. *Roadway Express v. Piper*, 447 U.S. 752, 767 (1980) for

procedural fairness, See *Foman v. Davis*, 371 U.S. 178, 182 (1962) (noting the importance of clarity in court orders to inform parties and appellate courts of the grounds for decision).

## 19. Consideration of Corrective Filings

Plaintiff respectfully requests clarification as to whether the Court reviewed and considered the substance of Plaintiff's corrective filings, including Docket 154 (Motion to Supplement the Record), Docket 155 (Notice of Supplemental Evidence), Docket 162 (Corrective Submission with Exhibits A–O), and Docket 166 (Motion for Leave to File Sur-Reply), before issuing its Rule 56(h) findings and summary judgment ruling. Each of these filings contained material evidence, including former counsel's admissions of responsibility, corrected citations, and additional factual support. The Court denied or mooted these filings without explanation. Plaintiff respectfully requests clarification whether these filings were substantively reviewed, and if not, whether the Court intends to revisit its findings in light of this unconsidered evidence?

## 20. Clarification Regarding the Court's Use of Credibility Determinations in Granting Summary Judgment (Dkt. 141)

The Court's summary judgment order (Dkt. 141) and subsequent Rule 56(h) order (Dkt. 170) contain multiple statements characterizing Plaintiff's testimony and explanations as "preposterous," "unacceptable," and "not believable." Plaintiff respectfully requests clarification whether the Court acknowledges that credibility determinations, weighing of testimony, and assessments of believability are prohibited at the summary judgment stage under controlling Fifth Circuit precedent. See *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986) (credibility not for summary judgment), See *Lee v. Offshore Logistical*, 859 F.3d 353 (5th Cir. 2017) (affidavits must be considered unless inadmissible). If the Court relied on credibility

assessments to resolve disputed facts, Plaintiff respectfully requests clarification whether the Court intends to revisit its summary judgment ruling in light of this legal prohibition?

## 21. Clarification Regarding the Specific Statements the Court Deemed "Fabrications" for Purposes of Striking the Declaration and Granting Summary Judgment

Plaintiff respectfully requests that the Court identify, with specificity, which statements in the declaration (Dkt. 124-1) the Court determined were "fabricated" and which of those statements were material to the Court's decision to strike the declaration and grant summary judgment (Dkt. 141)?

Plaintiff further requests clarification whether the Court made a finding that Plaintiff personally knew any such statements were false at the time of signing, as required under Rule 56(h) and *Maxxam*; See *Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 803 (5th Cir. 2003) (en banc) (requiring specific scienter finding), and *Thomas v. Capital Servs., Inc.*, 836 F.2d 866, 879 (5th Cir. 1988) (sanctions must target the actual wrongdoer, not the innocent client)?.

This clarification is necessary to understand the scope of the Court's findings and to permit meaningful appellate review.

## 22. Clarification Regarding the Basis for Denying Plaintiff's Unopposed Motions to Correct or Supplement the Record (Dkts. 154, 157, 158, 161, 165, 166)

The Court denied or mooted several unopposed motions—including Dockets 154, 157, 158, 161, 165, and 166, each of which sought to correct the record, compel former counsel's testimony, or respond to new arguments raised by Defendants. Plaintiff respectfully requests clarification whether these motions were denied on substantive grounds, procedural grounds, or solely because the Court believed the Rule 56(h) hearing rendered them unnecessary?

Plaintiff further requests clarification whether the Court considered the evidence contained in

these filings when making its Rule 56(h) findings and summary judgment ruling, and if not, whether the Court intends to revisit its conclusions in light of this unopposed and unaddressed evidence?

### 23. Clarification Regarding the Court's Failure to Use the Least Severe Sanction ("Scalpel Instead of Axe")

Rule 56(h) and Fifth Circuit precedent require courts to impose the least severe sanction adequate to deter misconduct, not the most severe. See *Topalian v. Ehrman*, 3 F.3d 931, 936 (5th Cir. 1993) ("Sanctions must be tailored to the misconduct and no more severe than necessary."). Plaintiff respectfully requests clarification of why the Court chose to strike the entire 40-page declaration in its entirety, rather than employ a narrower, less drastic remedy such as:

- Striking only the specific statements the Court believed were unsupported,
- Permitting Plaintiff to correct citations,
- Allowing supplementation with accurate deposition excerpts,
- Or allocating responsibility solely to counsel, who admitted drafting, reviewing, and filing the declaration.

Because the Court did not identify which specific statements were false, and because former counsel admitted responsibility for the content and verification of the declaration (Dkts. 154-1, 155-1, 162-14), Plaintiff respectfully requests clarification on why the Court did not apply a targeted, line-by-line remedy instead of the most severe sanction available. This clarification is necessary to determine whether the sanction was proportionate and consistent with Fifth Circuit requirements.

**24. Clarification Regarding the Court's Failure to Provide Plaintiff Any Meaningful Opportunity to Correct or Amend the Declaration Before Striking It in Its Entirety**

Plaintiff respectfully requests clarification as to why the Court did not provide any meaningful opportunity to correct, amend, or supplement the declaration (Dkt. 124-1) before striking it in its entirety. Fifth Circuit precedent requires courts to impose the least severe sanction adequate to deter misconduct, not the most severe. See *Topalian v. Ehrman*, 3 F.3d 931, 936 (5th Cir. 1993) ("Sanctions must be tailored to the misconduct and no more severe than necessary.").

Plaintiff filed multiple unopposed corrective submissions, including Dkts. 154, 155, 162, and 166, containing accurate citations, supplemental evidence, and former counsel's admissions of responsibility. These filings were denied or mooted without explanation. Plaintiff respectfully requests clarification on why the Court did not employ a narrower, line-by-line remedy (e.g., striking only the specific statements the Court believed were unsupported, permitting corrected citations, or allowing supplementation), and instead imposed the most extreme sanction available by striking the entire 40-page declaration.

This clarification is necessary to determine whether the sanction was proportionate, consistent with Fifth Circuit requirements, and imposed with the procedural fairness required under Rule 56(h) and due process principles.

**25. Request for Clarification on the Court's Denial of Unopposed Motions**

In addition to the clarifications previously requested, Plaintiff respectfully seeks explicit clarification on a pattern critical to understanding the procedural fairness of the Rule 56(h) proceeding.

The Court's December 30 Order (Dkt. 170) denied or mooted six of Plaintiff's post-summary judgment motions: Dkts. 154, 157, 158, 161, 165, and 166. The docket reflects that not one of

these motions was opposed by Defendants. Yet, the Court denied them, often with minimal explanation (e.g., "moot" or "sufficiently addressed").

1. Plaintiff therefore respectfully requests that the Court clarify, with a brief statement for each motion.

2. Whether the absence of opposition from Defendants was a factor in the Court's decision to deny or moot these motions. If not, what was the dispositive factor?

3. For motions denied as "moot" (Dkts. 154, 161): Plaintiff respectfully requests clarification—whether the Court considered the substance of an unopposed, corrective motion when declaring it moot, or whether the ruling was purely procedural. Specifically concerning Dkt. 154, did the "mootness" finding preclude the Court from considering the attached admissions of former counsel in its Rule 56(h) analysis?

4. For motions denied because the hearing "sufficiently addressed these issues" (Dkts. 157, 158, 165, 166): Plaintiff respectfully requests clarification—whether this means the Court found the motions' substantive requests were satisfied at the hearing, or that the motions were procedurally unnecessary. For Dkt. 157, does this mean the Court found sworn testimony from counsel unnecessary because the issue of responsibility was resolved? For Dkt. 166, does this mean the Court declined to consider new arguments in Defendants' reply because Plaintiff had a prior opportunity to respond?

This clarification is essential because the denial of these unopposed motions, which sought to correct the record, compel evidence, and secure responsive briefing, directly shaped the factual landscape upon which the sanctions were imposed. Understanding the Court's reasoning is necessary to determine whether Plaintiff was afforded a full and fair opportunity to be heard, as required for any valid sanctions order under *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980).

17

**26. Request for Clarification Regarding the Court's Finding on Fee Objections**

Plaintiff respectfully seeks clarification on a critical factual finding in the December 30 Order (Dkt. 170 at 7), which states: "Neither Mr. Begley nor Dr. Pauliah objected to the Defendants' rates for counsel or staff."

This finding appears to be in direct conflict with the record. Plaintiff's filing at Docket 162, titled *Plaintiff's Omnibus Opposition to Defendants' Fee Request*, and its attached Exhibit N: *Evidence of Unreasonable Fees: Line-by-Line Objection to Billing*, contained specific, detailed objections to Defendants' fee submission. These objections challenged, among other things:

- The duplicative and excessive hours billed by multiple attorneys, which inherently question the reasonableness of applying their respective rates to such work.

- The use of senior attorney rates for tasks that were clerical, administrative, or otherwise did not justify such rates.

- The overall unreasonableness and inflation of the fee request, which is a challenge to the lodestar calculation, including the rate component.

Plaintiff therefore respectfully requests the Court clarify:

- Whether the Court's statement that the Plaintiff "did not object to the … rates" was intended to mean that Plaintiff did not file a separate, formal objection to the numerical rates of $225/hour and $95/hour, as distinct from objecting to the reasonableness of the fees overall.

- If so, whether the Court considered a pro se litigant's comprehensive challenge to the reasonableness, duplication, and necessity of billed hours-as documented in Dkt. 162 and Exhibit N-to constitute an objection to the application of the claimed rates, if not the rates themselves.

- Whether the Court, in its review, considered the substance of the line-by-line objections in Exhibit N when assessing the reasonableness of the $8,570 in fees it found recoverable.

This clarification is essential for appellate accuracy. Under Fifth Circuit precedent, an objection to the reasonableness of a fee award necessarily encompasses the reasonableness of the rates as applied. *Walker v. U.S. Dep't of Hous. & Urb. Dev.*, 99 F.3d 761, 770 (5th Cir. 1996). A finding that no objection was made could materially prejudice Plaintiff's appeal by mischaracterizing the record.

### 27. Request for Clarification and Correction of Clearly Erroneous Factual Findings

Plaintiff respectfully requests the Court clarify and correct a material factual error in its December 30, 2025, Order (Dkt. 170) that severely prejudices Plaintiff and forms a faulty basis for the sanctions imposed.

**The erroneous finding:** The Order states: "Plaintiff 'encouraged' Mr. Begley to avoid responsibility for the fabrications…" and cites Dkt. 162-14. This finding is incorrect.

**The undisputed record evidence (Dkt. 162-14):**

1. August 25, 2025, 2:20 PM: Mr. Begley emails Plaintiff: "I have drafted our response to the motion to strike… I could not find an answer… Help."

2. August 25, 2025, 9:46 PM: Plaintiff responds. His email:

- Acknowledges a citation error in Begley's draft regarding Dr. Howard's testimony.

- Provides the correct deposition citation (page 18).

- Supplies additional corroborating evidence (Duszak Dep., Morris Dep., ACR QC Manual) to support the substantive point.

- Notes a phrase in Begley's draft ("Rather, it appears to be entirely fabricated") is inconsistent with the corrected citation and should be removed.

- States the accurate conclusion: "Dr. Howard's deposition testimony comports with paragraphs 139 and 147."

**Why this is a clear error:**

- *Role reversal:* The Court's finding implies Plaintiff directed counsel. The record shows
- the opposite: counsel drafted the document, identified a problem, and asked the client
  for help.
- *Mischaracterization of act:* Plaintiff's act was corrective and transparent—providing
  accurate citations and removing a confusing, internally inconsistent phrase written by
  counsel. This is the action of a litigant trying to fix an error, not conceal one.
- *Lack of evidentiary support:* No evidence in the email suggests an intent to "avoid
  responsibility." The evidence shows an intent to assume responsibility for accuracy by
  correcting the filing.

**Legal standards and prejudice:**

A finding is "clearly erroneous" when, despite supporting evidence, the reviewing court is
"left with the definite and firm conviction that a mistake has been committed." *Anderson v.
City of Bessemer City*, 470 U.S. 564, 573 (1985). This standard is met here. This erroneous
finding improperly taints Plaintiff's character and forms part of the rationale for imposing a
joint sanction. It must be corrected to ensure the record is just and accurate.


**Request for clarification/correction:**

Plaintiff respectfully requests that the Court issue an order clarifying or amending Dkt. 170 to
reflect that Plaintiff's August 21 email was a good-faith response to counsel's request for help,
aimed at correcting citation errors and aligning the filing with the record, and not an attempt to
encourage the avoidance of responsibility. Plaintiff further requests that the Court amend its
finding to reflect "good faith correction" rather than "encouragement to avoid responsibility."
[Hi Sam, Thank you for sharing documents 127-130. I've attached my response for your review,
and I welcome any additions or corrections. I regret not having sufficient time to thoroughly
proofread my previous submission, but I'm committed to getting it right this time. Despite

struggling with health issues, I'm resolute in ensuring my Sur reply rebuttal is comprehensive. I appreciate your support and valuable expertise. As a dedicated professional, I worked tirelessly and with integrity during my time at UMMC, and I am determined to fight this injustice with every breath I have, seeking a fair resolution. Could you please let me know the deadlines for filing the sur-rebuttal reply and opposing the motion to strike my declaration so I can plan accordingly? I'm happy to assist with any further adjustments you may need. I'm looking forward to hearing from you. Again, thank you so much for your help and support, Paul]

**28. Request for Clarification Regarding the Court's Finding of Bad Faith and the Striking of the Declaration in Its Entirety**

Plaintiff respectfully requests clarification from the Court regarding two pivotal aspects of its December 30, 2025 Order (Dkt. 170), as the absence of clear findings on these points directly impacts the validity of the sanction and the scope of appellate review.

**1. Clarification sought: Whether the Court made a specific finding of Plaintiff's subjective intent to deceive under Rule 56(h).**

Rule 56(h) authorizes sanctions only upon a finding that a declaration was submitted "in bad faith or solely for delay." Fed. R. Civ. P. 56(h). The Fifth Circuit requires a specific finding of the submitting party's intentional misconduct. *See Whitehead v. Food Max of Miss., Inc., 332 F.3d 796, 803 (5th Cir. 2003) (en banc) (requiring specific scienter finding), and Thomas v. Capital Servs., Inc., 836 F.2d 866, 879 (5th Cir. 1988) (sanctions must target the actual wrongdoer, not the innocent client).*

The Court's Order states the declaration "was filed in bad faith" (Order 170 at 1), but it does not specify whether this finding pertains to Plaintiff's subjective intent, his former counsel's negligence, or both. Clarification is essential: Did the Court find that Plaintiff personally acted with intent to deceive, or is the "bad faith" finding based on imputed responsibility?

Given the record evidence of Plaintiff's good-faith reliance on counsel (Dkt. 154-1), his lack of legal training, and counsel's admissions of sole responsibility, clarification is essential: Did the Court find that Plaintiff personally acted with intent to deceive, or is the "bad faith" finding based on imputed responsibility? The answer determines whether the sanction complies with Rule 56(h)'s scienter requirement and binding precedent that shields clients from sanctions for attorney misconduct absent personal culpability. *Thomas v. Capital Servs., Inc.*, 836 F.2d 866, 879 (5th Cir. 1988).

**2. Clarification sought: The legal basis for striking the entire declaration rather than excising defective portions.**

The Court struck Plaintiff's 43-page declaration in its entirety (Order 170 at 1). The Fifth Circuit, however, has mandated a more surgical approach: "Courts must disregard only those portions of an affidavit that are inadequate and consider the rest." *Lee v. Nat'l Life Assurance Co.*, 632 F.2d 524, 529 (5th Cir. 1980); *Topalian v. Ehrman*, 3 F.3d 931, 936 (5th Cir. 1993) (sanctions must be tailored, least severe). This principle is foundational to summary judgment practice, where even self-serving testimony, if based on personal knowledge, must be considered. *Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 234–35 (5th Cir. 2016).

Plaintiff respectfully requests clarification: What legal standard did the Court apply to justify the wholesale striking of the declaration, rather than the exclusion of specific defective paragraphs? The Court's Order does not address *Lee* or explain why the less drastic remedy

22

was unsuitable. This omission leaves the record unclear whether the striking was an evidentiary ruling or a punitive sanction, a distinction critical for appellate review and for assessing whether the ruling was proportionate and legally sound.

**Why clarification is necessary:**

Without clarification, the sanction order rests on ambiguous findings that may not satisfy Rule 56(h)'s stringent requirements. A clear statement from the Court will ensure that any appellate review is based on an accurate understanding of the Court's reasoning, promote judicial economy, and safeguard Plaintiff's due process rights. Respectfully, such clarification is integral to the fairness and integrity of these proceedings.

## 29. Equitable Considerations Favor Vacatur

In the event the Court's clarification confirms that no specific finding of intentional bad faith was made as required by Rule 56(h)—or that the finding rests on misallocated responsibility, factual error, manifest injustice," and "public confidence in judicial process.—equitable principles independently warrant vacatur of the sanction.

First, Plaintiff's good-faith reliance on counsel's professional judgment, particularly under the extreme time pressure of a three-hour signing deadline and counsel's directive to "sign it. I trust you," is antithetical to the culpable mental state necessary for sanctions. *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 396 (1993). Counsel's admissions of responsibility (Dkt. 154-1) further shift the equitable balance, as sanctions must be "visited upon the actual wrongdoer, not upon the innocent client." *Thomas v. Capital Servs., Inc.*, 836 F.2d 866, 879 (5th Cir. 1988) (en banc).

Second, the sanction's disproportionate impact on an unemployed pro se litigant constitutes irreparable harm that outweighs any minimal interest in immediate enforcement. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Equity disfavors imposing a severe monetary penalty on a party who lacked control over the offending filing, who sought to correct it at the earliest opportunity, and whose unopposed corrective motions were denied. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980). Where, as here, the procedural history reveals a pattern of denied corrective motions and a novel, unnotified "AI hallucination" theory, enforcement would perpetuate a manifest injustice. See *Roadway Express v. Piper*, 447 U.S. 752 (1980) (procedural fairness and notice requirement); *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988).

Finally, the public interest in maintaining trust in judicial proceedings is best served by vacating a sanction that arose from an undisclosed conflict of interest, a record riddled with attorney-driven errors, and a process that denied Plaintiff a meaningful opportunity to cure. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). Equity and fundamental fairness demand that the sanction be set aside pending a full and fair reconsideration of Plaintiff's role—or lack thereof—in the conduct being punished.

## IV. CONCLUSION

Clarification is not sought for re-argument or relitigating, but to ensure the Court's final Order accurately reflects the Court's findings regarding Plaintiff's subjective and to create a clear record for any appellate review. Plaintiff, proceeding pro se, has a due process right to understand the precise conduct for which he is being sanctioned.

Plaintiff respectfully submits that clarification of these issues is necessary to ensure the record accurately reflects the Court's reasoning and to permit meaningful appellate review.

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule 7(b)(3)(A), Plaintiff, proceeding pro se, certifies that a conference with opposing counsel regarding this Request for Clarification is impracticable. The clarification sought concerns solely the Court's own reasoning and findings in its December 30, 2025 Order, and does not involve any action, position, or relief that opposing counsel could agree to or resolve. Because the issues presented are exclusively judicial in nature, this motion is not amenable to resolution through a conference between the parties.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue an order clarifying its findings as requested herein.

Respectfully submitted on the 23rd day of January 2026,

/s/ Mohan Pauliah
Dr. Mohan Pauliah, Pro Se
100 Sagefield Dr, Canton, MS 39046
pauliahmohan@gmail.com  |  (347) 949-3224

**CERTIFICATE OF SERVICE**

I, Mohan Pauliah, certify that on January 23, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Mohan Pauliah