IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MOHAN PAULIAH,**

        *Plaintiff,*

v.

**UNIVERSITY OF MISSISSIPPI MEDICAL CENTER,** *et al.,*

        *Defendants.*

CAUSE NO. 3:23-CV-3113-CWR-ASH

## ORDER

On October 23, 2025, the Court entered an Order granting summary judgment to Defendants on all federal claims and declining to exercise supplemental jurisdiction over the remaining state claim. Docket No. 141. The Court retained jurisdiction to determine what sanctions, if any, were appropriate under Rule 56(h). *See id.* On November 20, 2025, *pro se* Plaintiff, Dr. Pauliah, filed a notice of appeal. Docket No. 152. The Court held the sanctions hearing on December 18, 2025, and on December 30, 2025, entered an Order on sanctions and Final Judgment in this case. Docket Nos. 170 and 171.

Since that time, Dr. Pauliah has filed a motion to clarify the Court's sanctions Order, Docket No. 173; an emergency motion seeking a stay of the Court's sanctions Order, Docket No. 174; an emergency motion for reconsideration and relief from Final Judgment, Docket No. 175; a motion seeking leave to file excess pages, Docket No. 176; and a motion to supplement to record on appeal, Docket No. 180.

The Court sees no need to clarify its sanctions Order. Dr. Pauliah's motion to clarify, Docket No. 173, is denied.

Dr. Pauliah's emergency motions both seek reconsideration of this Court's prior Orders. "While the Federal Rules of Civil Procedure do not provide for a motion for reconsideration, such a motion may be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment or order." *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). Because Dr. Pauliah's motions were filed fewer than 28 days after the Order and Judgment they seek to revise, the Court treats them as motions under Rule 59(e). *See, e.g.*, *Bourrage v. Sollie*, No. 3:24-CV-537, 2025 WL 2382834, at *1 (S.D. Miss. Aug. 15, 2025). "A Rule 59(e) motion 'should not be granted unless there is: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; and (3) the need to correct a clear error of law or fact or to prevent a manifest injustice.'" *Id.* (quoting *Brown v. Miss. Coop. Extension Serv.*, 89 F. App'x 437, 439 (5th Cir. 2004)). Dr. Pauliah has not established the presence of any of the foregoing circumstances. His emergency motions, Docket Nos. 174 and 175, are denied.

Dr. Pauliah's motion seeking leave to file excess pages, Docket No. 176, is denied.

Since Dr. Pauliah filed his final motion, the Clerk's Office has reissued Dr. Pauliah a CD containing the pagination he may cite on appeal and instructed him as to how he may view that pagination with adjustments to his software at home. Therefore, his motion to supplement the record on appeal, Docket No. 180, is denied as moot.

**SO ORDERED**, this the 10th day of February 2026.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE