**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**MOHAN PAULIAH,**

*Plaintiff,*

v.

**UNIVERSITY OF MISSISSIPPI
MEDICAL CENTER, *et al.*,**

*Defendants.*

CAUSE NO. 3:23-CV-3113-CWR-ASH

**ORDER**

On October 23, 2025, the Court granted summary judgment in favor of Defendants on all federal claims and declined to exercise jurisdiction over the remaining state-law claim. Docket No. 141. The declaration filed by Plaintiff in support of his opposition to summary judgment, Docket No. 124-1, contained multiple fabrications and misrepresentations of the record. The Court determined that the declaration was filed in bad faith and struck it in its entirety. Docket No. 141. The Court retained jurisdiction to determine what sanctions, if any, were appropriate under Rule 56(h). *See id.*

The Court held the sanctions hearing on December 18, 2025, and on December 30, 2025, entered an Order sanctioning Dr. Pauliah and his former counsel, Samuel L. Begley.[1] Docket No. 170. The deadline for complying with that Order has passed, and Defendants now seek to enforce those sanctions against Dr. Pauliah. Docket No. 192. The time for Dr. Pauliah to respond to Defendants' request has expired, and Dr. Pauliah has filed none. For the reasons that follow, the Court extends the time for Dr. Pauliah to comply with the

---

[1] Mr. Begley has satisfied his obligations under the Court's Order.

1

sanctions Order but, should he fail to comply within this extended time period and notify the Court of his compliance, the Court will reduce the sanctions imposed against him to a judgment.

"A district courts enjoys broad discretion to enforce its sanctions orders." *Hoggatt v. Allstate Ins.*, 502 F. Supp. 3d 1110, 1114 (N.D. Miss. 2020) (citing *In re United Mkts. Int'l Inc.*, 24 F.3d 650, 656 (5th Cir. 1994)). "A sanctions award may be reduced to a judgment if the sanctioned party has failed to pay the sanctions despite being provided the opportunity to do so." *Mass. Mut. Life Ins. Co. v. Williamson*, No. 4:15-CV-184-DMB-JMV, 2019 WL 7195318, at *3 (N.D. Miss. Dec. 26, 2019) (citing *Moore v. Harris*, 600 F. App'x 201, 204–05 (5th Cir. 2015)).

The Court specifically ordered Dr. Pauliah to pay Forman Watkins & Krutz LLP $1,000.00 within 120 days of the Court's sanctions Order. Docket No. 170 at 8. The 120-day deadline imposed by the Court expired on April 29, 2026. As of the date of this Order, Dr. Pauliah has not paid the sanction. The Court understands that Dr. Pauliah may be experiencing financial hardship,[2] but no specific showing of inability to pay has been made. Instead, Dr. Pauliah allowed the time for compliance to expire. Plainly, Dr. Pauliah has failed to comply with this Court's Order.

The Court provides Dr. Pauliah until June 30, 2026, to pay Forman Watkins & Krutz LLP $1,000.00 and notify the Court via chambers email that he has done so. Should he fail to do so, the Court will enter judgment against him in that amount.

**SO ORDERED**, this the 28th day of May 2026.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[2] In fact, the Court took into consideration Mr. Begley's representation regarding Dr. Pauliah's employment status, when the Court determined to sanction Dr. Pauliah in the amount of $1,000.00, rather than in an amount closer to the $15,306.00 requested. *See* Docket No. 170 at 7 n.7.